UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIMMA VAKS )<br><br>)<br>Plaintiff, )<br>v. )<br>)<br>TOM QUINLAN, DORIAN LEBLANC and )<br>LUMIRADX )<br>)<br>Defendants. )<br>) | Civil Action No.:<br><br>Middlesex Superior Court<br>Civil Action No. 1881-cv-02687 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Tom Quinlan ("Quinlan"), Dorian

LeBlanc ("LeBlanc") and LumiraDx, Inc. ("Lumira") (collectively, the "Defendants"), hereby give

notice of removal of Case No. 1881-cv-02687 from the Superior Court Department of the Trial Court,

Middlesex County, Massachusetts, to the United States District Court for the District of Massachusetts.

In support of this notice, Defendants state as follows:

## I.     PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      On or about September 19, 2018, Plaintiff Rimma Vaks filed a civil action in the

Superior Court for Middlesex County in the Commonwealth of Massachusetts, titled Rimma Vaks

v. Tom Quinlan, Dorian LeBlanc, and LumiraDX, Civil Docket No. 1881-cv-02687.  Plaintiff

never served the Defendants with a summons and complaint.

2.      On November 9, 2018, Plaintiff filed an Amended Complaint and later served all

Defendants with copies of the Summons and Amended Complaint.[1]  Copies of the Summonses

---

[1]      Plaintiff served a copy of the summons and complaint on LeBlanc on November 17, 2018, and on Lumira on November 28, 2018.  Quinlan found a copy of the summons and complaint outside his home on November 25, 2018. The summons, however, was undated. Per the docket entry on December 4, 2018, service on Quinlan was made on November 19, 2018.

and the Amended Complaint are attached as <u>Exhibits A and B</u>, respectively.

  3. The documents referenced in Paragraphs 1 and 2 are the only processes, pleadings or orders known by Defendants to have been filed or served in this action.

  4. Pursuant to 28 U.S.C. § 1441(a), this Notice of Removal has been timely filed within 30 days of service of the Amended Complaint on all Defendants.

## II. VENUE

  5. The Superior Court for Middlesex County of the Commonwealth of Massachusetts is located within the District of Massachusetts.  *See* 28 U.S.C. § 101.  Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL

### A. Federal Question Jurisdiction

  6. This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

  7. Plaintiff's Amended Complaint alleges that Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"); the Older Workers Benefit Protection Act, 29 U.S.C. § 626 ("OWBPA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and the Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA").  Plaintiff also asserts related state law claims under M.G.L. ch. 151B for gender, age and national origin discrimination and for retaliation, as well as related common law claims for violation of public policy.

8.      By asserting claims under federal law, namely the ADEA, OWBPA, Title VII, and the FMLA, Plaintiff's Amended Complaint asserts a federal question under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

**B.      Supplemental Jurisdiction**

9.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution."  State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966).

10.     Here, Plaintiff's common law claim for violation of public policy and state law claims for gender, national origin, and age discrimination and for retaliation under M.G.L. ch. 151B relate closely to her claims under the ADEA, OWBPA, Title VII and the FMLA.  The claims all arise out of a common nucleus of operative facts – Plaintiff's employment with Lumira.  Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11.     Additionally, Plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the federal claims for which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  Accordingly, in the interest of judicial economy, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV.     CONSENT OF ALL DEFENDANTS

12.     All served Defendants are represented by the undersigned counsel and consent to removal of this action.

3

**V.      CONCLUSION**

13.     To date, Defendants have not filed a responsive pleading to Plaintiff's Amended Complaint, and no further proceedings have transpired in that action.

14.     Pursuant to 28 U.S.C. § 1446(d), a notice to the state court of removal, along with a copy of this Notice, will be filed with the Superior Court for Middlesex County, Massachusetts.  A copy of the notice to the state court is attached to this Notice as Exhibit C.  Additionally, a copy of the notice to the state court and a copy of this Notice will be served upon Plaintiff as well.

15.     Defendants will file with the Court attested copies of all records, proceedings and docket entries in the state court within twenty-eight (28) days of removal, pursuant to Local Rule 81.1.

16.     By removing this matter, Defendants do not waive, or intend to waive, any defense or affirmative defense to the Amended Complaint.

WHEREFORE, Defendants Tom Quinlan, Dorian LeBlanc and LumiraDx, Inc., respectfully request that this action be removed from the Superior Court Department of the Trial Court, Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts.

Respectfully submitted,

TOM QUINLAN, DORIAN LEBLANC and LUMIRADX, INC.

By their attorneys,

/s/ Gauri P. Punjabi
Gauri P. Punjabi (BBO #675781)
Jennifer Budoff (*Pro Hac Vice Admission Pending*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Phone: (617) 542-6000
Fax: (617) 542-2241
GPPunjabi@mintz.com
Dated: December 14, 2018      JBudoff@mintz.com

## <u>CERTIFICATE OF SERVICE</u>

I, Gauri P. Punjabi, hereby certify that on this 14th day of December 2018, the within document filed through the CM/ECF system was served via Federal Express, on Plaintiff as follows:

Rimma Vaks, *Pro Se*
103 Puritan Lane
Swampscott, MA 01907
(781) 581-6994


/s/ Gauri P. Punjabi
Gauri P. Punjabi

5