UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| RIMMA VAKS,                        | ) |                              |
|                                    | ) |                              |
|     Plaintiff, | ) |                              |
|                                    | ) |                              |
| v.                                 | ) | Civil Action No. 18-12571-LTS |
|                                    | ) |                              |
| TOM QUINLAN, DORIAN LEBLANC, and LUMIRADX, | ) |                      |
|                                    | ) |                              |
|     Defendants.| ) |                              |

ORDER

January 8, 2019

SOROKIN, J.

Rimma Vaks, a pro se plaintiff, filed the Complaint in this action in Middlesex County Superior Court on September 19, 2018. Doc. No. 1-2. Defendants Tom Quinlan, Dorian LeBlanc, and LumiraDx, Inc. ("Lumira") removed the matter to this Court on December 14, 2018. Doc. No. 1. On December 20, 2018, defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Doc. No. 8. Vaks had 14 days to oppose the defendants' motion, making her opposition due on January 3, 2019. L.R. 7.1(b)(2). To date, Vaks has made no filing opposing the motion to dismiss or requesting an extension of time to oppose the motion.

**The Court now ORDERS Vaks to respond to the defendants' motion to dismiss by January 22, 2019. Should Vaks fail to file a response to the motion to dismiss by that date, she faces dismissal of his complaint due to failure to prosecute and failure to obey this Court order.**

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of her failure to prosecute is well-established and is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. Link v. Wabash R. Co., 370 U.S. 626, 629–30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, Inc., 296 F.3d at 45–46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Accordingly, it is hereby ORDERED that Vaks shall respond to defendants' motion to dismiss by January 22, 2019.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge