UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| RIMMA VAKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-12571-LTS |
| | ) | |
| TOM QUINLAN, DORIAN LEBLANC, | ) | |
| and LUMIRADX, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANT'S OBJECTION TO RULE 30(B)(6) TOPICS

November 21, 2019

SOROKIN, J.

      Plaintiff Rimma Vaks, proceeding pro se, advances three claims of age discrimination arising under the Age Discrimination in Employment Act (ADEA) against Defendant LumiraDX. See Doc. Nos. 56 and 43. Plaintiff Vaks properly noticed a Rule 30(b)(6) deposition of LumiraDX. Plaintiff and counsel for the Defendant engaged in some negotiations over the topics set forth in the original notice. These negotiations resulted in revisions by Plaintiff resolving some of the objections advanced by defense counsel, but as to certain additional objections Plaintiff declined to make changes to the topics. At that point, the parties' positions were set. Defense counsel then emailed the Courtroom Deputy explaining briefly the nature of the dispute, highlighting the looming deadline for the close of fact discovery and expressing a preference for a telephone conference on this issue. Doc. No. 61-7 (copy of email to Ms. Simeone). Counsel also inquired whether the Court might want a letter in advance of a conference or prefer the filing of a motion for protective order. Although not necessarily required,

1

best practice suggests defense counsel copy Plaintiff on this email. In any event, the email is perfectly ordinary and does not involve "misrepresentations" as Plaintiff contends, Doc. No. 61 at 2-3, but merely defense counsel's summary from her perspective. In response, the clerk instructed defense counsel to file a joint status report setting forth the parties' joint or separate positions on the discovery dispute. Defense counsel has now done that. Doc. No. 61.

Plaintiff objects to proceeding by way of a joint status report and instead demands that Defendant file a motion for a protective order. This demand is unreasonable. Frequently, the Court instructs lawyers to proceed exactly as defense counsel proceeded here (and in that respect the Courtroom Deputy followed this session's ordinary practice). Proceeding by way of a joint status report presents the disputed discovery issues to the Court crisply, quickly, and directly. It does not change the legal rules or the applicable burdens. The request by Plaintiff to disregard the joint status report and require Defendant to file a motion for a protective order would waste resources by requiring a new filing largely mirroring Defendant's portion of the status report, delay the scheduled deposition and possibly hamper the ability of the parties to complete fact discovery within the established deadline. In addition, the Court notes that the format of the joint status report permits both parties an equal opportunity to explain their respective positions regarding each of the disputed topics. Thus, Plaintiff's request is DENIED.

Turning to the merits, the Court notes that Plaintiff failed or refused to provide substantive responses in support of each of the topics Defendant challenges in whole or part. Ordinarily, the Court would view this failure as a waiver of the opportunity to object. However, given Plaintiff's pro se status, the Court declines to rule that Plaintiff waived any response to the objections. Given the Court's familiarity with the claims, issues and scope of discovery in this case, the Court proceeds to resolve the objections. The four topics appear at

Doc. No. 61 at 7-8. Defendant's objection to Topics No. 1 is SUSTAINED and it is limited as proposed by Defendant to the financial reasons that contributed to Defendant's decision to terminate Plaintiff's employment. Defendant's objection to Topic No. 2 is SUSTAINED and it is limited to the Code of Conduct, the decision to terminate Plaintiff's employment and the decision to hire Todd Storch as the VP of Engineering. The objection to Topic No. 3 is SUSTAINED and it is STRUCK. The objection to Topic No. 4 is SUSTAINED and it is limited to LumiraDX Board meetings and discussions at such Board Meetings regarding the decision to terminate Plaintiff's employment and whether Board approval was required for this decision.

Mindful of the fact that Plaintiff failed to substantively respond to the four objections, albeit as an apparent tactical decision, and in light of the preference for resolution of disputes on the merits, the Court makes the following further Order. The deposition will proceed as scheduled on Monday November 25, 2019 <u>unless</u> by close of business Friday November 22, 2019, Plaintiff files a request to delay the deposition so that she might address the merits of the four topics. Such a filing will automatically continue the deposition. Plaintiff may file her substantive responses regarding the four topics no later than close of business Tuesday, November 26, 2019. The Court will then review these responses and issue a further prompt ruling including inviting a further response from Defendant if necessary. Whether or not Plaintiff makes a further filing, the Court is unaware at this time of any basis to extend the deadline for completing fact discovery and specifically finds that the dispute over the Rule 30(b)(6) deposition is not a basis to extend discovery.

                                        SO ORDERED.

                                        /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                        United States District Judge