UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

| | I |
|---|---|
| RIMMA VAKS | I |
|         Plaintiff, | I |
| | I |
| v. | I |
| | I |
| TOM QUINLAN, DORIAN LEBLANC and | I |
| LUMIRADX | I |
|        Defendants | I |
| | I |

Civil Action
1:18-cv-12571-LTS
JURY TRIAL DEMAND

## EXHIBIT B - SPECIFIC DEFICIENCIES OF DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 2 (Inaccuracy or False Statements of Facts):**

Identify each and every allegation in Plaintiff's Second Amended Complaint filed in this lawsuit which you assert is false or inaccurate and specifically describe in detail all facts, proof, or evidence that you claim prove these allegations to be false or inaccurate, and identify the true or accurate facts which demonstrate or prove the falsity or inaccuracy of such allegations. Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 2:***

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory on the grounds that it seeks Defendant's theory of the case and legal conclusions and is thus improper for an Interrogatory. Defendant further objects to this Interrogatory as premature. Plaintiff has yet to provide testimony in this matter and/or produce sufficient discovery and thus Defendant cannot yet fully respond to this Interrogatory. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Plaintiff is referred to Defendant's Answer to Plaintiff's Second Amended Complaint, in which Defendant has already identified in detail each allegation which it asserts is false or inaccurate. Answering further, Defendant will supplement its response, if necessary, as discovery continues.*

## Specific deficiencies:

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection.

Furthermore, the interrogatory is specifically looking for ***facts and evidences***, thus objection

as to "legal conclusion" is invalid. Defendant did not answer or supplement its response and

must be compelled to answer the interrogatory.

**INTERROGATORY NO. 3 (Impeachment):**

Identify and describe any alleged grounds to impeach Ms. Vaks, including any evidence of prior bad acts, whether they be criminal or otherwise, identify the grounds for impeachment, any witness or other person with knowledge of relevant facts, and the date of the actions that form the basis for impeachment, and all evidence that supports your alleged grounds for impeachment. Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 3:***

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory on the grounds that it seeks Defendant's theory of the case and legal conclusions and is thus improper for an Interrogatory. Defendant further objects to this Interrogatory as premature. Plaintiff has yet to provide testimony in this matter and/or produce sufficient discovery and thus Defendant cannot yet fully respond to this Interrogatory. Defendant will supplement its response, if necessary, as discovery continues.*

## **Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. The interrogatory is specifically looking for ***facts***, thus objection as to "legal conclusion" is invalid.  Defendant had not supplemented its answer and should be compelled to answer the Interrogatory must be compelled to answer this Interrogatory.

### **INTERROGATORY NO. 4 (Jobs Administration)**

State whether you maintain descriptions for all positions or job titles, salaries in the Defendant, and, if so, for the position descriptions in effect on the date of your answers to these interrogatories, state:

a)   the location and name of the files or records containing the position descriptions;
b)   the name, office address, and title of the custodian of the files or records set forth in your answer to preceding subparagraph of this interrogatory;
c)   the name and office location of the department or operational unit responsible for salary administration, and state the name, office address, and title of the person in charge of salary administration;
d)   a list of all grades, and what is designated by each (e.g., management, non-management, department);
e)   the salary range for each grade level by department;
f)   whether all positions in the defendant employer are included in this wage schedule, and, if not, the names and descriptions of all positions not included;
g)   the number of employees in each wage schedule as described in your answer to the preceding interrogatory by department;
h)   the ages for each employee by department.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

*RESPONSE TO INTERROGATORY NO. 4:*

*Defendant objects to this Interrogatory as unintelligible in that it requests "whether you maintain descriptions for all positions or job titles, salaries in the Defendant", and Defendant does not know what is meant by "in the Defendant". Defendant further objects to this Interrogatory in that it seeks information regarding "all positions or job titles" and is thus overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case.*

## Specific deficiencies:

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. While Defendant failed to explain why this request is "overly broad and unduly burdensome" after receiving this objection, Plaintiff narrowed down the list of employees to HealtIT department which is less than 20 people. Defendant still failed to supplement the interrogatory. The Interrogatory is relevant to identify and compare similarly situated employees, their age, and ranking and how this information was maintained by Defendant. This information is also relevant to prove Plaintiff's claim that Defendant replaced one of her functions and continued looking for replacement of her second function as Agile Process manager. "Similar discovery issues can arise with regard to complaints brought by other employees or other complaints of discrimination by this plaintiff, or prior discipline, termination, demotion, or resignation of other employees. Discovery is frequently sought regarding similarly situated employees." *8 The Late Charles Alan Wright*, et al., Federal Practice and Procedure § 2009.2. Courts have generally found such requests valid, so long as the breadth and scope are reasonably related to the party alleging discrimination. See, e.g., *Chamberlain v. Farmington Sav. Bank*, 247 F.R.D. 288, 291 (D. Conn. 2007) (information about discipline, termination or resignation of other management level employees during the preceding five years before plaintiff's termination was discoverable); *Mitchell v. Fishbein,* 227 F.R.D. 239, 249 (S.D.N.Y. 2005) (although "evidence establishing a general pattern of discriminatory treatment by an employer `will not be determinative of the discrimination issue, it is nevertheless relevant and therefore discoverable'"). *Rivera v. Forwarding*, D.P.R. 2011. Thus, Defendant must provide complete answers to this interrogatory.

## INTERROGATORY NO. 5 (Employment History):

Identify and describe in detail Ms. Vaks' employment history with Defendant LumiraDX, describe each documents supporting your statements including:

a) the date of the hiring;
b) the educational level and technical skills attained at the time of the hiring;
c) the job title, grade, or salary level, rate of pay and stock options issued at the date of hire;
d) the department or operational unit assigned at the date of hire;
e) duties and responsibilities for each position of employment she held, specifying for each the grade of salary level, the rate of pay, the department or operational unit to which assigned, and the inclusive dates the job title was held;
f) names of any and all her supervisors and the dates during which each individual served as her supervisor;
g) names of any and all direct reports at the time of the hiring and during her employment with defendant employer;
h) any changes in direct reports since her hiring, specifying dates of the changes and reasons for changes;
i) any changes that occurred to Ms. Vaks' duties and responsibilities during her entire employment with Defendant; dates of these changes and how they were implemented; the process that was used and how these changes were communicated to employees;
j) all salary increases, bonuses paid given since date of hire, and the dates on which each increase became effective;
k) recognitions, awards, write ups or reprimands formal or informal she received while employed by the defendant employer specifying methods by which it was accomplished and dates for each, and
l) attendance record during the employment.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 5:***

*Defendant objects to this Interrogatory in that it seeks information already in Plaintiff's possession. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant refers Plaintiff to documents Bates-labeled LumiraDx_0000060-77. Answering further, Defendant states that at the time of hire, Plaintiff's supervisor was Rosy Leo. Thereafter, Ms. Vaks was supervised by Tom Quinlan from June 2017 through her date of termination. Plaintiff's direct reports were Smitha Rao, Greg Brown and Darcy Adams. No changes occurred to Ms. Vaks' duties and responsibilities during her employment with Defendant.*

***RESPONSE TO INTERROGATORY NO. 5 (SUPPLEMENTAL)*** *(September 20, 2019)*

*Defendant objects to this Interrogatory in that it seeks information already in Plaintiff's possession. Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated*

*herein by reference, Defendant states that it did not maintain a job description for Plaintiff's position during Plaintiff's employment at LumiraDx. Answering further, Defendant states that it maintained an online calendar and had a written policy under which all employees were to record in the calendar when they were out of the office and how they could be reached or who was covering for them in their absence. Plaintiff did not comply with this policy so Defendant does not have accurate records of Plaintiff's attendance. Answering further, Defendant states that when Plaintiff commenced her employment with Defendant she did not have direct reports.*

*After Tom Quinlan took over as General Manager of Health IT, Ms. Vaks' direct reports were*

*Darcy Adams and Smitha Rao. Subsequently, Greg Brown also reported to Ms. Vaks. Those three individuals reported to Ms. Vaks until her termination on January 4, 2018.*

## **Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. Plaintiff's employment history with defendant such as job responsibilities and performance not only relevant, but essential to her discrimination and retaliation claims. Withholding it constitutes obstruction of discovery. Defendant must complete responses to **a)-e), h)-k)**. One of the examples: Plaintiff alleged that her job functions were replaced by younger man. Astonishingly for over 5 months Defendant has been consistently refusing to provide this basic information about Plaintiff's responsibilities with Defendant that goes into the heart of her ADEA claims that her responsibilities were replaced and Defendant continued looking for her replacement. How Plaintiff's employment history could be not relevant to her employment claims and affirmative defenses? Avoiding answering this question is a pure obstructionism of discovery. Defendant must answer the Interrogatory.

**INTERROGATORY NO. 6 (Ms. Vaks' Performance):**

Identify and describe Ms. Vaks performance **during** her employment with Defendant LumiraDX including but not limited to Ms. Vaks' level of competency, compliance with the company's policies and Code of Conduct.  Describe:

a)    when, how and who evaluated her performance;
b)    each and every ground relied upon, known, and/or heard by Defendant to indicate that Ms. Vaks did or did not perform satisfactory work for Defendant LumiraDX;
b)    the exact date that any person employed by the defendant employer learned of each detail and fact;
c)    the name and address of each person employed by Defendant employer who learned of each detail and fact;
d)    how Defendant employer addressed the criticism and deficiency;
e)    how Defendant employer addressed her accomplishments;
f)    whether Ms. Vaks' job performance improve following criticism;
g)    how did Defendant record these issues.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 6:***

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections or the foregoing General Objections, information regarding Ms. Vaks' performance during her employment with Defendant can be obtained from the documents Bates-labeled LumiraDx_0000013-57 and LumiraDx_0000167-170, and Plaintiff is referred thereto.*

**<u>Specific deficiencies:</u>**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. Furthermore, Defendant explicitly waived objection to relevancy to its affirmative defenses. The information about Plaintiff's performance is essential to her discrimination and retaliation claims and Defendant's affirmative defense since Defendant alleged that Plaintiff's performance contributed to her termination. This boilerplate objection is abusive and improper, incompatible with discovery's cooperative, anti-obstructive norms. Defendant's references to invalid production of documents borderlines taunting. Such a response basically claims that Plaintiff should be responsible for identifying the sources of her alleged wrongdoing. Plaintiff is not obligated to sift through incompliant unorganized documents. Avoiding answering this question is a pure obstructionism that should be sanctioned under the Rule 37.

**INTERROGATORY NO. 7: (Ms. Vaks' replacement)**

Did you or anybody on your behalf advertise, hire or attempted to hire a replacement for Ms. Vaks position as a manager of Software Development Department and Agile Transformation Manager/Coach/Specialist to support the Company's Agile Processes before and after Ms. Vaks was terminated? Describe in details people involved in the decision to find replacements, when and how it was executed, document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 7:***

*Defendant objects to this Interrogatory in that Plaintiff never held the position of "manager of Software Development Department and Agile Transformation Manager/Coach/Specialist," nor did such position ever exist. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant did not advertise Plaintiff's position after Plaintiff's termination, nor did Defendant hire anyone to replace Plaintiff after Plaintiff's termination.*

**Specific deficiencies:**

This request is directing Defendant to provide information regarding hiring, attempted hiring and/or advertising replacements for Plaintiff's job responsibilities **not titles** of managing Software Development Department and Agile Processes for LumiraDX **before and after** she was terminated. The answer is evasive and obstructive. Defendant continues playing word games and taunting Plaintiff pretending not understanding the difference between job titles and function in spite of the fact that Plaintiff explained the difference several times. Furthermore, during the deposition witness Todd Storch admitted to advertising the position of Agile Process manager and existence of documents supporting this statement. Avoiding answering this question is a pure obstructionism that should be sanctioned under the Rule 37.

**INTERROGATORY NO. 9: (Statistical analysis of policies and practices)**

Provide the list of all employees hired, terminated and promoted in 2017 – 2019, their job duties and responsibilities, positions, reasons for termination. Describe rules, policies and procedures the Company follows for hiring, interviewing, promoting and terminating employees. Identify:

a)      names of hired, terminated promoted employees;
b)      age and sex;
c)      titles and positions of above named employees;
d)      their compensation at the time of hiring, terminating or promoting;
e)      timeline for each event;
f)      reasons for each event;
g)      names of decision makers for each event;
h)      names of people responsible for creating and maintaining such policies and procedures;
i)      timeline for creating and changing of any of these policies;
j)      how these policies are stored and communicated to employees;
k)      names of persons responsible for interviewing and hiring;
l)      names of persons responsible for promoting;
m)      names of persons responsible for terminating.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 9:***

*Defendant objects to this Interrogatory because it is improperly compounded, insofar as it contains multiple subparts that are not logical extensions of one another. Defendant further objects to this Interrogatory in that it is overly broad and unduly burdensome and not proportional to the needs of this case. Defendant objects to this Interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory in that it seeks information unrelated to Plaintiff's claims under the ADEA. Defendant further objects to this Interrogatory in that it*

*seeks confidential information regarding individuals other than Plaintiff.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. It is not enough for Defendant to claim that the Interrogatory is improper – the objecting party bears the burden of proving that a discovery request is improper. Defendant failed to meet its burden, thus this objection is waived. Nevertheless, Plaintiff states that this Interrogatory should be treated as a single one as "Subparts relating to a "common theme" should generally be considered a single interrogatory. *Safeco,* 181 F.R.D. at 444 (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168. 1, at 261 (2d ed.1994))." This approach is most consistent with the intent of the discovery rules to provide information, not hide information, within reasonable limits."); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1, at 261 (2d ed. 1994) ("[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of the area inquired about may be disputable.")*; Federal Trade Commission v. Nationwide Connections, Inc.*, 2007 WL 2462015 (S.D.Fla.2007) (finding that subparts of interrogatory were logically subsumed within and necessary to the primary question). *Accord Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 620 (D.Kan.2005) (citing 8A Wright & Miller, Federal Practice and Procedure § 2168.1 at 261 (2d ed. 1994) (adopting a "common theme" approach, stating that "it would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable.

One Court addressed a similar Interrogatory and found that it constitutes a single question: "No. 7 asks for information about every employee of Plaintiff who has quit, been fired, or resigned since January 2000, with their addresses, and the date they terminated their employment. These are related and connected questions." *Forum Architects, LLC v. Candela*, 1:07CV190-SPM/AK, 2008 WL 217119, at *1-3 (N.D. Fla. 2008). Furthermore, based on statistical analysis Plaintiff can infer Defendant's discriminatory intent. "[C]ourts have held that evidence of general patterns of discrimination treatment by an employer may be relevant even in an individual disparate treatment . . . case because such evidence may help prove discriminatory animus." *Sanchez-Medina v. UNICCO Serv. Co*., 265 F.R.D. 29, 40 (D.P.R.

2010).

In absence of any valid objection, Defendant must answer the Interrogatory.

**INTERROGATORY NO. 10: (Ms. Vaks' termination)**

Identify each individual who proposed, participated and had knowledge or provided any information which was considered in reaching the decision to terminate Ms. Vaks' employment including each individual you consulted with and/or who advised you. Identify and describe:

a)  timeline (proposal, initiation, communication, and conclusion);

b)  identify every document including termination policies which was considered in making the decision to terminate her;

c)  state every reason for Ms. Vaks' termination in complete detail;

d)  for each reason given, state in complete detail all dated facts upon which Defendant base Defendant's contention that the reason was an actual reason for plaintiff's termination;

e)  describe in detail any personnel related issues that influenced Defendant's decision to terminate Ms. Vaks;

f)  state the name of every natural person who has knowledge of any the fact stated in Defendant's response;

g)  Describe in detail every communication of any alleged reason for plaintiff's termination by any employee of LumiraDX Corp to any person employed or not employed by LumiraDX.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**_RESPONSE TO INTERROGATORY NO. 10:_**

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the foregoing General Objections, Dorian LeBlanc and Tom Quinlan were involved in the decision to terminate Plaintiff. The decision to terminate Plaintiff was based on: (1) Defendant's need to reduce the size of its software teams as a result of Defendant's decision to exit customer contracts, which resulted in the need for less staff to work on new software development related to Defendant's Health Information Exchange ("HIE") platform; and (2) Plaintiff's lack of suitability for other roles or contributions within the company based on her inability to work collaboratively and her apparent unwillingness to adopt the future path of the business operations.*

*RESPONSE TO INTERROGATORY NO. 10* *(Supplemental, September 23, 2019)*

*Defendant further objects to this Interrogatory to the extent it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by*

*the attorney-client privilege. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant states that it did not maintain a written timeline regarding Plaintiff's termination, and any dates in connection with written communications can be ascertained from the documents previously produced by Defendant. Answering further, Defendant states that conversations regarding Plaintiff's termination took place between Dorian LeBlanc and Tom Quinlan between October 2017 and January 2018. Answering further, Defendant states that conversations regarding restructuring the organization took place between Tom Quinlan and Dorian LeBlanc on or about December 23, 2017. Both Mr. Quinlan and Mr. LeBlanc subsequently spoke with Chief Executive Officer, Ron Zwanziger on or about December 27, 2017 regarding the restructuring of the organization. On January 3, 2018, Mr. Quinlan and Mr. LeBlanc met to discuss the individuals that would be terminated as a result of the reorganization. Plaintiff's employment was terminated the following day on January 4, 2018.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. If Defendant withheld documents so-called privileged documents related to Plaintiff's termination it must produce them. Outrageously, instead of answering the Interrogatory, Defendant advised Plaintiff to obtain requested dates from Defendant's unsearchable production of documents ("*any dates in connection with written communications can be ascertained from the documents previously produced by Defendant"*). To the extent that Defendant claims that it exited customers' contract it must provide detail information related to this and describe documents supporting this. To the extent Defendant's claims that Plaintiff was terminated due to her "inability to work collaboratively and her apparent unwillingness to adopt the future path of the business operations" Defendant must provide detail information elaborating this statement and describe all supported documentation. If Defendant does not possess any documentation it must state so.  Defendant's references to invalid production of documents borderlines mocking. Defendant must provide detail information regarding Plaintiff's termination in compliance with Federal Rules.

**INTERROGATORY NO. 11: (Internal issues)**

Describe in detail any complaint, issue or concerns raised by Ms. Vaks and about Ms. Vaks during her employment with Defendant to any of the LumiraDX employees formally, informally, in writing or verbally including but not limited to issues related to business improprieties, performance and employees. Include complaints, write-ups and reprimands. For each instance identify and describe:

a)   the nature of an issue;
b)   the date of the issue and the date it was raised;
c)   the method the issue was raised;
d)   each and every person(s) who was a subject or related to the reported issue;
e)   facts related to each instance;
f)   specific impact on the business;
g)   Company's policies and procedures related to every issue;
h)   Company's policies and procedures applied in investigating and addressing
      the described issues;

i)     each and every person who has conducted and participated in any kind of investigation of the reported incidents by or on behalf of Defendants;

j)     qualification and experience of the investigators;

k)     every person(s) investigators questioned or discussed regarding described issues;

l)     all the documents reviewed;

m)    meetings conducted to discuss and address issues;

n)     all the documents issued;

o)     all communication to any person involved;

p)     the facts learned through such investigation;

q)     outcome of the investigation;

r)     whether Defendant  reported these complaints to TriNet;

s)     detail actions taken by Defendant to address issues reported by Ms. Vaks.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 11:***

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections or the foregoing General Objections, information regarding complaints, issues, or concerns raised by Ms. Vaks or about Ms. Vaks can be obtained from the documents produced by Defendant that are Bates labeled LumiraDx_0000013-57, LumiraDx_0000091-97, LumiraDx_0000165-68, and LumiraDx_0000307, and Plaintiff is referred thereto.*

<u>*RESPONSE TO INTERROGATORY NO. 11*</u>  *(Supplemental, September 23, 2019)*

*Defendant objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant did not maintain any written policies regarding internal investigations.*

**<u>Specific deficiencies:</u>**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. Plaintiff Interrogatory goes into core of here complaint and Defendant's affirmative defenses which is explicitly waived. Defendant's references to invalid production of documents borderlines mocking. Such a response basically claims that Plaintiff should be responsible for identifying the sources of her alleged wrongdoing. Plaintiff is not obligated to sift through the incompliant documents and information related to this case. Defendant must provide answers to each bullet except for **g) & h)** of the Interrogatory.

**INTERROGATORY NO. 12: (LumiraDX reorganizations and restructuring)**

Describe in details all and any reorganization/restructuring that occurred during 2017 – 2018 and reasons leading to reorganization in LumiraDX including but not limited to UK division. For each instance identify and describe:

a)    the organizational chart and all changes to the organizational chart;
b)    timeline for any changes;
c)    names of all people involved in deciding and implementing these changes;
d)    how these changes were communicated to employees.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections or the foregoing General Objections, Defendant previously produced its organizational charts reflecting the reorganization that occurred during 2017-2018 (Bates labeled LumiraDx_0000098-99, LumiraDx_0000114), and Plaintiff is referred thereto. In addition, upon receipt of the Court's decision regarding Defendant's Motion for a Protective Order, Defendant will produce a power point presentation regarding the reorganization, as well as additional responsive email correspondence.

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection.

References to Bates-labeled unsearchable documents are invalid. Defendant must answer

bullets **c) & d)**. Defendant must also state if there were no other reorganizations. In spite of

receiving Court's Protective Order, Defendant failed to provide "a power point presentation

regarding the reorganization, as well as additional responsive email correspondence".

Defendant must be compelled to answer this Interrogatory.

**INTERROGATORY NO. 13: (Mr. Sumit Nagpal improprieties)**

Describe in details improprieties committed by former CEO Mr. Sumit Nagpal and his team that led to his resignation. Provide details of Defendant's investigation:

a)    name of the investigator(s);
b)    qualification and expertise of investigator(s);
c)    timeline of Defendant's investigation;
d)    names of witnesses and methods of their selection Defendant  interviewed
       during the investigation;
e)    documents reviewed;
f)    detail fact findings of Defendant's investigation;
g)    actions and remedies taken as the result of Defendant's investigation;
h)    whether and how the findings were communicated to the Company's investors,

clients Board of Directors and employees;

i)   whether Defendant  reported Mr. Nagpal actions to TriNet;

j)   provide list of employees that were terminated or resigned during June-September time frame following Defendant's investigation.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 13:***

*Defendant objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.*

## Specific deficiencies:

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. This interrogatory is critical to Plaintiff's claim since it relates to Plaintiff's whistleblowing on Mr. Nagpal who initiated the retaliation campaign against Defendant which was carried on by Mr. Quinlan. Defendant must provide complete answers to each bullet of the Interrogatory.

**INTERROGATORY NO. 14: (Mr. Nagpal's retaliation campaign against Ms. Vaks)**

Provide detail information regarding Mr. Nagpal's and his team retaliation against Ms. Vaks:

a)   timeline;

b)   names of the people involved;

c)   means were used;

d)   impact of their actions;

e)   anti-retaliation policies and procedures;

f)   investigation policies and practices;

g)   how Defendants applied these policies;

h)   how Defendant dealt with the retaliation;

i)   actions and remedies used by Defendant against abusers;

j)   whether Defendant  reported Mr. Nagpal actions to TriNet;

k)   was the Board of Directors informed about these events.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 14***

*Defendant objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant objects to this Interrogatory in that Plaintiff has not identified who constituted Mr. Nagpal's "team".*

*Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.*

## **Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. This interrogatory goes directly to Plaintiff's harassment claims which was orchestrated by Mr. Nagpal and to Defendant's affirmative defense which is waived. As stated in Interrogatory No. 4, Defendant has precise knowledge who was part of Mr. Nagpal's "team" as the entire team was eliminated. Furthermore, had Defendant answered the Interrogatory No. 13(j) that would have defined the "team". During Plaintiff's deposition on October 30, 2019, Defendant disclosed information that at least some information was withheld here. Defendant's objection to attorney-client privilege is waived. Defendant continues exhibiting obstructionism to the discovery and should be sanctioned under the Rule 37.

**INTERROGATORY NO. 15: (Communication)**

List and describe in detail every written and verbal communication about Ms. Vaks with *ANY* of LumiraDX's employees including former employees and contractors. Provide dates and substance of each communication. Specifically include all communication between Mr. Quinlan and Mr. LeBlanc, between LumiraDX's employees and Mr. Nagpal, Mr. Hemant Chowdhry.
Specifically include text messaging from personal devices. Provide search results from all means of communications. Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 15:***

*Defendant objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information regarding "every written and verbal communication about Ms. Vaks with ANY of LumiraDx's employees including former employees and contractors." Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the foregoing General Objections, all communications relevant to Plaintiff's claims under the ADEA are reflected in the documents produced by Defendant that are Bates-labeled LumiraDx_0000013-46, LumiraDx_0000051-53, LumiraDx_0000163-166, and LumiraDx_0000307, and Plaintiff is referred thereto.*

<u>*RESPONSE TO INTERROGATORY NO. 15*</u> *(Supplemental, September 23, 2019)*

*Defendant objects to this Interrogatory as overly broad in that it seeks information regarding "every written and verbal communication about Ms. Vaks with <u>ANY</u> of*

*LumiraDx's employees including former employees and contractors." Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant has reviewed its responses and determined that, to the best of its knowledge, it has provided all information regarding communications responsive to this Interrogatory that are relevant to Plaintiff's claims under the ADEA.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. As discussed above, Defendant did not preserve any objection including attorney-client's privilege. Defendant asserted that "*it has provided all information regarding communications responsive to this Interrogatory that are relevant to Plaintiff's claims under the ADEA".* First of all, this is not a valid objection, and secondly, based on this assertion it is evident that Defendant is withholding information it unilaterally decided is not relevant to Plaintiff's claims and affirmative defenses. Defendant has no right to withhold this information. Defendant MUST answer this interrogatory and describe all produced and withheld documents so Plaintiff can evaluate its answer and object if necessary. Then the Court, not Defendant, will decide if these documents are relevant or not. Defendant's failure to withhold information requested by this Interrogatory requires sanctioning of Defendant under Rule 37.

**INTERROGATORY NO. 16 (Internal harassment complaints)**

Did any of LumiraDX employees complain to anybody internally or externally about harassment, hostile environment, discrimination or retaliation during 2016-2018? Provide and describe in detail every written and verbal complaint against discrimination, harassment, hostile environment, retaliation or similar complaints made by Company's employees during this period of time. Include and describe:

a) the identity of each complainant by name and job title;
b) the identity by name and job title of each alleged person involved or mentioned in the complaint;
a) timeline of each event;
b) the circumstances surrounding each complaint;
c) Company's policies and practices dealing with employee's complaints including but not limited to investigation and remedial polices;
d) the name, address, and job title of each person responsible for investigating and enforcing the policy;
e) experience and qualification of every investigator;
f) names of witnesses and methods of their selection Defendant  interviewed during the investigation;

g)  documents reviewed;
h)  details findings of each investigation;
i)  actions and remedies taken as the result of investigations by Defendant employer
    in response to each complaint;
j)  settlement agreements;
k)  whether Defendant  reported these complaints to TriNet;
l)  how Defendants communicate the results of investigations to impacted employees.

Describe each document supporting Defendant's statements and state the name of every
natural person who has knowledge of any of the reported statement.

### RESPONSE TO INTERROGATORY NO. 16:

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant
further objects to this Interrogatory in that it seeks information that is not relevant to
Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant
further objects to this Interrogatory to the extent it seeks information protected by the
attorney-client privilege or attorney work product doctrine. Subject to and without waiving
these specific objections or the foregoing General Objections, Defendant states that former
LumiraDx employees Jude McLaughlin, Susan Fahlbeck, Adrian Byng-Clarke, and
Cassandra Boell complained to LumiraDx about Plaintiff's management style and hostile
interaction with others. In addition, Plaintiff complained to LumiraDx about her
interpersonal issues with Tom Quinlan. Defendant previously produced documents Bates
labeled LumiraDx_0000013-57, LumiraDx_0000091, and LumiraDx_0000307 illustrating
these complaints, and Plaintiff is referred thereto. Following Defendant's receipt of the
aforementioned complaints, Dorian LeBlanc, at the direction of counsel, undertook an
investigation in 2017. Without waiving the attorney-client privilege, Defendant states that the
investigation concluded that Plaintiff demonstrated a lack of awareness and a lack of ability
to be fair and impartial in her role managing the development process. In addition, the
investigation determined that there was no evidence of unlawful harassment, hostile behavior
or discrimination against Plaintiff.*

### RESPONSE TO INTERROGATORY NO. 16 *(Supplemental, September 23, 2019)*

*Defendant objects to this Interrogatory in that it seeks information that is not relevant to
Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant
further objects to this Interrogatory to the extent it seeks information protected by the
attorney-client privilege or attorney work product doctrine. Subject to and without waiving
these specific objections, and in addition to the response previously provided by Defendant
on August 23, 2019, which is incorporated herein by reference, Defendant states that other
than the complaints previously described in Defendant's August 23, 2019 response,
Defendant did not receive any other complaints responsive to this Interrogatory.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection.

Defendant did not establish attorney-client privilege and MUST answer the interrogatory.

Defendant's assertion that the Interrogatory is vague and invasive is without substance.

Defendant's references to invalid production of documents borderlines mocking. Such a response puts responsibility on Plaintiff to identify the sources of her and others alleged wrongdoing. Plaintiff is not obligated to sift through incompliant unorganized documents and information related to this case. Avoiding answering this question is a pure obstructionism that should be sanctioned under the Rule 37.

**INTERROGATORY NO. 17: (Investigating policies and practices)**

Describe in details the Company process and policies for investigating employees' complaints. Specifically describe in details the process and policies you applied in investigating Ms. Vaks' complaints.  Include:

a)      name of the investigator(s);
b)      qualification and expertise of investigator(s);
c)      timeline of each event;
d)      names of witnesses and methods of their selection Defendant
          interviewed during the investigation;
e)      documents reviewed;
f)      details findings of Defendant's investigation;
g)      actions and remedies taken as the result of Defendant's investigation;
h)      whether Ms. Vaks' complaint was reported to TriNet;
i)      how Defendant  communicated the results of Defendant's investigation to Ms. Vaks.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

*RESPONSE TO INTERROGATORY NO. 17:*

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the foregoing General Objections, at the direction of counsel, Dorian LeBlanc conducted an investigation into Plaintiff's complaint, as well as the complaints of numerous employees against Plaintiff. Mr. LeBlanc conducted interviews with Katy Woodbury-Bagley, Adrian Byng-Clarke, Ellen Kaspern, Darcy Adams, Cassandra Boel and Rimma Vaks.*
*Following the completion of the investigation, Mr. LeBlanc contacted Plaintiff to advise her that the investigation did not support a finding of discrimination or abusive behavior. Further, Plaintiff is referred to Defendant's response to Interrogatory No. 16 above.*

**Specific deficiencies:**
As discussed above in Section IV, ***all*** of the objections in Defendant's answer here are groundless and, therefore, invalid and waived. Furthermore, Defendant's reference to unresponsive Interrogatory No. 16 is meaningless. Defendant had not provide any information regarding its investigation into Plaintiff's harassment complaint. Defendant's

objection to attorney-client privilege is waived Defendant must provide information critical to Plaintiff's claims.

**INTERROGATORY NO. 18:**

Has Defendant conducted any investigations into Ms. Vaks' harassing behavior towards other LumiraDX's employees? If yes, provide detail information:

a)   names of the complainants;
b)   name of the investigator(s);
c)   qualification and expertise of investigator(s);
d)   timeline of each event;
e)   names of witnesses and methods of their selection Defendant  interviewed
       during the investigation;
f)   documents reviewed;
g)   details findings of Defendant's investigation;
h)   actions and remedies taken as the result of Defendant's investigation;
i)   whether any complaints were reported to TriNet.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 18:***

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the foregoing General Objections, Plaintiff is referred to Defendant's responses to Interrogatory Nos. 11, 16 and 17 above.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. Furthermore, Defendant's reference to Interrogatories Nos. 11, 16 and 17 are meaningless since they are incomplete. This interrogatory is looking for information relevant and critical to Defendant's affirmative defense. Withholding this information is sanctionable.

**INTERROGATORY NO. 19 (Code of Conduct violations)**

Did Defendants have any knowledge, aware or anybody brought to their attention possible Code of Conduct violations related to the quality of the product? Provide details regarding Defendant's investigation in potential Code of Conduct violations. Describe actions taken as the result of Defendant's investigation. Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 19:***

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Defendant further objects to this Interrogatory in that Plaintiff has not identified what "product" Plaintiff is referring to and thus Defendant cannot properly respond to this Interrogatory.*

*RESPONSE TO INTERROGATORY NO. 16 (Supplemental, September 23, 2019)*

*Defendant objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections, and in addition to the response previously provided by*
*Defendant on August 23, 2019, which is incorporated herein by reference, Defendant did not receive any code of conduct violation complaints other than the complaint made by Plaintiff.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. While Defendant admitted that Plaintiff complained about potential Code of Conduct violations, it provided no further answer to the interrogatory. Defendant's objection to attorney-client privilege is waived. Defendant must provide complete answer to this interrogatory.

**INTERROGATORY NO. 20**

Describe in details the reason, substance and outcome of the November 1st, 2017 meeting between Ms. Vaks and Mr. LeBlanc. Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

***RESPONSE TO INTERROGATORY NO. 20:***

*Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the foregoing General Objections, Defendant states that following receipt of a text message from Plaintiff to Mr. LeBlanc, Mr. LeBlanc, Ms. Ameye and Plaintiff spoke on or about November 1, 2017, to discuss Plaintiff's concerns about Mr. Quinlan. Defendant took this under consideration in light of the ongoing investigation into interpersonal complaints raised by and against Plaintiff. Answering further, Defendant states that Plaintiff did not raise any allegations during this meeting that would constitute unlawful discrimination or harassment. Further, Plaintiff is referred to Defendant's response to*

*Interrogatories (16) and (17) above.*

*RESPONSE TO INTERROGATORY NO. 20 (Supplemental, September 23, 2019)*
*Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant states that Mr. LeBlanc did not take any written notes during the meeting with Plaintiff on or about November 1, 2017.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. Furthermore, Defendant's reference to Interrogatories Nos.16 and 17 are meaningless since they are incomplete. Defendant's objection to attorney-client privilege is waived. Defendant must provide references to the requested documents.

**INTERROGATORY NO. 21 (LumiraDX's Financial health)**

Provide details of the Company's business and financial state between 2016 - present. Provide timeline of Defendant's fund raisings. Include names of the investors, financial institutions, investment funds or any other entity involved into financial and business dealings of LumiraDX. Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

*RESPONSE TO INTERROGATORY NO. 21:*

*Defendant objects to this Interrogatory as unreasonably vague and overly broad. Defendant further objects to this Interrogatory in that it is not proportional to the needs of this case. Defendant further objects to this Interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory in that it seeks information unrelated to Plaintiff's claims under the ADEA. Defendant further objects to this Interrogatory in that it seeks confidential, non-public information regarding Defendant's financial information.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. Confidential information is not privileged and is discoverable. The financial information is relevant to Defendant's *affirmative defense* and must be disclosed. Defendant mislead Plaintiff that it was withholding this information due to confidentiality of financial information. Defendant misled the Court asking to protect confidentiality of the financial information. After the Court allowed the Motion for Protective Order, Defendant failed to supplement the answer. Defendant must provide the answer.

Defendant made numerous claims that the reason for Plaintiffs' termination was financial difficulties e.g. in Attachment K. Yet it provided no information or documentation supporting this statement. The failure to produce this information constitutes obstruction of discovery and makes it impossible for Plaintiff to develop her claims.

Withholding this information is sanctionable under Rule 37.

**INTERROGATORY NO. 22 (Analysis of similarly situated employees):**

Identify and describe in detail Mr. Quinlan's, Mr. Byng-Clarke's, Mr. Armstrong's, Mr. Adams', Mr. Storch's, Ms. Fahlbeck's, Ms. Cassandra Boell's, Ms. Isabelle Pallanca, Mr. Saumil Jane, Ms. Smitha Rao's and Mr. Paul Olore's work experience and history with Defendant LumiraDX. For each named persons provide:

a)  dates of hire and separation (if applicable);

b)  education and technical skills; specifically include experience in software development, software quality assurance, software development life cycle (SDLC) and agile methodology; include all certification if applicable;

c)  job titles and responsibilities and changes in job titles and responsibilities; dates employed in each position; dates and reasons of changes in titles and duties;

d)  compensation during each person's employment, including bonuses and stock options awarded; any changes in compensation, reasons and circumstances for such changes, timeline and who was responsible for recommending and implementing those changes;

e)  attendance record, performance and productivity in his/hers assigned duties during the course of his/hers employment; frequency and procedures for evaluating of the named person's job performance;

f)  names of any and all of the named persons' supervisors and changes in supervisions; the circumstances and dates of the implemented changes;

g)  the dates during which each individual served as supervisor and changes to their subordinates; the circumstances and dates of the implemented changes;

h)  if the named person was ever promoted/demoted during the course of his/her employment, describe the cause of such promotion and the procedures followed and exact dates of those events;

i)  if the named person was deficient as to any of the criteria listed above in answer b)-c), describe in detail the nature of such deficiencies and specific impact on the business; provide facts related to each instance (who, how and when these deficiencies were determined, action plans to address them);

j)  whether the named person had improved the described deficiency;

k)  if the named person was engaged in any violations of the Code of Conduct, describe in detail date, substance, circumstances and the Company's actions addressing those violations;

l)  if the named person was ever disciplined, counseled, reprimanded or any other actions were taken during the course of his/her employment, describe the cause of such discipline and the disciplinary procedures followed and exact dates of those procedures;

m)  if the named person was terminated or resigned, provide dates and describe reasons and circumstances of the event and processes followed.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**_RESPONSE TO INTERROGATORY NO. 22:_**

*Defendant objects to this Interrogatory because it is improperly compounded, insofar as it inquires as to the basis of multiple individuals that are not logical extensions of one another. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory in that it seeks personal and confidential information regarding individuals other than Plaintiff.*

_RESPONSE TO INTERROGATORY NO. 22_ *(Supplemental, September 23, 2019)*

*Defendant objects to this Interrogatory because it is improperly compounded, insofar as it inquires as to the basis of multiple individuals that are not logical extensions of one another. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to*
*Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory in that it seeks personal and confidential information regarding individuals other than Plaintiff. Defendant further objects to this Interrogatory, as only one of the individuals listed therein, Adrian Byng-Clarke, was similarly situated to Plaintiff, and thus the information requested as to all other named individuals has no relevance to Plaintiff's claims under the ADEA. Information regarding the positions held by each individual referenced in this*
*Interrogatory can be obtained from the organizational charts previously produced by Defendant as Bates Nos. LumiraDx_0000098-99. Answering further, Mr. Byng-Clarke was employed by*
*Defendant as a Director of Engineering. He was terminated on the same day as Plaintiff, January 4, 2018, also as part of the reorganization.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection. Analogously to Deficiencies of the Answer to the Interrogatory No.9., this question is related to theme intended to discover information regarding similarly situated employees. As such it should be considered as single question. Fed.R.Civ.P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each such communication."). See also 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1, at 261 (2d ed. 1994) ("[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of the area inquired about may be

disputable."); *Federal Trade Commission v. Nationwide Connections, Inc.*, 2007 WL

2462015 (S.D.Fla.2007) (finding that subparts of interrogatory were logically subsumed

within and necessary to the primary question). *Accord Cardenas v. Dorel Juvenile Group,*

*Inc.*, 231 F.R.D. 616, 620 (D.Kan.2005) (citing 8A Wright & Miller, Federal Practice and

Procedure § 2168.1 at 261 (2d ed. 1994) (adopting a "common theme" approach, stating that

"it would appear that an interrogatory containing subparts directed at eliciting details

concerning the common theme should be considered a single question, although the breadth

of an area inquired about may be disputable. Defendant mislead Plaintiff that it withholding

this information due to confidentiality of personal information. Defendant misled the Court

asking to protect confidentiality of the personal information. After the Court allowed the

Motion for Protective Order, Defendant continued claiming objection due to confidentiality

and failed to supplement the answer. Defendant failed to Defendant must provide the answer.

Withholding this information is sanctionable under Rule 37.

**INTERROGATORY NO. 24 (LumiraDX's involvement in Alere's Inc. fraud)**

Describe in details non-privileged information related to fraud committed by Alere Inc.
between 2006 and 2016, lawsuits alleging Alere's fraud, actions taken by the SEC and roles
of people involved into the Alere's fraud. Describe each non-privileged document supporting
Defendant's statements and state the name of every natural person who has knowledge of any
of the reported statement.

***RESPONSE TO INTERROGATORY NO. 24:***

*Defendant objects to this Interrogatory in that it seeks information unrelated to Plaintiff's*
*claims under the ADEA. Defendant further objects to this Interrogatory in that it is overly*
*broad and unduly burdensome and not proportional to the needs of this case. Defendant*
*further objects to this Interrogatory because it seeks information not reasonably calculated*
*to lead to the discovery of admissible evidence.*

**Specific deficiencies:**

As discussed in Section IV of this Motion, Defendant has not preserved any valid objection.

Defendant failed to preserve any objection and must answer this interrogatory. The objection

that Interrogatory that "information [is] not reasonably calculated to lead to the discovery of

admissible evidence" is not a valid objection after 2015 amendment. Plaintiff is looking for

information related to financial fraud committed by Alere's when Dorian LeBlanc, one of the

decision makers of Plaintiff's termination, was CFO of Alere Inc.