UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| RIMMA VAKS | I |
| Plaintiff, | I |
| | I |
| v. | I |
| | I |
| TOM QUINLAN, DORIAN LEBLANC and | I |
| LUMIRADX | I |
| Defendants | I |
| | I |

Civil Action
1:18-cv-12571-LTS
JURY TRIAL DEMAND

EXHIBIT C - **SPECIFIC DEFICIENCIES OF DEFENDANT'S RESPONSES TO
PLAINTIFF'S REQUESTS FOR PRODUCTION**

**REQUEST FOR DOCUMENTS NO. 1:**

Documents which detail, discuss, or relate in any manner the policy and procedures the company
follows in regards to employees or expects the employees of the company to follow, including
but not limited to reports, manuals, handbooks, memoranda, statements, emails, or any other
document whether written or recorded, for the period 2016 to present including but not limited
to:

a.  Employee discipline policies, including but not limited to, counseling, written warnings,
    suspension, demotion, and termination policies
b.  Sexual harassment, hostile environment and retaliation policies
c.  Equal Employment Opportunity (EEO) policies
d.  Criteria for salary increases
e.  Employees Hiring policies
f.  Employees Promotion policies
g.  Internal complaint or grievance procedures
h.  Employees Termination policies
i.  Employees Performance evaluation policies and procedures
j.  Employees Interviewing policies
k.  Advertisement of Job openings policies

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 1:***

*Defendant objects to this Request to the extent that it seeks information protected by the
attorney-client privilege, the work product doctrine, and/or any other applicable privilege and
protection. Defendant further objects to this Request because it is overbroad and unduly
burdensome insofar as it seeks "policy and procedures the company follows in regards to
employees or expects the employees of the company to follow". Defendant further objects to this
Request because to the extent it seeks documents regarding policies that were in place prior to*

*Plaintiff's employment with Defendant. Defendant further objects to this Request because it seeks documents not relevant to Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA").*
*Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.*

<u>**Specific deficiencies:**</u>

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. The request is related to Plaintiff's hiring, promotion and termination – the baseline of her employment claims. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 2:**

Documents relating to or evidencing any written or oral internal complaints, write-ups, misconduct or any other types of reporting including but not limited to harassment, hostile environment, retaliation, violations of Code of Conduct or company's policies, and insubordinations reported by Plaintiff to any of LumiraDx's employees during her employment with Defendant.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 2:***

*Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is vague and unclear insofar as it seeks "[d]ocuments relating to or evidencing any written or oral internal complaints, write-ups, misconduct or any other types of reporting…reported by of Plaintiff to any of LumiraDx's employees…". Defendant further objects to this Request insofar as it seeks documents not relevant to Plaintiff's claims under the ADEA. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.*

<u>**Specific deficiencies:**</u>

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 3:**

Documents relating to or evidencing any investigation by Defendant into Plaintiff's issues identified in <u>REQUEST NO. 2</u> including harassment complaints to Defendant, including but not limited to:

a.      List of witnesses
b.      Written statements of witnesses
c.      Notes of interviews with witnesses
d.      Reports regarding the results of any and all investigations
e.      Correspondence received from or sent to Plaintiff
f.      Correspondence received from or sent to Defendant regarding the  investigation
g.      Correspondence received from or sent to any person
h.      Documents relating to or evidencing discussions between Plaintiff and Defendant
i.      Documents relating to or evidencing discussions between Defendant and any person
other than Defendant's counsel
j.      Documents received from or sent to any person

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 3:***

*Defendant objects to this Request because it is vague and unclear insofar as it seeks
"[d]ocuments relating to or evidencing any investigation by Defendant into Plaintiff's issues"
and "Plaintiff's issues" is not defined. Defendant further objects to this Request insofar as it
seeks documents not relevant to Plaintiff's claims under the ADEA.*
*Subject to and without waiving these specific objections or the foregoing General Objections,
which are incorporated herein by reference, Defendant will produce and/or make available for
inspection responsive and non-privileged documents within its possession, custody, or control. If
any of these documents are withheld as privileged, please identify each of them.*

**<u>Specific deficiencies:</u>**

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are
groundless and, therefore, invalid or waived.  Furthermore, "Plaintiff's issues" clearly identified
in Request No. 2. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 4:**

Documents which support, evidence, relate to, or otherwise reflect any action taken by Defendant
in response to Plaintiff's internal issues identified in <u>Request No. 2.</u>

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 4:***

*Defendant objects to this Request because it is vague and unclear insofar as it seeks documents
relating to "Plaintiff's internal issues" and "Plaintiff's internal issues" is not defined. Defendant
further objects to this Request insofar as it seeks documents not relevant to Plaintiff's claims under
the ADEA. Subject to and without waiving these specific objections or the foregoing General
Objections, which are incorporated herein by reference, Defendant refers to Plaintiff to the
documents produced in response to Request No. 3.*

**Specific deficiencies:**

As discussed above in Section IV, _all_ of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived.  Furthermore, "Plaintiff's issues" clearly identified in Request No. 2. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 5:**

The complete personnel file of Plaintiff, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time. Indicate time each record was entered into the personnel file.

**_RESPONSE TO REQUEST FOR DOCUMENTS NO. 5:_**

_Defendant objects to this Request because it is overbroad insofar as it seeks "the complete personnel file of Plaintiff", which includes documents not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request as unduly burdensome in that it requests Defendant to "indicate time each record was entered into the personnel file". Defendant further objects to this Request in that Plaintiff previously requested and received a complete copy of her personnel file. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control._

**Specific deficiencies:**

As discussed above in Section IV, _all_ of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived.  Furthermore, "Plaintiff's issues" clearly identified in Request No. 2. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 6:**

Documents not included in Plaintiff's personnel file which support, evidence, relate or otherwise pertain to Plaintiff's employment with Defendant, including, but not limited to, documents relating to or reflecting job performance, awards to Plaintiff, or discipline of Plaintiff.

**_RESPONSE TO REQUEST FOR DOCUMENTS NO. 6:_**

_Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents that "pertain to Plaintiff's employment", which includes documents not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product_

*doctrine, and/or any other applicable privilege and protection. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.*

## Specific deficiencies:

As discussed above in Section IV, <u>all</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

### REQUEST FOR DOCUMENTS NO. 7(a):

The complete personnel file of Tom Quinlan, Sumit Nagpal, Rosy Leo, Adrian Byng-Clarke, Neal Armstrong, Susan Fahlbeck, Cassandra Boell, Henry Wasserman, Darcy Adams, Smitha Rao, Isabelle Pallanca, Todd Storch, Salem Madani, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of personnel file for the period of 2016 to present.

### RESPONSE TO REQUEST FOR DOCUMENTS NO. 7(a):

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in that it seeks documents containing confidential and personal protective information regarding individuals other than Plaintiff. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant has reviewed the personnel files for Tom Quinlan, Adrian Byng-Clarke, Neal Armstrong, Susan Fahlbeck and Todd Storch, i.e., the individuals referenced in Plaintiff's Complaint which Plaintiff alleged had a bearing on her ADEA claims. Defendant's review of the relevant personnel files determined that none of the personnel files contained any responsive, non-privileged documents relevant to Plaintiff's claims under the ADEA.*

## Specific deficiencies:

As discussed above in Section IV, <u>all</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Furthermore, Defendant response includes legal conclusion regarding Plaintiff's ADEA claims. After Defendant received Protective Order for confidential personal information, it failed to supplement its production. Defendant failed to preserve any objection. Defendant's assertion that it "has reviewed" files and "determined that none of the personnel files contained any responsive, non-privileged documents relevant to Plaintiff's claims under the ADEA" is not a proper objection. It is not Defendant's prerogative to determine what is relevant and what is not. Defendant must to produce or to provide a specific objection. Absent any valid objections Defendant MUST produce requested documents in

compliant format.

**REQUEST FOR DOCUMENTS NO. 8:**

Documents not included in Tom Quinlan, Sumit Nagpal, Rosy Leo, Adrian Byng-Clarke, Neal Armstrong, Susan Fahlbeck, Cassandra Boell, Henry Wasserman, Darcy Adams, Smitha Rao, Isabelle Pallanca, Todd Storch, Salem Madani personnel file which support, evidence, relate or otherwise pertain to named person's employment with Defendant, including, but not limited to, documents relating to or reflecting job performance, awards, or discipline of Defendant for the period of 2016 to present.

*RESPONSE TO REQUEST FOR DOCUMENTS NO. 8:*

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in that it seeks documents containing confidential and personal protective information regarding individuals other than Plaintiff. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant is not in possession, custody or control of any responsive, non-privileged documents relevant to Plaintiff's claims under the ADEA.*

**<u>Specific deficiencies:</u>**

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Furthermore, Defendant response includes legal conclusion regarding Plaintiff's ADEA claims. After Defendant received Protective Order for confidential personal information, it failed to supplement its production. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 7 (b)**

Documents that reflect the job duties, responsibilities, compensation and benefits of the position held by the following individuals Tom Quinlan, Sumit Nagpal, Rosy Leo, Adrian Byng-Clarke, Todd Storch, Darcy Adams, Smitha Rao, and Salem Madani for the period of 2016 to present including but not limited:

a. Timeline of employment;
b. Job Offers;
c. Job descriptions and changes to job descriptions;
d. Pay stubs and W-2 forms;
e. Stock option received;
f. Promotions/demotions received;
g. Reprimands, write-ups, discipline.

*RESPONSE TO REQUEST FOR DOCUMENTS NO. 7(b):*

*Defendant objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in that it is duplicative of documents requested in Request No. 7 above. Defendant further objects to this Request in that it seeks documents containing confidential and personal protective information regarding individuals other than Plaintiff.*

## Specific deficiencies:

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant reference to Request No. 7 is inappropriate since it did not produce any documents in its response. After Defendant received Protective Order for confidential personal information, it failed to supplement its production. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 8(a):**

Documents relating to or evidencing Plaintiff's complaint of impropriety committed by former CEO Sumit Nagpal and his team including meeting notes, memoranda, financial statements and correspondence between anyone concerning these improprieties.

### *RESPONSE TO REQUEST FOR DOCUMENTS NO. 8(a):*

*Defendant objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA.*

## Specific deficiencies:

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 9:**

Documents relating to or evidencing any investigation by Defendant into Plaintiff's internal complaint of improprieties committed by Sumit Nagpal and his team, including but not limited to:
a)    List of witnesses
b)    Written statements of witnesses
c)    Notes of interviews with witnesses
d)    Reports regarding the results of any and all investigations
e)    Correspondence received from or sent to Plaintiff
f)    Correspondence received from or sent to Defendant

g)      Correspondence received from or sent to any person
h)      Documents relating to or evidencing discussions between Plaintiff and Defendant
i)      Documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel
j)      Documents received from or sent to any person internally and externally

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 9:***

*Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome insofar it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA.*

## **Specific deficiencies:**

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

## **REQUEST FOR DOCUMENTS NO. 11:**

Documents which support, evidence, relate to, or otherwise reflect any action taken by Defendant in response to Plaintiffs internal complaint of impropriety committed by Sumit Nagpal and his team including e-mails, notes, memoranda or other correspondence to Defendant's employees, clients, Board of Directors and investors.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 11:***

*Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA.*

## **Specific deficiencies:**

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

## **REQUEST FOR DOCUMENTS NO. 12:**

Documents that reflect Plaintiff's complaint of retaliation against her committed by former CEO Sumit Nagpal and his team including meeting notes, memoranda, and correspondence between anyone concerning this retaliation.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 12:***

*Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA.*

**<u>Specific deficiencies:</u>**

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 13:**

Documents that reflect the decision to terminate employees following the investigation of the improprieties committed by Sumit Nagpal including the list of employees and separation agreements each received. Include all correspondence, e-mails, notes, memoranda or other correspondence to Defendant's employees, clients, Board of Directors and investors.

*<u>RESPONSE TO REQUEST FOR DOCUMENTS NO. 13:</u>*

*Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in that it seeks confidential and personal protective information regarding individuals other than Plaintiff.*

**<u>Specific deficiencies:</u>**

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**<u>REQUEST FOR DOCUMENTS NO. 14:</u>**

Documents which support, evidence, relate to, or otherwise reflect any action taken by Defendant in response to Plaintiff's internal complaint of retaliation committed by Sumit Nagpal and his team including e-mails, notes, memoranda or other correspondence to Defendant's employees, clients, Board of Directors and investors.

*<u>RESPONSE TO REQUEST FOR DOCUMENTS NO. 14:</u>*

*Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and*

*protection. Defendant further objects to this Request because it is overbroad and unduly
burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's
claims under the ADEA.*

**Specific deficiencies:**

As discussed above in Section IV, <u>all</u> of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 15:**

Documents that reflect performance appraisals, reviews, meeting notes, memoranda, and
correspondence between anyone concerning Plaintiff's performance of duties of her position.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 15:***

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it
seeks documents "between anyone concerning Plaintiff's performance of duties of her position",
which includes documents not relevant to Plaintiff's claims under the ADEA. Subject to and
without waiving these specific objections or the foregoing General Objections, which are
incorporated herein by reference, Defendant will produce and/or make available for inspection
responsive and non-privileged documents within its possession, custody, or control. In addition,
Defendant directs Plaintiff to the documents it produces in response to Request Nos. 5 and 6.*

**Specific deficiencies:**

As discussed above in Section IV, <u>all</u> of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 16:**

Documents that reflect Defendant's financial state, including all reports, analysis, filings,
compilations, spreadsheets, charts, projections, or other documents reflecting funding of the
Defendant and its expenditures, between the fiscal years of 2016 through present.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 16:***

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it
seeks documents concerning Defendant's financial state that are not relevant to Plaintiff's
claims under the ADEA. Defendant further objects to this Request because it seeks confidential
and proprietary information regarding Defendant's business. Defendant also objects to this
Request to the extent it seeks documents that predates Plaintiff's employment with Defendant.
Subject to and without waiving these specific objections or the foregoing General Objections,
which are incorporated herein by reference, Defendant will produce and/or make available for*

*inspection responsive and non-privileged documents within its possession, custody, or control, pertaining to the relation between Defendant's financial state and Plaintiff's termination.*

**<u>Specific deficiencies:</u>**

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. After Defendant received Protective Order for confidential financial information, it failed to supplement its production. Defendant failed to preserve any objection.

Defendant made numerous claims that one of the reason for Plaintiffs' termination was financial difficulties it experienced in 2017-2018 e.g. in Attachment K. Yet it provided no information or documentats supporting this statement. The failure to produce this information constitutes obstruction of discovery and makes it impossible for Plaintiff to develop her claims. Withholding this information is sanctionable under Rule 37.

**<u>REQUEST FOR DOCUMENTS NO. 17</u>:**

Documents constituting communications between any employees of Defendant and anyone else concerning the Defendant's funding, budget or fiscal expenditures between January 2016 and present.

**<u>RESPONSE TO REQUEST FOR DOCUMENTS NO. 17</u>:**

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning Defendant's financial state that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request because it seeks confidential and proprietary information regarding Defendant's business. Defendant further objects to this Request to the extent it seeks documents for a time period that predates Plaintiff's employment with Defendant.*
*Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control pertaining to the relation between Defendant's funding, budget or fiscal expenditures and Plaintiff's termination. In addition, Defendant directs Plaintiff to the documents it produces in response to Request No. 16.*

**<u>Specific deficiencies:</u>**

As discussed above in Section IV, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format. As discussed above in

Section IV, _all_ of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. After Defendant received Protective Order for confidential financial information, it failed to supplement its production. Defendant failed to preserve any objection. Defendant made numerous claims that the reason for Plaintiffs' termination was financial difficulties it experienced in 2017-2018. Yet it provided no information or documentation supporting this statement. The failure to produce this information constitutes obstruction of discovery and makes it impossible for Plaintiff to develop her claims. Withholding this information is sanctionable under Rule 37.

**REQUEST FOR DOCUMENTS NO. 18:**

Documents that Defendant contends support the purported need in January 2018 to reduce the workforce.

**_RESPONSE TO REQUEST FOR DOCUMENTS NO. 18:_**

_Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents that reflect "...the purported need in January 2018 to reduce the workforce", which includes documents not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request No. 16._

**Specific deficiencies:**

As discussed above in Section IV, _all_ of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 19:**

Documents concerning the termination of Ms. Vaks' employment, including notes, memoranda, correspondence between anyone concerning the termination.

**_RESPONSE TO REQUEST FOR DOCUMENTS NO. 19:_**

_Defendant objects to this Request to the extent that it seeks information protected by the_

*attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this request as overbroad and unduly burdensome in that it seeks correspondence "between anyone" concerning the termination. Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA.*

*Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request Nos. 5, 6, and 16.*

**Specific deficiencies:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 20:**

Documents concerning the decision by Defendant to create and fill the position of the VP of Engineering and the ability to fund his salary.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 20:**

*Defendant objects to this Request as vague and unclear in that Plaintiff has not identified who is being referred to in connection with the request for documents concerning the decision to "fund his salary". Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA.*
*Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.*

**Specific deficiencies:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

**AMENDED REQUEST FOR DOCUMENTS NO. 21:**

Documents concerning the decision by Defendant to create the position of the Agile Transformation specialist and the ability to fund the salary. This request concerns Defendant's funding of the "Agile Specialist" or "Agile Manager" post [Plaintiff's] termination.

### *RESPONSE TO AMENDED REQUEST FOR DOCUMENTS NO. 21:*

*Defendant objects to this Request on the grounds that it seeks documents not relevant to Plaintiff's claims under the ADEA.  Defendant further objects to this Request to the extent it seeks confidential and proprietary information regarding Defendant's business. Subject to and without waiving these specific objections or the General Objections, which are incorporated herein by reference, Plaintiff never held the position of Agile Specialist or Agile Manager, nor did Defendant ever maintain a position entitled Agile Specialist or Agile Manager, and thus Defendant is not in possession, custody or control of any responsive, non-privileged documents.*

**Specific deficiencies:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

### REQUEST FOR DOCUMENTS NO. 22:

Documents concerning advertisement, notes, internal and external communications, emails and any other documents preceding to the hiring of Mr. Storch.

### RESPONSE TO REQUEST FOR DOCUMENTS NO. 22:

*Defendant objects to this Request as overbroad, unduly burdensome, vague and unclear in that Defendant cannot determine what is meant by "…documents preceding to the hiring of Mr. Storch". Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request No. 20.*

**Specific deficiencies:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

### REQUEST FOR DOCUMENTS NO. 23:

Documents concerning all applicants for the position of VP of Engineering that was ultimately filled by Todd Storch, including interview notes, memoranda and any correspondence concerning all applicants, and all communication between anyone concerning all applicants.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 23:***

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks "...any correspondence concerning all applicants, and all communications between anyone concerning all applicants". Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection.*
*Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request No. 20.*

**Specific deficiencies:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

## REQUEST FOR DOCUMENTS NO. 25:

Documents concerning specific job titles and /or job functions with respect to the hierarchy of Defendants org charts and changing to org charts between 2016 and present, and all communication between anyone concerning these changes. Specifically include org chart for the following dates: 11/21/2016, 03/01/2017, 06/15/2017, 07/31/2018, 09/01/2017, 11/15/2017, 12/15/2017, 01/15/2018 and 03/01/2018.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 25:***

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning "...all communication between anyone concerning these changes" and further because Plaintiff has not identified what "changes" she is referring to. Defendant further objects to this Request in that it seeks documents that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in so far as it seeks Defendant's organizational charts in effect prior to Plaintiff's employment with Defendant. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.*

**Specific deficiencies:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

## REQUEST FOR DOCUMENTS NO. 26:

Documents which support, evidence, relate to, or otherwise reflect the performance of the Quality Assurance Group and each member of the Group obtained and compiled from the Jira Database pertaining to the number of issues entered, resolved monthly for the year of 2017 in relation to the total number of issues entered and resolved by the entire engineering team.

### *RESPONSE TO REQUEST FOR DOCUMENTS NO. 26:*

*Defendant objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning the performance of the Quality Assurance Group which are not relevant to Plaintiff's claims under the ADEA.*

### Specific deficiencies:

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

## REQUEST FOR DOCUMENTS NO. 27:

Documents related to all changes in the Quality Insurance Group between 2016 and present:

a.   Org chart: Manager, list of employees, position, timeline in each position;
b.   Timeline of employment, changes in employment status, reason for changes, timeline, decision maker of changes.

### *RESPONSE TO REQUEST FOR DOCUMENTS NO. 27:*

*Defendant objects to this Request in that it does not have a "Quality Insurance Group". Assuming that Plaintiff intended to write "Quality Assurance Group", Defendant objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning the performance of the Quality Assurance Group which are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in that it seeks confidential and personal protective information regarding individuals other than Plaintiff.*

### Specific deficiencies:

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

## REQUEST FOR DOCUMENTS NO. 28:

All communication between anyone about Ms. Vaks including but not limited to emails, personal phones, memorandums and Slack.

### ___RESPONSE TO REQUEST FOR DOCUMENTS NO. 28:___

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks "[a]ll communication between anyone about Ms. Vaks…" without reference to time or scope. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA.*
*Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request Nos. 5 and 6.*

### Specific deficiencies:

As discussed above in Section IV, ___all___ of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

### REQUEST FOR DOCUMENTS NO. 31:

Documents support, evidence, relate or otherwise pertain to Plaintiff's job duties and responsibilities during her employment with Defendant.

### ___RESPONSE TO REQUEST FOR DOCUMENTS NO. 31:___

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning "Plaintiff's job duties and responsibilities during her employment…" that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant directs Plaintiff to documents produced in response to Requests Nos. 5 and 6.*

### Specific deficiencies:

As discussed above in Section IV, ___all___ of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

## REQUEST FOR DOCUMENTS NO. 32:

Documents support, evidence, relate or otherwise pertain to statistical data of former and current employees, including name, age, gender, job title, start date, end date (if applies), current salary, last pay increase, bonus target and most recent payout, stock options award and eligibility for any other compensation plan employed between 2016 and current.

### *RESPONSE TO REQUEST FOR DOCUMENTS NO. 32:*

*Defendant objects to this Request as vague and unclear in that Plaintiff has not defined what is meant by the phrase "statistical data". Defendant further objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning all current or former employees employed between 2016 and current. Defendant further objects to this Request because it is asking Defendant to create records illustrating "statistical data" that are not maintained by Defendant in the regular course of business. Defendant further objects to this Request in that it seeks documents regarding employees that worked for Defendant prior to the time Plaintiff commenced her employment with Defendant. Defendant further objects to this Request in that it seeks confidential and personal protective information regarding individuals other than Plaintiff and otherwise seeks documents not relevant to Plaintiff's claims under the ADEA.*

### Specific deficiencies:

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant must produce all requested documents in compliant format.

## REQUEST FOR DOCUMENTS NO. 34:

Documents support, evidence, relate or otherwise pertain to any disciplinary action for any employee during 2016 to present.

### *RESPONSE TO REQUEST FOR DOCUMENTS NO. 34:*

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents for "any disciplinary action for any employee during 2016 to the present." Defendant further objects to this Request because it seeks documents regarding disciplinary action that took place prior to Plaintiff's employment with Defendant. Defendant further objects to this Request because it seeks confidential and personal protective information regarding individuals other than Plaintiff and otherwise seeks documents not relevant to Plaintiff's claims under the ADEA.*
*Subject to and without waiving these specific objections or the foregoing General Objections, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.*

### Specific deficiencies:

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 38:**

Documents which support, evidence, relate or otherwise pertain Defendant's defenses and/or affirmative defenses.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 38:***

*Defendant objects to this Request as premature in that discovery is in its incipient stages and Defendant has not yet obtained all evidence regarding the facts and circumstances surrounding Plaintiff's allegations.*
*Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.*

**Specific deficiencies:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 39:**

Documents which support, evidence, relate or otherwise pertain to Defendant's impeachment of Plaintiff.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 39:***

*Defendant objects to this Request as premature. Plaintiff has yet to provide discovery responses or testimony in this litigation and thus Defendant cannot properly respond to this Request at this time.*

**Specific deficiencies:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

**REQUEST FOR DOCUMENTS NO. 41:**

Documents representing any of complaints, write-ups, grievances or any other reporting submitted by anyone against Plaintiff during her employment.

***RESPONSE TO REQUEST FOR DOCUMENTS NO. 41:***

*Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents "representing any of complaints ..." that are not relevant to Plaintiff's claims under the ADEA. Subject to and without waiving these specific objections or the foregoing General Objections, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to documents produced in response to Request No. 6.*

**Specific deficiencies:**

As discussed above in Section IV, <u>all</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. Defendant must produce all requested documents in compliant format.

## SPECIFIC DEFICIENCIES OF DEFENDANT'S RESPONSES AND OBJECTIONS TO RULE 30(B)(1) NOTICE OF DEPOSITION

Pursuant to Rule 30(b)(1) Plaintiff served Defendant with the Notice of Deposition making five requests for production under the Rule 30(b)(5). Defendant responded to Plaintiff Notice with the following objections(Attachment L):

"The deposition notice states that it is pursuant to FRCP 30(b)(1) governing depositions by oral examination. Rule 30(b)(2), which governs the production of documents in connection with a 30(b)(1) notice states, "[i]f a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to **a party deponent** may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." (emphasis added). Mr. Quinlan is an officer of LumiraDx and is therefore a party deponent. As such, the document requests annexed to the Notice are construed as a Rule 34 request to produce documents. The deadline for Plaintiff to serve Rule 34 requests to produce documents was August 30, 2019, per the Court's Scheduling Order, and the Court prohibited Plaintiff's belated service of a Second Set of Document Requests in its Order dated October 18, 2019. As such, this Request is untimely and LumiraDx is not obligated to respond. Defendant further objects to this Request because it seeks documents not relevant to Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA"). Defendant further objects to this Request because it is overly broad, unduly burdensome and seeks documents previously requested by Plaintiff."

Defendant argument is flawed. Defendant completely misinterpreted the relationship between document demands to Defendant under Rule 30(b)(2) and Rule 34 request for production. As the Advisory Committee Notes indicate Rule 30(b)(2) requests for documents, even to parties, are

distinct from Rule 34 requests: "Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available". Many courts have recognized a significant interrelationship between document demands to a party under Rule 30(b)(2) and Rule 34 requests for production. Consequently, these courts have required Rule 30(b)(2) demands for documents to satisfy the procedural requirements of Rule 34. *See, e.g., Dowling v. Cleveland Clinic Foundation,* 593 F.3d 472, 479 (6th Cir. 2010) ("requests for production of documents accompanying a notice of deposition to a party deponent must be sent at least 30 days before the deposition" as required by Rule 34(b)(2)).  Wright and Miller's *Federal Practice & Procedure* notes that the language in Rule 30(b)(2) stating that a "notice to a party deponent may be accompanied by a request under Rule 34 to produce documents" is intended to "invoke[] the procedural provisions of Rule 34(b)." Charles Alan Wright & Arthur R. Miller, 8A *Federal Practice & Procedure* § 2108 (3d ed.); *see also id.* §§ 2204, 2114. *Federal Procedure Lawyers Edition* agrees, stating that "the production of documents at a deposition duces tecum necessarily involves the nexus between Rules 30 and 34, and to the extent that objection is made to the production of documents rather than the deposition itself, Rule 34 governs." 10A Fed. Proc. L. Ed. § 26:450.[1]

As the court in *Carter v. United States,* 164 F.R.D. 131, 133 (D. Mass. 1995) and many other courts explained "a document request under Rule 30(b)(5)[currently Rule(b)(2)] is a complement to a Rule 30 deposition, not a substitute for a Rule 34 document request." Therefore, "document requests which fall under the rubric of a Rule 30(b)(5) deposition should be 'few and simple' and 'closely related to the oral examination' sought." *Id.*

Here, Plaintiff *only* made four requests of few documents related to communication between the decision makers and deponents, Quinlan, LeBlanc and Ameye, during the time they were considering Plaintiff's termination which would be a subject of their oral depositions. These limited requests are specifically related to Plaintiff's claims and Defendant's defenses and,

---

[1] See also *Roofers Local 149 Sec. Benefit Trust Fund v. Milibrand Roofing Group, Inc.*, No. 05-cv-60218, 2007 WL 2421479, at *1 (E.D. Mich. Aug. 22, 2007) ("Because the Advisory Committee anticipated that parties would be requested to bring documents to their depositions, Fed.R.Civ.P. 30(b)(5) [Rule 30(b)(2)'s predecessor] makes it clear that if documents are required at a deposition of a party, the party seeking the documents must comply with Rule 34 . . . ."); *Richardson v.Rock City Mech. Co.*, No. 3-09-0092, 2010 WL 711830, at *4 (M.D. Tenn. Feb. 24, 2010).

therefore, qualify as "few and simple".

**Request  No. 1**. All documents, communication, electronically stored information including emails, any type of text messaging and voice recordings stored on personal and corporate electronic devices including, but not limited to phones, iPads, tablets, computers and any other device between Tom Quinlan and Dorian LeBlanc between September 1, 2017 and January 4, 2018 directly or indirectly related to Plaintiff.

***Response to Request No. 1***.
*Subject to and notwithstanding the aforementioned objections, this Request is duplicative of prior Request Nos. 19 and 28 in Plaintiff's First Request for Production of Documents and Plaintiff is referred to Defendant's responses thereto, as well as the documents previously produced by Defendant at Bates Nos. LumiraDx_0000167, LumiraDx_0000363-365, LumiraDx_0000496-500, LumiraDx_0000502-516.*
**Specific deficiencies of the Response to Request No. 1:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.

Defendant references to incompliant production is inappropriate. Defendant is withholding

relevant documents. References to irresponsive production is not responsive.

Defendant must produce all requested documents in compliant format.

**Request No. 2.** All documents, communications, electronically stored information including any type of text messaging and voice recordings stored on personal and corporate electronic devices including, but not limited to phones, iPads, tablets, computers and any other device between Tom Quinlan and Veronique Ameye between September 1, 2017 and January 4, 2018 directly or indirectly related to Plaintiff.

***Response to Request No. 2***.
*Subject to and notwithstanding the aforementioned objections, to the best of its knowledge, Defendant is not in possession of any relevant documents responsive to this Request.*

**Specific deficiencies of the Response to Request No. 2:**

As discussed above in Section IV, *all* of the objections in Defendant's Responses here are

groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. It is not

Defendant's prerogative to determine what is relevant and what is not. Defendant is withholding

relevant documents and must produce all requested documents in compliant format.

**Request No. 3.** All documents, communications, electronically stored information including any type of text messaging and voice recordings stored on personal and corporate electronic devices including, but not limited to phones, iPads, tablets, computers and any other device between Dorian LeBlanc and Veronique Ameye between September 1, 2017 and January 4, 2018 directly or indirectly related to Plaintiff.

***Response to Request No. 3****.*
*Subject to and notwithstanding the aforementioned objections, this Request is duplicative of prior Request Nos. 19 and 28 in Plaintiff's First Request for Production of Documents and Plaintiff is referred to Defendant's responses thereto, as well as documents referenced in the privilege log produced by Defendant.*

**Specific deficiencies of the Response to Request No. 3:**

As discussed above in Section IV, <u>all</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection. As defendant failed to produce any referenced documents or preserve any objection (Request Nos. 19 and 28) in its original Responses for Production of Documents any references to those responses are also invalid. Two negatives don't make it positive. Defendant must produce all requested documents in compliant format.

**Request No. 4.** All documents, communications, electronically stored information including any type of text messaging and voice recordings stored on personal and corporate electronic devices including, but not limited to phones, iPads, tablets, computers and any other device between Dorian LeBlanc, Tom Quinlan and Veronique Ameye with TriNet between October 27, 2017 and January 4, 2018 directly or indirectly related to Plaintiff.

***Response to Request No. 4****.*
*Subject to and notwithstanding the aforementioned objections, to the best of its knowledge, Defendant is not in possession of any relevant documents responsive to this Request.*

**Specific deficiencies of the Response to Request No. 4:**

As discussed above in Section IV, <u>all</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant failed to preserve any objection.  It is not Defendant's prerogative to determine what is relevant and what is not. Defendant is withholding relevant documents and must produce all requested documents in compliant format.