UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIMMA VAKS,<br><br>    Plaintiff,<br><br>v.<br><br>TOM QUINLAN, DORIAN LEBLANC and LUMIRADX<br><br>    Defendants. | Civil Action No. 1:18-cv-12571-LTS |

# DEFENDANT LUMIRADX, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (SUPPLEMENT)

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 33.1, Defendant LumiraDx, Inc. ("LumiraDx" or "Defendant") hereby objects and provides supplemental responses to Plaintiff Rimma Vaks' ("Plaintiff") First Set of Interrogatories (supplement) (the "Interrogatories," and each a "Interrogatory") as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 5 (Employment History):

Identify and describe in detail Ms. Vaks' employment history with Defendant LumiraDX, describe each documents supporting your statements including:

    a)    the date of the hiring;

    b)    the educational level and technical skills attained at the time of the hiring;

    c)    the job title, grade, or salary level, rate of pay and stock options issued at the date of hire;

    d)    the department or operational unit assigned at the date of hire;

  e) duties and responsibilities for each position of employment she held, specifying for each the grade of salary level, the rate of pay, the department or operational unit to which assigned, and the inclusive dates the job title was held;

  f) names of any and all her supervisors and the dates during which each individual served as her supervisor;

  g) names of any and all direct reports at the time of the hiring and during her employment with defendant employer;

  h) any changes in direct reports since her hiring, specifying dates of the changes and reasons for changes;

  i) any changes that occurred to Ms. Vaks' duties and responsibilities during her entire employment with Defendant; dates of these changes and how they were implemented; the process that was used and how these changes were communicated to employees;

  j) all salary increases, bonuses paid given since date of hire, and the dates on which each increase became effective;

  k) recognitions, awards, write ups or reprimands formal or informal she received while employed by the defendant employer specifying methods by which it was accomplished and dates for each, and

  l) attendance record during the employment.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

### RESPONSE TO INTERROGATORY NO. 5:

  Defendant objects to this Interrogatory in that it seeks information already in Plaintiff's possession. Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant states that it did not maintain a job description for Plaintiff's position during Plaintiff's employment at LumiraDx. Answering further, Defendant states that it maintained an online calendar and had a written policy under which all employees were to record in the calendar when they were out of the office and how they could be reached or who was

2

covering for them in their absence. Plaintiff did not comply with this policy so Defendant does not have accurate records of Plaintiff's attendance. Answering further, Defendant states that when Plaintiff commenced her employment with Defendant she did not have direct reports. After Tom Quinlan took over as General Manager of Health IT, Ms. Vaks' direct reports were Darcy Adams and Smitha Rao. Subsequently, Greg Brown also reported to Ms. Vaks. Those three individuals reported to Ms. Vaks until her termination on January 4, 2018.

**INTERROGATORY NO. 10: (Ms. Vaks' termination)**

Identify each individual who proposed, participated and had knowledge or provided any information which was considered in reaching the decision to terminate Ms. Vaks' employment including each individual you consulted with and/or who advised you. Identify and describe:

a) timeline (proposal, initiation, communication, and conclusion);

b) identify every document including termination policies which was considered in making the decision to terminate her;

c) state every reason for Ms. Vaks' termination in complete detail;

d) for each reason given, state in complete detail all dated facts upon which you base your contention that the reason was an actual reason for plaintiff's termination;

e) describe in detail any personnel related issues that influenced your decision to terminate Ms. Vaks;

f) state the name of every natural person who has knowledge of any the fact stated in your response;

g) Describe in detail every communication of any alleged reason for plaintiff's termination by any employee of LumiraDX Corp to any person employed or not employed by LumiraDX.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant further objects to this Interrogatory to the extent it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the

3

attorney-client privilege. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant states that it did not maintain a written timeline regarding Plaintiff's termination, and any dates in connection with written communications can be ascertained from the documents previously produced by Defendant. Answering further, Defendant states that conversations regarding Plaintiff's termination took place between Dorian LeBlanc and Tom Quinlan between October 2017 and January 2018. Answering further, Defendant states that conversations regarding restructuring the organization took place between Tom Quinlan and Dorian LeBlanc on or about December 23, 2017. Both Mr. Quinlan and Mr. LeBlanc subsequently spoke with Chief Executive Officer, Ron Zwanziger on or about December 27, 2017 regarding the restructuring of the organization. On January 3, 2018, Mr. Quinlan and Mr. LeBlanc met to discuss the individuals that would be terminated as a result of the reorganization. Plaintiff's employment was terminated the following day on January 4, 2018.

**INTERROGATORY NO. 11: (Internal issues)**

Describe in detail any complaint, issue or concerns raised by Ms. Vaks and about Ms. Vaks during her employment with Defendant to any of the LumiraDX employees formally, informally, in writing or verbally including but not limited to issues related to business improprieties, performance and employees. Include complaints, write-ups and reprimands. For each instance identify and describe:

    a)   the nature of an issue;

    b)   the date of the issue and the date it was raised;

    c)   the method the issue was raised;

    d)   each and every person(s) who was a subject or related to the reported issue;

    e)   facts related to each instance;

    f)   specific impact on the business;

    g)   Company's policies and procedures related to every issue;

  h) Company's policies and procedures applied in investigating and addressing the described issues;

  i) each and every person who has conducted and participated in any kind of investigation of the reported incidents by or on behalf of Defendants;

  j) qualification and experience of the investigators;

  k) every person(s) investigators questioned or discussed regarding described issues;

  l) all the documents reviewed;

  m) meetings conducted to discuss and address issues;

  n) all the documents issued;

  o) all communication to any person involved;

  p) the facts learned through such investigation;

  q) outcome of the investigation;

  r) whether you reported these complaints to TriNet;

  s) detail actions taken by Defendant to address issues reported by Ms. Vaks.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 11:**

  Defendant objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant did not maintain any written policies regarding internal investigations.

**INTERROGATORY NO. 15: (Communication)**

List and describe in detail every written and verbal communication about Ms. Vaks with _ANY_ of LumiraDX's employees including former employees and contractors. Provide dates and substance of each communication. Specifically include all communication between Mr. Quinlan and Mr. LeBlanc, between LumiraDX's employees and Mr. Nagpal, Mr. Hemant Chowdhry. Specifically include text messaging from personal devices. Provide search results from all

means of communications. Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this Interrogatory as overly broad in that it seeks information regarding "every written and verbal communication about Ms. Vaks with *ANY* of LumiraDx's employees including former employees and contractors." Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant has reviewed its responses and determined that, to the best of its knowledge, it has provided all information regarding communications responsive to this Interrogatory that are relevant to Plaintiff's claims under the ADEA.

**INTERROGATORY NO. 16 (Internal harassment complaints)**

Did any of LumiraDX employees complain to anybody internally or externally about harassment, hostile environment, discrimination or retaliation during 2016-2018? Provide and describe in detail every written and verbal complaint against discrimination, harassment, hostile environment, retaliation or similar complaints made by Company's employees during this period of time. Include and describe:

a) the identity of each complainant by name and job title;

b) the identity by name and job title of each alleged person involved or mentioned in the complaint;

a) timeline of each event;

b) the circumstances surrounding each complaint;

c) Company's policies and practices dealing with employee's complaints including but not limited to investigation and remedial polices;

6

d) the name, address, and job title of each person responsible for investigating and enforcing the policy;

e) experience and qualification of every investigator;

f) names of witnesses and methods of their selection you interviewed during the investigation;

g) documents reviewed;

h) details findings of each investigation;

i) actions and remedies taken as the result of investigations by Defendant employer in response to each complaint;

j) settlement agreements;

k) whether you reported these complaints to TriNet;

l) how Defendants communicate the results of investigations to impacted employees.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant states that other than the complaints previously described in Defendant's August 23, 2019 response, Defendant did not receive any other complaints responsive to this Interrogatory.

**INTERROGATORY NO. 19 (Code of Conduct violations)**

Did Defendants have any knowledge, aware or anybody brought to their attention possible Code of Conduct violations related to the quality of the product? Provide details regarding your investigation in potential Code of Conduct violations. Describe actions taken as the result of your investigation. Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant did not receive any code of conduct violation complaints other than the complaint made by Plaintiff.

**INTERROGATORY NO. 20**

Describe in details the reason, substance and outcome of the November 1st, 2017 meeting between Ms. Vaks and Mr. LeBlanc. Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections, and in addition to the response previously provided by Defendant on August 23, 2019, which is incorporated herein by reference, Defendant states that Mr. LeBlanc did not take any written notes during the meeting with Plaintiff on or about November 1, 2017.

**INTERROGATORY NO. 22 (Analysis of similarly situated employees):**

Identify and describe in detail Mr. Quinlan's, Mr. Byng-Clarke's, Mr. Armstrong's, Ms. Adams's, Mr. Storch's, Ms. Fahlbeck's, Ms. Cassandra Boell's, Ms. Isabelle Pallanca, Mr. Saumil Jain, Ms. Smitha Rao's and Mr. Paul Olore's work experience and history with Defendant LumiraDX. For each named persons provide:

a)   dates of hire and separation (if applicable);

b)   education and technical skills; specifically include experience in software development, software quality assurance, software development life cycle (SDLC) and agile methodology; include all certification if applicable;

c)   job titles and responsibilities and changes in job titles and responsibilities; dates employed in each position; dates and reasons of changes in titles and duties;

d)   compensation during each person's employment, including bonuses and stock options awarded; any changes in compensation, reasons and circumstances for such changes, timeline and who was responsible for recommending and implementing those changes;

e)   attendance record, performance and productivity in his/hers assigned duties during the course of his/hers employment; frequency and procedures for evaluating of the named person's job performance;

f)   names of any and all of the named persons' supervisors and changes in supervisions; the circumstances and dates of the implemented changes;

g)   the dates during which each individual served as supervisor and changes to their subordinates; the circumstances and dates of the implemented changes;

h)   if the named person was ever promoted/demoted during the course of his/her employment, describe the cause of such promotion and the procedures followed and exact dates of those events;

i)   if the named person was deficient as to any of the criteria listed above in answer b)-c), describe in detail the nature of such deficiencies and specific impact on the business; provide facts related to each instance (who, how and when these deficiencies were determined, action plans to address them);

j)   whether the named person had improved the described deficiency;

k)   if the named person was engaged in any violations of the Code of Conduct, describe in detail date, substance, circumstances and the Company's actions addressing those violations

l)   if the named person was ever disciplined, counseled, reprimanded or any other actions were taken during the course of his/her employment, describe the cause of such discipline and the disciplinary procedures followed and exact dates of those procedures;

m)   if the named person was terminated or resigned, provide dates and describe reasons and circumstances of the event and processes followed.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 22:**

Defendant objects to this Interrogatory because it is improperly compounded, insofar as it inquires as to the basis of multiple individuals that are not logical extensions of one another. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory in that it seeks personal and confidential information regarding individuals other than Plaintiff. Defendant further objects to this Interrogatory, as only one of the individuals listed therein, Adrian Byng-Clarke, was similarly situated to Plaintiff, and thus the information requested as to all other named individuals has no relevance to Plaintiff's claims under the ADEA. Information regarding the positions held by each individual referenced in this Interrogatory can be obtained from the organizational charts previously produced by Defendant as Bates Nos. LumiraDx_0000098-99. Answering further, Mr. Byng-Clarke was employed by Defendant as a Director of Engineering. He was terminated on the same day as Plaintiff, January 4, 2018, also as part of the reorganization.

**INTERROGATORY NO. 23 (Affirmative Defense):**

For each affirmative defense separately identify grounds and state the factual basis that supports your defense:

a) provide exact dates for each fact stated;

b) state the names and addresses of all persons with knowledge of any facts or information relevant to any of the claims made by Ms. Vaks in the lawsuit and Defendants' affirmative defense.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 23:**

Defendant objects to this Interrogatory because it is improperly compounded, insofar as it inquires as to the basis of multiple affirmative defenses that are not logical extensions of one

another. Defendant further objects to this Interrogatory because it seeks Defendant's theory of the case as well as legal conclusions and is thus improper for an Interrogatory. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Interrogatory as premature because discovery has not been completed and information that is likely responsive to this Interrogatory may still be produced by Plaintiff. Defendant reserves the right to supplement its answer to this Interrogatory. Subject to and without waiving these specific objections, each of which are incorporated by reference to the responses below, Defendant answers as follows:

1. **Plaintiff has failed to state a claim upon which relief may be granted**: The allegations in Plaintiff's Second Amended Complaint ("SAC") fail to state a claim for relief that is plausible on its face under the ADEA. The evidence put forth thus far is wholly insufficient to support a claim under the ADEA. Specifically, Plaintiff's SAC, and the discovery provided by Plaintiff to date is entirely void of facts that would support a claim for discrimination, retaliation or hostile work environment under the ADEA. Plaintiff has failed to put forth any evidence regarding: (i) alleged comparators; (ii) Defendant subsequently filling Plaintiff's position following her termination; (iii) any protected activity in connection with her age discrimination claims; and/or (iv) any allegations that the purported harassment she complains of was based on her age.

2. **The injuries allegedly sustained by Plaintiff were not proximately caused by the conduct of LumiraDx**: To date, Plaintiff has failed to present any evidence to establish that her damages were proximately caused by the conduct of Defendant.

11

To the contrary, the evidence produced by Defendant unequivocally indicates that Plaintiff's own performance failures contributed to her termination.

3. **Plaintiff has failed to establish that LumiraDx's stated reasons for taking any adverse employment actions were illegitimate, discriminatory, retaliatory or pretextual**: To date, Plaintiff has failed to present any evidence to establish that her termination, or any other alleged adverse employment action, was illegitimate, discriminatory, retaliatory or pretextual. Defendant has put forth documentary evidence, which will be supplemented by deposition testimony, establishing Defendant's legitimate and non-discriminatory business reasons for Plaintiff's termination. Specifically, these reasons include, but are not limited to, the status of Defendant's business at the time of Plaintiff's termination, Plaintiff's role and Defendant's future needs going forward, and Plaintiff's performance. Defendant denies that any other adverse actions were taken against Plaintiff on the account of her age.

4. **Plaintiff's claims are barred in whole or in part by the applicable statute of limitations**: To the extent Plaintiff is alleging discrimination, retaliation or hostile work environment in connection with any events that took place prior to June 10, 2017, those claims are barred by the applicable statute of limitations.

5. **Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands**: Plaintiff extensively negotiated a separation and release agreement (the "Agreement") with Defendant, which knowingly included a release of all of Plaintiff's claims in connection with her employment. Plaintiff was well aware of the significance and implications of the agreement that she executed. Despite

Plaintiff's execution of the Agreement, Plaintiff nonetheless sought to pursue litigation against Defendant on the exact claims that she released. In addition, Plaintiff took actions throughout her employment that directly contributed to her termination. Specifically, Plaintiff's management style and means of communication with her colleagues led to complaints from numerous colleagues, as well as resignations from colleagues. In addition, Plaintiff was insubordinate towards her superiors and created a hostile work environment within her department.

6. **Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel**: Plaintiff extensively negotiated a separation and release agreement (the "Agreement") with Defendant, which knowingly included a release of all of Plaintiff's claims in connection with her employment. Plaintiff was well aware of the significance and implications of the agreement that she executed. Despite Plaintiff's execution of the Agreement, Plaintiff nonetheless sought to pursue litigation against Defendants on the exact claims that she released.

7. **Plaintiff's claims are barred because LumiraDx acted reasonably and in good faith at all times**: Defendant has put forth documentary evidence, which will be supplemented by deposition testimony, establishing Defendant's legitimate and non-discriminatory business reasons for Plaintiff's termination. Specifically, these reasons include but are not limited to, the status of Defendant's business at the time of Plaintiff's termination, Plaintiff's role and Defendant's future needs going forward, and Plaintiff's performance.

8. **Plaintiff's alleged damages, which are expressly denied, are barred due to Plaintiff's failure to mitigate**: To date, Plaintiff has failed to put forth sufficient evidence regarding her efforts to mitigate damages following her termination from Defendant. Defendant intends to obtain additional information regarding Plaintiff's purported mitigation efforts at Plaintiff's deposition. Furthermore, any damages available to Plaintiff would be subject to offset by the severance Plaintiff received in exchange for her execution of the Agreement.

9. **Plaintiff has failed to establish any basis for asserting compensatory and/or punitive damages**: Neither compensatory nor punitive damages are available remedies within the First Circuit under the ADEA.

10. **Plaintiff's claims are barred because LumiraDx did not act willfully, intentionally, maliciously, or recklessly**: Defendant has put forth documentary evidence, which will be supplemented by deposition testimony, establishing Defendant's legitimate and non-discriminatory business reasons for Plaintiff's termination. Specifically, these reasons include but are not limited to, the status of Defendant's business at the time of Plaintiff's termination, Plaintiff's role and Defendant's future needs going forward, and Plaintiff's performance. Plaintiff has yet to put forth any evidence establishing that Defendant acted willfully, intentionally, maliciously, or recklessly.

11. **Plaintiff's Complaint is wholly insubstantial, frivolous, and not advanced in good faith, entitling LumiraDx to costs and reasonable attorneys' fees:** Plaintiff has yet to put forth any evidence establishing the validity of Plaintiff's claims under the ADEA. To the contrary, Defendant has put forth documentary

evidence, which will be supplemented by deposition testimony, establishing that there is no basis in fact or law for Plaintiff's claims. Despite the uncontroverted evidence put forth by Defendant thus far, Plaintiff continues to pursue her claims which are entirely unsubstantiated.

## **VERIFICATION**

I have been authorized to execute this verification on behalf of LumiraDx, Inc. The answers are based on, and necessarily limited by, the information and records thus far discovered in the course of responding to discovery requests and preparing answers to interrogatories, and currently available to LumiraDx. While I may not have personal knowledge of all the facts recited in these responses, the responses were prepared with the assistance and advice of counsel, upon whose advice I have relied; that the facts stated, subject to the limitations set forth herein, are true to the best of my knowledge, information and belief. LumiraDx reserves the right to make any changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or that more accurate or complete information has become available.

Dorian LeBlanc
Chief Financial Officer
LumiraDx, Inc.

As to objections:

*/s/ Gauri P. Punjabi*

_____
Gauri P. Punjabi (BBO #675781)
Jennifer R. Budoff (admitted *Pro Hac Vice*)
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
GPPunjabi@mintz.com
JRBudoff@mintz.com

Dated: September 20, 2019

17

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019, I caused a true copy of the above document to be served upon the Plaintiff Rimma Vaks via PDF electronic mail and U.S. First Class Mail as follows:

> Rimma Vaks, *Pro Se*
> 103 Puritan Lane
> Swampscott, MA 01907
> (781) 581-6994
> urmonkey@verizon.net
> Rimma.Vaks@verizon.net

_____
Gauri P. Punjabi

91281159v.2