UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| RIMMA VAKS | I |
| Plaintiff, | I |
| | I |
| v. | I |
| | I |
| TOM QUINLAN, DORIAN LEBLANC and | I |
| LUMIRADX | I |
| Defendants | I |

Civil Action
1:18-cv-12571-LTS
JURY TRIAL DEMAND

## **LETTER to DEFENDANT LUMIRADX, INC.'S regarding its RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (SUPPLEMENT)**

I have had an opportunity to review Defendant's Responses to Plaintiff's First Set of Interrogatories and Production of Documents. These raise several issues that I must bring to Defendant's attention. I do not believe that the Responses to the Production of Documents and Answers to Interrogatories I have received represent a good faith effort to provide discovery. This appears to be an exercise in legal maneuvering rather than the real, good faith effort to provide discovery that is contemplated by the Federal Rules. I'd like to lay out my concerns in hopes that you will modify your answers and responses without the need to involve the court. Please let me have a prompt response so that we can agree on as many of these issues as we are able, and if needed, present the remainder to the Court for resolution.

## **COMMON DEFICIENCIES**

1.      Defendant included sixteen(16) "General Objections" in Responses to Production in fifteen(15) in Answers to Interrogatories. The Federal Rules of Civil Procedure have long stated that "the grounds for objecting to an interrogatory must be stated with specificity" and since December 1, 2015 the Federal Rules also state that, with regard to discovery requests, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B).

The "General Objections" also violate Rule 34(b)(2)(C)'s requirement to indicate if responsive material is being withheld on the basis of a specific objection.  The word "specificity" in both rules precludes generic "General Objections".  *See, e.g., Sagness*, 2017 WL 1183988, at *2 ("Objections to interrogatories and requests for production of documents must be stated with specificity…. General blanket objections do not meet these specificity requirements and will be disregarded by this court."). Courts have made clear that they are ineffective for much more than wasting space and annoying judges and that lawyers should stop interjecting them.  *See, e.g., Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) (Peck, Mag.); *Sagness v. Duplechin*, 2017 WL 1183988, at *2 (D. Neb. Mar. 29, 2017) (Zwart, Mag.); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 2017 WL 976626 (N.D. Iowa Mar. 13, 2017); *Cafaro v. Zois*, 2016 WL 903307, at *1 (S.D. Fla. Mar. 9, 2016) ("Boilerplate objections may also border on a frivolous response to discovery requests." citing *Steed v. Everhome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009)); *Heller v. City of Dallas*, 303 F.R.D. 466, 482-85 (N.D. Tex. 2014) ("Counsel should cease and desist from raising these free-standing and purportedly universally applicable 'general objections' in responding to discovery requests."); *Waldrop v. Discover Bank (In re Waldrop)*, 560 B.R. 806, 810 (Bankr. W.D. Okla. 2016). General objections preserve ***nothing***. *See Liguria Foods*, 2017 WL 976626, at *11 ("[T]he idea that … general or 'boilerplate' objections preserve any objections is an 'urban legend.'" quoting Matthew L. Jarvey, *Boilerplate Discovery Objections: How They Are Used, Why They Are Wrong, and What We Can Do About Them,* 61 Drake L. Rev. 913, 926 (2013)).

Sixteen (16) times Defendant referred to "General Objections" in Defendant's Answers to Interrogatories and twenty nine (29) times in Defendant's Responses to the request for production by stating a response is "subject to and without waiver of these General Objections". Simply stating a response is "subject to" one or more general objections does not satisfy the "specificity" requirement as it fails to identify for the propounding party which general objection is applicable, whether documents are being withheld, or whether the response is complete.

2.      Twenty one times Defendant stated that "Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control". However, this statement is incompliant with the Rule 34(b)(2)(B) which requires *"the production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response. When it is necessary to make the*

*production in stages the response should specify the beginning and end dates of the production."*
Not once Defendant specified the time it will produce requested documents.

3.       Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state
whether anything is being withheld on the basis of the objection. Because Defendant have not
mentioned what document were withheld Defendant violated the "specificity" requirement
mandated by Rules 33 and 34.

4.       In addition to General Objections, twenty (12) times (interrogatories) and seventeen(17)
times (production) Defendant asserted attorney-client or attorney work product privilege without
providing a single statement whether any responsive materials were withheld based on that
privilege. That violates FED. R. CIV. P. 34(b)(2)(C) which states that: "An objection must state
whether any responsive materials are being withheld on the basis of that objection." Privileged
material is already excluded from the scope of discovery under Fed. R. Civ. P. 26(b)(1) and a
generic assertion of privilege is, in and of itself, **useless** under Fed. R. Civ. P. 26(b)(5)(A)(ii).  *See*
*Schultz v. Sentinel Ins. Co., Ltd.*, 2016 WL 3149686, at*7 (D. S.D. Jun. 3, 2016) ("boilerplate
'general objections' fail to preserve any valid objection at all because they are not specific to a
particular discovery request and they fail to identify a specific privilege or to describe the
information withheld pursuant to the privilege"). Privilege logs would have exposed whether any
privilege documents actually exist, but Defendant failed to provide ones. An objection based on
privilege without providing a log or list of the withheld documents is deficient and "hamper[s],
rather than facilitate[s]" the issue of privilege in discovery. *Liguria Foods,* 2017 WL 976626, at
*11 (failure to provide privilege log renders privilege objections ineffective). To comply with the
requirements to support withholding any responsive document or information as privileged, a
privilege log or equivalent document complying with Fed. R. Civ. P. 26(b)(5)(A)'s requirements
must be produced for any documents, communications, or other materials withheld from
production on the grounds of attorney-client privilege, work product, or other privilege, immunity,
or protection.  Failure to timely articulate and support privilege objections results in a waiver. As
the 1993 Advisory Committee Notes to Rule 26 state: "A party must notify other parties if it is
withholding materials otherwise subject to disclosure…pursuant to a discovery request because it
is asserting a claim of privilege or work product protection. To withhold materials without such
notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be
viewed as a waiver of the privilege or protection." Indeed, "the number of cases that hold there is

a waiver where a responding party fails to timely and specifically plead and prove a privilege are legion." _Ford Motor Co. v. Ross,_ 888 S.W.2d 879, 893 (Tex. Ct. App. 1994). See also _TIG Ins. Corp. of Am. v. Johnson_, 799 So. 2d 339 (Fla. 4th DCA 2001), and cases cited therein.

Withholding materials without notice is contrary to Rule 26 and may also result in sanctions. Fed. R. Civ. P. 26(b)(5)(A) (requiring description of "documents, communications, or things not produced or disclosed" so that other parties can "assess the applicability of the privilege or protection"); _Ramirez v. County of Los Angeles_, 231 F.R.D. 407, 410 (C.D. Cal. 2005) ("Failure to provide sufficient information may constitute a waiver of the privilege."); _Third Party Verification, Inc. v. SignatureLink, Inc_., No. 6:06–cv–415–Orl–22DAB, 2007 WL 1288361, at *2 (M.D. Fla. May 2, 2007).

Thus, Defendant has waived its unsupported assertions of privileges.

5.      Twenty eight (28) times (interrogatories) and three (3) times (production) Defendant asserted that objections are "overly broad"; twenty five (interrogatories) and thirty four (production) times "unduly burdensome". Absent more, these objections are useless. _See Fischer_, 2017 WL 773694, at *3 ("[S]tating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate.  Why is it burdensome?  How is it overly broad?  This language tells the Court nothing."); _Heller_, 303 F.R.D. at 490-91("the party resisting discovery [must] show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden"). Failing to do so makes such an unsupported objection nothing more than unsustainable meritless ineffective boilerplate.

6.      Forty three (43) times (production) and twenty (20) times (interrogatories) Defendant invoked objection as to relevancy of the requests "to Plaintiff's claims under the ADEA". The responding party should _**make a specific objection explaining how and to what extent the requested documents or information are not relevant and discoverable under the Fed. R. Civ. P. 26(b) standard and stand on that objection as to the portion of the request that is so objectionable while specifically describing the portion of the request to which the responding party is answering or producing documents**_. Courts consistently held that "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. _Curtis v. Metropolitan Life Insuranc_e, No. 3:15-cv-2328-B, citing _McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,_ 894 F.2d 1482, 1485 (5th Cir. 1990).  "The court in _Josephs_ held that the "party resisting discovery `must show specifically how . . . each interrogatory is not relevant or

how each question is overly broad, burdensome or oppressive.'" *Id.* at 992 (quoting *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296-97 (E.D.Pa. 1980)). *Josephs v. Harris Corp.,* 677 F.2d 985, 991-92 (3d Cir. 1982)( ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how … each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'"). As concluded above, such objection is a meritless ineffective boilerplate.

7.      In addition to General Objections, three times Defendant invoked "not reasonably calculated to lead to the discovery of admissible evidence". **This is no longer a valid objection**. *See Fischer*, 2017 WL 773694, at *3 ("The 2015 amendments deleted that language from Rule 26(b)(1), and lawyers need to remove it from their jargon."); *In re Bard IVC Filters Prods. Liability Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("The 2015 amendments … eliminated the 'reasonably calculated' phrase as a definition for the scope of permissible discovery. Despite this clear change, many courts continue to use the phrase. Old habits die hard."). The Federal Rules of Evidence regarding admissibility exist for a reason. Such objection is meritless and ineffective.

8.      Five times (three interrogatories and two production) Defendant raised objection as premature. The court in *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 2017 WL 976626 (N.D. Iowa Mar. 13, 2017) noted that an objection that a discovery request is premature is baseless as the discovery was propounded after the time specified in Fed. R. Civ. P. 26 and there is no limitation on the sequence of discovery. Such objection is rendered meritless and ineffective.

9.      Three times Defendant objected to interrogatories to the extent that they call for legal conclusions. Fed. R. Civ. P. 33(a)(2) provides that an interrogatory is not objectionable simply because it "asks for an opinion or contention that relates to … the application of law to fact….". Defendant's objection is meritless and ineffective.

10.     Defendant asserted that it reserve the "right" to supplement responses. Parties are ***required*** to supplement their responses under Civil Rule 26(e)(1). *See Heller*, 303 F.R.D. at 484. This "objection" is pointless.

11.     Thirteen times Defendant objected to requests for production and four time to interrogatories as they are "vague". If a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground. *Consumer Elecs. Ass'n v. Compras*

*& Buys Magazine, Inc.*, 08-21085-CIV, 2008 WL 4327253, at *2 (S.D. Fla. 2008).

Nevertheless, Plaintiff, will clarify Defendant's specific objections as to vagueness. Please, supplement Defendant's responses accordingly within 7 days.

12.     Eleven (11) times (production) plus four(4) times (interrogatories) Defendant used "confidentiality"   objection. **Defendant cannot declare that documents contain "confidential and personal protective information" to avoid discovery. "Confidential" does not mean privileged**. This objection is ineffective.

13.     Fifteen times (interrogatories) and fifteen times (production) Defendant answered "subject to" or "without waiving" the objection. First, the rules do not on their face give a party that option. Rule 33, relating to interrogatories, states: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). Similarly, Rule 34(b)(2), relating to RFPs, provides that a responding party shall state in writing what documents will be produced, and that if objection is made to part of the request, the objection must specify the part and permit inspection of the rest. Rule 36(a), relating to requests for admission, contains substantially the same language. Thus, a responding party is given only two choices: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices. Secondly, although the practice is common, the only reported decision this court has found that directly addresses the question is *Meese v. Eaton Mfg. Co.,* 35 F.R.D. 162, 166 (N.D. Ohio 1964), which held that "[w]henever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands." *See also,* Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2173: "A voluntary answer to an interrogatory is also a waiver of the objection." *Mann et al v. Island Resorts Development Inc et al,* Northern District of Florida, flnd-3:2008-cv-00297.

14.     All Documents Defendant produced al in .pdf format. Even after Plaintiff objected to the format of the produced documents, Defendant bluntly refused to comply with Federal Rules asserting that it "have satisfied our responsibility by producing documents as they were kept in the usual course of business". Furthermore, even and in spite of Plaintiff's objection to the format, Defendant referred to these documents in its answers to Interrogatories. The referenced documents are unacceptable and cannot be used in the answers to interrogatories and production of documents since they do not comply with Rule 34(b)(2)(E)(i). Courts have ruled that "If a party elects to produce documents as they are kept in the usual course of business, that party bears the burden of

showing that the natural organization of the documents makes finding critical documents reasonably possible." *Echavarria v. Roach, Dist*. Court, D. Massachusetts 2018. "A party demonstrates that it has produced documents in the usual course by revealing information about where the documents were maintained, who maintained them, and whether the documents came from one single source or file or multiple sources or files." *Enargy Power (Shenzhen) Co. v. Xiaolong Wang,* No. CIV.A. 13-11348-DJC, 2014 WL 4687542, at *4 (D. Mass. Sept. 17, 2014) (citing *Valeo Elec. Sys., Inc. v. Cleveland Die & MfgCo.,* No. 08-CV-12486, 2009 WL 1803216, at *2 (E.D. Mich. June 17, 2009) (unpublished) (citation omitted)). A party which opts to produce documents as maintained in the usual course of its business bears the burden of demonstrating that the documents were produced in this manner. *Stillwagon v. Innsbrook Golf & Marina, LLC,* No. 2:13-CV-00018-D, 2014 WL 1652562, at *4 (E.D.N.C. Apr. 23, 2014) (citing *DE Techs, Inc. v. Dell, Inc.,* 238 F.R.D. 561, 566 (W.D.Va. 2006)). "A party produces emails in the usual course when it arranges the responsive emails by custodian, in chronological order and with attachments, if any. *MGP Ingredients, Inc. v. Mars, Inc.,* No. 06-2318-JWL-DJW, 2007 WL 3010343, at *2 (D. Kan. 2007). For non-email ESI, a party must produce the files by custodian and by the file's location on the hard drive-directory, subdirectory, and file name. *Id.* Moreover, even assuming that inclusion of references to incompliant documents is allowed, Bates-labeled the documents in Defendant's answers do not exist.

Defendant must produce all the requested documents in the format maintained in the usual course of business.

15.     Only Interrogatory Nos. 4, 14 and 19 have specific though incorrect objections. Plaintiff clarified these question and now Defendant must answer them.

***SPECIFIC DEFICIENCIES OF DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES***

**INTERROGATORY NO. 2 (Inaccuracy or False Statements of Facts):**

Identify each and every allegation in Plaintiff's Second Amended Complaint filed in this lawsuit which you assert is false or inaccurate and specifically describe in detail all facts, proof, or evidence that you claim prove these allegations to be false or inaccurate, and identify the true or accurate facts which demonstrate or prove the falsity or inaccuracy of such allegations. Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant

further objects to this Interrogatory on the grounds that it seeks Defendant's theory of the case and legal conclusions and is thus improper for an Interrogatory. Defendant further objects to this Interrogatory as premature. Plaintiff has yet to provide testimony in this matter and/or produce sufficient discovery and thus Defendant cannot yet fully respond to this Interrogatory. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Plaintiff is referred to Defendant's Answer to Plaintiff's Second Amended Complaint, in which Defendant has already identified in detail each allegation which it asserts is false or inaccurate. Answering further, Defendant will supplement its response, if necessary, as discovery continues.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, all of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Moreover, "The answer to an interrogatory must be responsive to the question; it should be complete in itself and should not refer to other documents." *Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.,* 55 F.R.D. 354, 356 (W.D. Mo. 1972). See also, *Dipietro v. Jefferson Bank,* 144 F.R.D. 279, 282 (E.D. Pa. 1992) ("The general rule is that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents."). Defendant's answer simply directs Plaintiffs to other documents, and, therefore, Defendant has not fully responded to this Interrogatory in compliance with Rule 33.

Please provide complete answers to this interrogatory.

## INTERROGATORY NO. 3 (Impeachment):

Identify and describe any alleged grounds to impeach Ms. Vaks, including any evidence of prior bad acts, whether they be criminal or otherwise, identify the grounds for impeachment, any witness or other person with knowledge of relevant facts, and the date of the actions that form the basis for impeachment, and all evidence that supports your alleged grounds for impeachment. Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 3:

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory on the grounds that it seeks Defendant's theory of the case and legal conclusions and is thus improper for an Interrogatory. Defendant further objects to this Interrogatory as premature. Plaintiff has yet to provide testimony in this matter and/or produce sufficient discovery and thus Defendant cannot yet fully respond to this Interrogatory. Defendant will supplement its response, if necessary, as discovery continues.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, all of the objections in Defendant's answer here are groundless and, therefore, invalid or waived.
Please provide complete answers to this interrogatory.

## INTERROGATORY NO. 4 (Jobs Administration)

State whether you maintain descriptions for all positions or job titles, salaries in the Defendant, and, if so, for the position descriptions in effect on the date of your answers to these interrogatories, state:

a)  the location and name of the files or records containing the position descriptions;
b)  the name, office address, and title of the custodian of the files or records set in your answer to preceding subparagraph of this interrogatory;
c)  the name and office location of the department or operational unit responsible for salary administration, and state the name, office address, and title of the person in charge of salary administration;
d)  a list of all grades, and what is designated by each (e.g., management, non-management, department);
e)  the salary range for each grade level by department;
f)  whether all positions in the defendant employer are included in this wage schedule, and, if not, the names and descriptions of all positions not included;
g)  the number of employees in each wage schedule as described in your answer to the preceding interrogatory by department;
h)  the ages for each employee by department.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 4:

Defendant objects to this Interrogatory as unintelligible in that it requests "whether you maintain descriptions for all positions or job titles, salaries in the Defendant", and Defendant does not know what is meant by "in the Defendant". Defendant further objects to this Interrogatory in that it seeks information regarding "all positions or job titles" and is thus overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, all of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. While, Plaintiff could have said "in LumiraDx" instead of "in the Defendant". However, Defendant's objection would *only* be valid if the question is totally unintelligible. A party has a duty to answer if "the nature of the information

sought is apparent." *Deyo v. Kilbourne* (1978) 84 CA 3d 771, 783. Here, the sophisticated Defendant and its legal counsels did not have any issue understanding the meaning and intent of this question. Hiding behind "unintelligible" only magnifies the Defendant resistance to cooperate with the discovery. Thus, please provide complete answers to this interrogatory.

### INTERROGATORY NO. 5 (Employment History):

Identify and describe in detail Ms. Vaks' employment history with Defendant LumiraDX, describe each documents supporting your statements including:

a) the date of the hiring;
b) the educational level and technical skills attained at the time of the hiring;
c) the job title, grade, or salary level, rate of pay and stock options issued at the date of hire;
d) the department or operational unit assigned at the date of hire;
e) duties and responsibilities for each position of employment she held, specifying for each the grade of salary level, the rate of pay, the department or operational unit to which assigned, and the inclusive dates the job title was held;
f) names of any and all her supervisors and the dates during which each individual served as her supervisor;
g) names of any and all direct reports at the time of the hiring and during her employment with defendant employer;
h) any changes in direct reports since her hiring, specifying dates of the changes and reasons for changes;
i) any changes that occurred to Ms. Vaks' duties and responsibilities during her entire employment with Defendant; dates of these changes and how they were implemented; the process that was used and how these changes were communicated to employees;
j) all salary increases, bonuses paid given since date of hire, and the dates on which each increase became effective;
k) recognitions, awards, write ups or reprimands formal or informal she received while employed by the defendant employer specifying methods by which it was accomplished and dates for each, and
l) attendance record during the employment.

Describe each document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

### RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to this Interrogatory in that it seeks information already in Plaintiff's possession. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant refers Plaintiff to documents

Bates-labeled LumiraDx_0000060-77. Answering further, Defendant states that at the time of hire, Plaintiff's supervisor was Rosy Leo. Thereafter, Ms. Vaks was supervised by Tom Quinlan from June 2017 through her date of termination. Plaintiff's direct reports were Smitha Rao, Greg Brown and Darcy Adams. No changes occurred to Ms. Vaks' duties and responsibilities during her employment with Defendant.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, all of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. The request about Plaintiff's job responsibilities and performance are essential and relevant to her discrimination and retaliation claims. Withholding it constitutes obstruction of discovery. Please answer each and every bullet of this Interrogatory.

**INTERROGATORY NO. 6 (Ms. Vaks' Performance): Fahlbeck**

Identify and describe Ms. Vaks performance during her employment with Defendant LumiraDX including but not limited to Ms. Vaks' level of competency, compliance with the company's policies and Code of Conduct.  Describe:

a)  when, how and who evaluated her performance;
b)  each and every ground relied upon, known, and/or heard by Defendant to indicate that Ms. Vaks did or did not perform satisfactory work for Defendant LumiraDX;
b)  the exact date that any person employed by the defendant employer learned of each detail and fact;
c)  the name and address of each person employed by Defendant employer who learned of each detail and fact;
d)  how Defendant employer addressed the criticism and deficiency;
e)  how Defendant employer addressed her accomplishments;
f)  whether Ms. Vaks' job performance improve following criticism;
g)  how did Defendant record these issues.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections or the foregoing General Objections, information regarding Ms. Vaks' performance during her employment with Defendant can be obtained from the documents Bates-labeled LumiraDx_0000013-57 and LumiraDx_0000167-170, and Plaintiff is referred thereto.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, all of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. The information about Plaintiff's performance is essential and relevant to her discrimination and retaliation claims. Withholding it constitutes obstruction of discovery. Please provide detail answer to the Interrogatory.

## INTERROGATORY NO. 7: (Ms. Vaks' replacement)

Did you or anybody on your behalf advertise, hire or attempted to hire a replacement for Ms. Vaks position as a manager of Software Development Department and Agile Transformation Manager/Coach/Specialist to support the Company's Agile Processes before and after Ms. Vaks was terminated? Describe in details people involved in the decision to find replacements, when and how it was executed, document supporting your statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 7:

Defendant objects to this Interrogatory in that Plaintiff never held the position of "manager of Software Development Department and Agile Transformation Manager/Coach/Specialist," nor did such position ever exist. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant did not advertise Plaintiff's position after Plaintiff's termination, nor did Defendant hire anyone to replace Plaintiff after Plaintiff's termination.

**Specific deficiencies:**

This request is directing Defendant to provide information regarding hiring, attempted hiring and/or advertising replacements for Plaintiff's ***job responsibilities not titles*** of managing Software Development Department and Agile Processes for Defendant ***before and after*** she was terminated. The answer is evasive and obstructive. Please provide detail answer if Defendant attempted or replaced Plaintiff's job responsibilities of managing engineering department and agile processes either before or after her termination.

## INTERROGATORY NO. 8: (Mr. Storch's hiring)

Describe in details the process of hiring Mr. Storch. Provide details:
a)   when and how the position was advertised, searched (recruiting agencies, job boards, people involved or any other means);
b)   the job description for the position;
c)   who and when created the job description;
d)   list all candidates and interviewers for potential candidates;
e)   the selection process in step by step detail as to how candidates were evaluated and selected for the subject position;

f)   list of people who interviewed Mr. Storch;

g)   list of decision makers for hiring Mr. Storch;

h)   describe all negotiation leading to hiring.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 8:

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks confidential information regarding individuals other than Plaintiff. Subject to and without waiving these specific objections or the foregoing General Objections, Defendant previously produced documents Bates-labeled LumiraDx_0000146-162 regarding Mr. Storch's hiring and Plaintiff is referred thereto.

### Specific deficiencies:

As discussed in <u>COMMON DEFICIENCIES</u>, all of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Please provide complete answer to the Interrogatory.

## INTERROGATORY NO. 9: (Statistical analysis of policies and practices)

Provide the list of all employees hired, terminated and promoted in 2017 – 2019, their job duties and responsibilities, positions, reasons for termination. Describe rules, policies and procedures the Company follows for hiring, interviewing, promoting and terminating employees. Identify:

a)   names of hired, terminated promoted employees;

b)   age and sex;

c)   titles and positions of above named employees;

d)   their compensation at the time of hiring, terminating or promoting;

e)   timeline for each event;

f)   reasons for each event;

g)   names of decision makers for each event;

h)   names of people responsible for creating and maintaining such policies and procedures;

i)   timeline for creating and changing of any of these policies;

j)   how these policies are stored and communicated to employees;

k)   names of persons responsible for interviewing and hiring;

l)   names of persons responsible for promoting;

m)   names of persons responsible for terminating.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory because it is improperly compounded, insofar as it contains multiple subparts that are not logical extensions of one another. Defendant further objects to this Interrogatory in that it is overly broad and unduly burdensome and not proportional to the needs of this case. Defendant objects to this Interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory in that it seeks information unrelated to Plaintiff's claims under the ADEA. Defendant further objects to this Interrogatory in that it seeks confidential information regarding individuals other than Plaintiff.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, all of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. This Interrogatory should be treated as a single one as "Subparts relating to a "common theme" should generally be considered a single interrogatory. *Safeco,* 181 F.R.D. at 444 (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168. 1, at 261 (2d ed.1994))." This approach is most consistent with the intent of the discovery rules to provide information, not hide information, within reasonable limits."); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1, at 261 (2d ed. 1994) ("[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of the area inquired about may be disputable.")*; Federal Trade Commission v. Nationwide Connections, Inc.*, 2007 WL 2462015 (S.D.Fla.2007) (finding that subparts of interrogatory were logically subsumed within and necessary to the primary question). *Accord Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 620 (D.Kan.2005) (citing 8A Wright & Miller, Federal Practice and Procedure § 2168.1 at 261 (2d ed. 1994) (adopting a "common theme" approach, stating that "it would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable.

At least one Court addressed a similar Interrogatory and found that it constitutes a single question: "No. 7 asks for information about every employee of Plaintiff who has quit, been fired, or resigned since January 2000, with their addresses, and the date they terminated their employment. These are related and connected questions." *Forum Architects, LLC v. Candela*, 1:07CV190-SPM/AK, 2008 WL 217119, at *1-3 (N.D. Fla. 2008). Please provide complete

answers to each bullet of this interrogatory.

## INTERROGATORY NO. 10: (Ms. Vaks' termination)

Identify each individual who proposed, participated and had knowledge or provided any information which was considered in reaching the decision to terminate Ms. Vaks' employment including each individual you consulted with and/or who advised you. Identify and describe:

a)   timeline (proposal, initiation, communication, and conclusion);
b)   identify every document including termination policies which was considered in making the decision to terminate her;
c)   state every reason for Ms. Vaks' termination in complete detail;
d)   for each reason given, state in complete detail all dated facts upon which Defendant  base Defendant's contention that the reason was an actual reason for plaintiff's termination;
e)   describe in detail any personnel related issues that influenced Defendant's decision to terminate Ms. Vaks;
f)   state the name of every natural person who has knowledge of any the fact stated in Defendant's response;
g)   Describe in detail every communication of any alleged reason for plaintiff's termination by any employee of LumiraDX Corp to any person employed or not employed by LumiraDX. Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 10:

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the foregoing General Objections, Dorian LeBlanc and Tom Quinlan were involved in the decision to terminate Plaintiff. The decision to terminate Plaintiff was based on: (1) Defendant's need to reduce the size of its software teams as a result of Defendant's decision to exit customer contracts, which resulted in the need for less staff to work on new software development related to Defendant's Health Information Exchange ("HIE") platform; and (2) Plaintiff's lack of suitability for other roles or contributions within the company based on her inability to work collaboratively and her apparent unwillingness to adopt the future path of the business operations.

### Specific deficiencies:

As discussed in COMMON DEFICIENCIES, all of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Please provide complete answers to each bullet of the Interrogatory.

## INTERROGATORY NO. 11: (Internal issues)

Describe in detail any complaint, issue or concerns raised by Ms. Vaks and about Ms. Vaks during her employment with Defendant to any of the LumiraDX employees formally, informally, in writing or verbally including but not limited to issues related to business improprieties, performance and employees. Include complaints, write-ups and reprimands. For each instance identify and describe:

a)   the nature of an issue;
b)   the date of the issue and the date it was raised;
c)   the method the issue was raised;
d)   each and every person(s) who was a subject or related to the reported issue;
e)   facts related to each instance;
f)   specific impact on the business;
g)   Company's policies and procedures related to every issue;
h)   Company's policies and procedures applied in investigating and addressing the described issues;
i)   each and every person who has conducted and participated in any kind of investigation of the reported incidents by or on behalf of Defendants;
j)   qualification and experience of the investigators;
k)   every person(s) investigators questioned or discussed regarding described issues;
l)   all the documents reviewed;
m)   meetings conducted to discuss and address issues;
n)   all the documents issued;
o)   all communication to any person involved;
p)   the facts learned through such investigation;
q)   outcome of the investigation;
r)   whether Defendant  reported these complaints to TriNet;
s)   detail actions taken by Defendant to address issues reported by Ms. Vaks.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 11:

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections or the foregoing General Objections, information regarding complaints, issues, or concerns raised by Ms. Vaks or about Ms. Vaks can be obtained from the documents produced by Defendant that are Bates labeled LumiraDx_0000013-57, LumiraDx_0000091-97, LumiraDx_0000165-68, and LumiraDx_0000307, and Plaintiff is referred thereto.

## Specific deficiencies:

As discussed in COMMON DEFICIENCIES, all of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Please provide complete answers to each bullet of the Interrogatory.

**INTERROGATORY NO. 12: (LumiraDX reorganizations and restructuring)**

Describe in details all and any reorganization/restructuring that occurred during 2017 – 2018 and reasons leading to reorganization in LumiraDX including but not limited to UK division.
For each instance identify and describe:

a)   the organizational chart and all changes to the organizational chart;
b)   timeline for any changes;
c)   names of all people involved in deciding and implementing these changes;
d)   how these changes were communicated to employees.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Subject to and without waiving these specific objections or the foregoing General Objections, Defendant previously produced its organizational charts reflecting the reorganization that occurred during 2017-2018 (Bates labeled LumiraDx_0000098-99, LumiraDx_0000114), and Plaintiff is referred thereto. In addition, upon receipt of the Court's decision regarding Defendant's Motion for a Protective Order, Defendant will produce a power point presentation regarding the reorganization, as well as additional responsive email correspondence.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, ***all*** of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Once again SIGNIFICANTLY, the references to Bates-labeled are inappropriate since they do not comply with FRCP 34. Furthermore, by referencing to Bates-labeled documents Defendant waived any possible objections raised here or in its Motion for Protective order. No objections are "reserved" under the Federal Rules; they are either raised or they are waived. Furthermore, Defendant failed to specify what information should be protected and why it is protected. Once again, the Bates labeled documents are produced not in the format they were stored in "usual course of business" and do not have metadata associated with them. Defendant's resistance to answer this question simply constitutes obstruction of discovery. Please provide complete answers to each bullet of the Interrogatory.

**INTERROGATORY NO. 13: (Mr. Sumit Nagpal improprieties)**

Describe in details improprieties committed by former CEO Mr. Sumit Nagpal and his team that

led to his resignation. Provide details of Defendant's investigation:

   a)  name of the investigator(s);
   b)  qualification and expertise of investigator(s);
   c)  timeline of Defendant's investigation;
   d)  names of witnesses and methods of their selection Defendant  interviewed
      during the investigation;
   e)  documents reviewed;
   f)  detail fact findings of Defendant's investigation;
   g)  actions and remedies taken as the result of Defendant's investigation;
   h)  whether and how the findings were communicated to the Company's investors, clients
      Board of Directors and employees;
   i)  whether Defendant  reported Mr. Nagpal actions to TriNet;
   j)  provide list of employees that were terminated or resigned during June-September time
      frame following Defendant's investigation.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 13:

Defendant objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

## Specific deficiencies:

As discussed in <u>COMMON DEFICIENCIES</u>, **_all_** of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Please provide complete answers to each bullet of the Interrogatory.

## INTERROGATORY NO. 14: (Mr. Nagpal's retaliation campaign against Ms. Vaks)

Provide detail information regarding Mr. Nagpal's and his team retaliation against Ms. Vaks:

   a)   timeline;
   b)   names of the people involved;
   c)   means were used;
   d)   impact of their actions;
   e)   anti-retaliation policies and procedures;
   f)   investigation policies and practices;
   g)   how Defendants applied these policies;
   h)   how Defendant dealt with the retaliation;
   i)   actions and remedies used by Defendant against abusers;

j)   whether Defendant  reported Mr. Nagpal actions to TriNet;

k)   was the Board of Directors informed about these events.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 14

Defendant objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant objects to this Interrogatory in that Plaintiff has not identified who constituted Mr. Nagpal's "team". Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

### Specific deficiencies:

As discussed in <u>COMMON DEFICIENCIES</u>, ***all*** of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. As stated in Interrogatory No. 4, Defendant has precise knowledge who was part of Mr. Nagpal's team as the entire team was eliminated. Furthermore, have Defendant answered the Interrogatory No. 13(j) that would have provided it with the definition of the "team". Defendant here continues exhibiting obstructionism to the discovery. Since now Plaintiff "clarified" the definition of the "team", please provide complete answers to each bullet of the Interrogatory.

## INTERROGATORY NO. 15: (Communication)

List and describe in detail every written and verbal communication about Ms. Vaks with *ANY* of LumiraDX's employees including former employees and contractors. Provide dates and substance of each communication. Specifically include all communication between Mr. Quinlan and Mr. LeBlanc, between LumiraDX's employees and Mr. Nagpal, Mr. Hemant Chowdhry. Specifically include text messaging from personal devices. Provide search results from all means of communications. Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 15:

Defendant objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information regarding "every written and verbal communication about Ms. Vaks with *ANY* of LumiraDx's employees including former employees and contractors." Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the

foregoing General Objections, all communications relevant to Plaintiff's claims under the ADEA are reflected in the documents produced by Defendant that are Bates-labeled LumiraDx_0000013-46, LumiraDx_0000051-53, LumiraDx_0000163-166, and LumiraDx_0000307, and Plaintiff is referred thereto.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, **_all_** of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Please provide complete answers to each bullet of the Interrogatory.

## INTERROGATORY NO. 16 (Internal harassment complaints)

Did any of LumiraDX employees complain to anybody internally or externally about harassment, hostile environment, discrimination or retaliation during 2016-2018? Provide and describe in detail every written and verbal complaint against discrimination, harassment, hostile environment, retaliation or similar complaints made by Company's employees during this period of time. Include and describe:

a)   the identity of each complainant by name and job title;
b)   the identity by name and job title of each alleged person involved or mentioned in the complaint;
a)   timeline of each event;
b)   the circumstances surrounding each complaint;
c)   Company's policies and practices dealing with employee's complaints including but not limited to investigation and remedial polices;
d)   the name, address, and job title of each person responsible for investigating and enforcing the policy;
e)   experience and qualification of every investigator;
f)   names of witnesses and methods of their selection Defendant  interviewed during the investigation;
g)   documents reviewed;
h)   details findings of each investigation;
i)   actions and remedies taken as the result of investigations by Defendant employer in response to each complaint;
j)   settlement agreements;
k)   whether Defendant  reported these complaints to TriNet;
l)   how Defendants communicate the results of investigations to impacted employees.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 16:

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant

further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the foregoing General Objections, Defendant states that former LumiraDx employees Jude McLaughlin, Susan Fahlbeck, Adrian Byng-Clarke, and Cassandra Boell complained to LumiraDx about Plaintiff's management style and hostile interaction with others. In addition, Plaintiff complained to LumiraDx about her interpersonal issues with Tom Quinlan. Defendant previously produced documents Bates labeled LumiraDx_0000013-57, LumiraDx_0000091, and LumiraDx_0000307 illustrating these complaints, and Plaintiff is referred thereto. Following Defendant's receipt of the aforementioned complaints, Dorian LeBlanc, at the direction of counsel, undertook an investigation in 2017. Without waiving the attorney-client privilege, Defendant states that the investigation concluded that Plaintiff demonstrated a lack of awareness and a lack of ability to be fair and impartial in her role managing the development process. In addition, the investigation determined that there was no evidence of unlawful harassment, hostile behavior or discrimination against Plaintiff.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, **_all_** of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Please provide complete answers to each bullet of the Interrogatory.

**<u>INTERROGATORY NO. 17: (Investigating policies and practices)</u>**

Describe in details the Company process and policies for investigating employees' complaints. Specifically describe in details the process and policies you applied in investigating Ms. Vaks' complaints.  Include:

a)   name of the investigator(s);
b)   qualification and expertise of investigator(s);
c)   timeline of each event;
d)   names of witnesses and methods of their selection Defendant  interviewed
      during the investigation;
e)   documents reviewed;
f)   details findings of Defendant's investigation;
g)   actions and remedies taken as the result of Defendant's investigation;
h)   whether Ms. Vaks' complaint was reported to TriNet;
i)   how Defendant  communicated the results of Defendant's investigation to Ms. Vaks.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**<u>RESPONSE TO INTERROGATORY NO. 17:</u>**

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant

further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the foregoing General Objections, at the direction of counsel, Dorian LeBlanc conducted an investigation into Plaintiff's complaint, as well as the complaints of numerous employees against Plaintiff. Mr. LeBlanc conducted interviews with Katy Woodbury-Bagley, Adrian Byng-Clarke, Ellen Kaspern, Darcy Adams, Cassandra Boel and Rimma Vaks.

Following the completion of the investigation, Mr. LeBlanc contacted Plaintiff to advise her that the investigation did not support a finding of discrimination or abusive behavior. Further, Plaintiff is referred to Defendant's response to Interrogatory No. 16 above.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, **_all_** of the objections in Defendant's answer here are groundless and, therefore, invalid and waived. Furthermore, Defendant's reference to Interrogatory No. 16 is meaningless since it has nothing to do with Ms. Vaks' harassment complaints. Please provide complete answers to each bullet of the Interrogatory.

**<u>INTERROGATORY NO. 18</u>:**

Has Defendant conducted any investigations into Ms. Vaks' harassing behavior towards other LumiraDX's employees? If yes, provide detail information:

a)    names of the complainants;
b)    name of the investigator(s);
c)    qualification and expertise of investigator(s);
d)    timeline of each event;
e)    names of witnesses and methods of their selection Defendant  interviewed
     during the investigation;
f)    documents reviewed;
g)    details findings of Defendant's investigation;
h)    actions and remedies taken as the result of Defendant's investigation;
i)    whether any complaints were reported to TriNet.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**<u>RESPONSE TO INTERROGATORY NO. 18</u>:**

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the

foregoing General Objections, Plaintiff is referred to Defendant's responses to Interrogatory Nos. 11, 16 and 17 above.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, **_all_** of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Furthermore, Defendant's reference to Interrogatories Nos. 11, 16 and 17 are meaningless since they are incomplete. Please provide complete answers to each bullet of the Interrogatory.

## INTERROGATORY NO. 19 (Code of Conduct violations)

Did Defendants have any knowledge, aware or anybody brought to their attention possible Code of Conduct violations related to the quality of the product? Provide details regarding Defendant's investigation in potential Code of Conduct violations. Describe actions taken as the result of Defendant's investigation. Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 19:

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Defendant further objects to this Interrogatory in that Plaintiff has not identified what "product" Plaintiff is referring to and thus Defendant cannot properly respond to this Interrogatory.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, **_all_** of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Furthermore, similarly to Interrogatory No. 4, where Defendant concealed information due to "unintelligibility" of the word, Defendant here is well aware what "product" Plaintiff is referring to since it has only one product –the HealthIT application- which Plaintiff mentioned several times in her complaint. Stonewalling this interrogatory shows one more time Defendant's obstructionism. Please answer if Defendant received complaints about Code of Conduct violations and how Defendant dealt with it. Please provide complete answers to the Interrogatory.

## INTERROGATORY NO. 20

Describe in details the reason, substance and outcome of the November 1st, 2017 meeting

between Ms. Vaks and Mr. LeBlanc. Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these specific objections or the foregoing General Objections, Defendant states that following receipt of a text message from Plaintiff to Mr. LeBlanc, Mr. LeBlanc, Ms. Ameye and Plaintiff spoke on or about November 1, 2017, to discuss Plaintiff's concerns about Mr. Quinlan. Defendant took this under consideration in light of the ongoing investigation into interpersonal complaints raised by and against Plaintiff. Answering further, Defendant states that Plaintiff did not raise any allegations during this meeting that would constitute unlawful discrimination or harassment. Further, Plaintiff is referred to Defendant's response to Interrogatories (16) and (17) above.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, ***all*** of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Furthermore, Defendant's reference to Interrogatories Nos.16 and 17 are meaningless since they are incomplete. Please provide complete answers to the Interrogatory.

**INTERROGATORY NO. 21 (LumiraDX's Financial health)**

Provide details of the Company's business and financial state between 2016 - present. Provide timeline of Defendant's fund raisings. Include names of the investors, financial institutions, investment funds or any other entity involved into financial and business dealings of LumiraDX. Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 21:**

Defendant objects to this Interrogatory as unreasonably vague and overly broad. Defendant further objects to this Interrogatory in that it is not proportional to the needs of this case. Defendant further objects to this Interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory in that it seeks information unrelated to Plaintiff's claims under the ADEA. Defendant further objects to this Interrogatory in that it seeks confidential, non-public information regarding Defendant's financial information.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, ***all*** of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Once again, confidential information is not privileged and is discoverable. The financial information is critical to show Defendant's pretext. Please provide complete answers to the Interrogatory.

**<u>INTERROGATORY NO. 22 (Analysis of similarly situated employees):</u>**

Identify and describe in detail Mr. Quinlan's, Mr. Byng-Clarke's, Mr. Armstrong's, Mr. Adams', Mr. Storch's, Ms. Fahlbeck's, Ms. Cassandra Boell's, Ms. Isabelle Pallanca, Mr. Saumil Jane, Ms. Smitha Rao's and Mr. Paul Olore's work experience and history with Defendant LumiraDX. For each named persons provide:

a) dates of hire and separation (if applicable);
b) education and technical skills; specifically include experience in software development, software quality assurance, software development life cycle (SDLC) and agile methodology; include all certification if applicable;
c) job titles and responsibilities and changes in job titles and responsibilities; dates employed in each position; dates and reasons of changes in titles and duties;
d) compensation during each person's employment, including bonuses and stock options awarded; any changes in compensation, reasons and circumstances for such changes, timeline and who was responsible for recommending and implementing those changes;
e) attendance record, performance and productivity in his/hers assigned duties during the course of his/hers employment; frequency and procedures for evaluating of the named person's job performance;
f) names of any and all of the named persons' supervisors and changes in supervisions; the circumstances and dates of the implemented changes;
g) the dates during which each individual served as supervisor and changes to their subordinates; the circumstances and dates of the implemented changes;
h) if the named person was ever promoted/demoted during the course of his/her employment, describe the cause of such promotion and the procedures followed and exact dates of those events;
i) if the named person was deficient as to any of the criteria listed above in answer b)-c), describe in detail the nature of such deficiencies and specific impact on the business; provide facts related to each instance (who, how and when these deficiencies were determined, action plans to address them);
j) whether the named person had improved the described deficiency;
k) if the named person was engaged in any violations of the Code of Conduct, describe in detail date, substance, circumstances and the Company's actions addressing those violations;
l) if the named person was ever disciplined, counseled, reprimanded or any other actions were taken during the course of his/her employment, describe the cause of such discipline and the disciplinary procedures followed and exact dates of those procedures;
m) if the named person was terminated or resigned, provide dates and describe reasons and

circumstances of the event and processes followed.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 22:**

Defendant objects to this Interrogatory because it is improperly compounded, insofar as it inquires as to the basis of multiple individuals that are not logical extensions of one another. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory in that it seeks information that is not relevant to Plaintiff's claims under the ADEA, or proportional to the needs of this case. Defendant further objects to this Interrogatory in that it seeks personal and confidential information regarding individuals other than Plaintiff.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Analogously to Deficiencies of the Answer to the Interrogatory No.9., this question is related to theme intended to discover information regarding similarly situated employees. As such it should be considered as single question. Fed.R.Civ.P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each such communication."). See also 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1, at 261 (2d ed. 1994) ("[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of the area inquired about may be disputable."); *Federal Trade Commission v. Nationwide Connections, Inc.*, 2007 WL 2462015 (S.D.Fla.2007) (finding that subparts of interrogatory were logically subsumed within and necessary to the primary question). *Accord Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 620 (D.Kan.2005) (citing 8A Wright & Miller, Federal Practice and Procedure § 2168.1 at 261 (2d ed. 1994) (adopting a "common theme" approach, stating that "it would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable. Please provide complete answer to each bullet of this Interrogatory.

**INTERROGATORY NO. 23 (Affirmative Defense):**

For each affirmative defense separately identify grounds and state the factual basis that supports Defendant's defense:

a)     provide exact dates for each fact stated;
b)     state the names and addresses of all persons with knowledge of any facts or information relevant to any of the claims made by Ms. Vaks in the lawsuit and Defendants' affirmative defense.

Describe each document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

**RESPONSE TO INTERROGATORY NO. 23:**

Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Defendant further objects to this Interrogatory because it is improperly compounded, insofar as it inquires as to the basis of multiple affirmative defenses that are not logical extensions of one another. Defendant further objects to this Interrogatory because it seeks Defendant's theory of the case as well as legal conclusions and is thus improper for an Interrogatory. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Interrogatory as premature because discovery has just commenced. Subject to and without waiving these specific objections or the foregoing General Objections, Defendant will supplement its response, if necessary, as discovery continues.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's answer here are groundless and, therefore, invalid or waived. Analogously to Deficiencies of the Answer to the Interrogatory Nos.9 and 22, this question is related to same theme intended to discover information regarding Defendant's affirmative defenses. Furthermore, as many cases have noted, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. *United States v. Consol. City of Jacksonville*, 3:12-CV-451-J-32MCR, 2015 WL 7076695, at *3 (M.D. Fla. 2015), citing Fed.R.Civ.P. 26(b)(1). *See also Grinnell Corp. v. Palms 2100 Ocean Boulevard LTD.*, 924 So.2d 887 (Fla. 4th DCA 2006) ("Party must answer interrogatories requesting information about facts supporting denials and affirmative defenses"). The overall purpose of discovery under Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts.

Please provide complete answers to the Interrogatory.

## INTERROGATORY NO. 24 (LumiraDX's involvement in Alere's Inc. fraud)

Describe in details non-privileged information related to fraud committed by Alere Inc. between 2006 and 2016, lawsuits alleging Alere's fraud, actions taken by the SEC and roles of people involved into the Alere's fraud. Describe each non-privileged document supporting Defendant's statements and state the name of every natural person who has knowledge of any of the reported statement.

## RESPONSE TO INTERROGATORY NO. 23:

Defendant objects to this Interrogatory in that it seeks information unrelated to Plaintiff's claims under the ADEA. Defendant further objects to this Interrogatory in that it is overly broad and unduly burdensome and not proportional to the needs of this case. Defendant further objects to this Interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

### Specific deficiencies:

As discussed in COMMON DEFICIENCIES, *all* of the objections in Defendant's answer here are groundless and, therefore, invalid or waived.

Please provide complete answers to the Interrogatory.

### *SPECIFIC DEFICIENCIES IN DEFENDANT'S RESPONSES TO REQUEST FOR PRODUCTION*

### REQUEST FOR DOCUMENTS NO. 1:

Documents which detail, discuss, or relate in any manner the policy and procedures the company follows in regards to employees or expects the employees of the company to follow, including but not limited to reports, manuals, handbooks, memoranda, statements, emails, or any other document whether written or recorded, for the period 2016 to present including but not limited to:

a.   Employee discipline policies, including but not limited to, counseling, written warnings, suspension, demotion, and termination policies
b.   Sexual harassment, hostile environment and retaliation policies
c.   Equal Employment Opportunity (EEO) policies
d.   Criteria for salary increases
e.   Employees Hiring policies
f.   Employees Promotion policies
g.   Internal complaint or grievance procedures
h.   Employees Termination policies
i.   Employees Performance evaluation policies and procedures
j.   Employees Interviewing policies
k.   Advertisement of Job openings policies

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 1:

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome insofar as it seeks "policy and procedures the company follows in regards to employees or expects the employees of the company to follow". Defendant further objects to this Request because to the extent it seeks documents regarding policies that were in place prior to Plaintiff's employment with Defendant. Defendant further objects to this Request because it seeks documents not relevant to Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA").
Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.

## Specific deficiencies:

As discussed in COMMON DEFICIENCIES, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived.

Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 2:

Documents relating to or evidencing any written or oral internal complaints, write-ups, misconduct or any other types of reporting including but not limited to harassment, hostile environment, retaliation, violations of Code of Conduct or company's policies, and insubordinations reported by Plaintiff to any of LumiraDx's employees during her employment with Defendant.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 2:

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is vague and unclear insofar as it seeks "[d]ocuments relating to or evidencing any written or oral internal complaints, write-ups, misconduct or any other types of reporting…reported by of Plaintiff to any of LumiraDx's employees…". Defendant further objects to this Request insofar as it seeks documents not relevant to Plaintiff's claims under the ADEA. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.

## Specific deficiencies:

As discussed in COMMON DEFICIENCIES, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived.

Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 3:

Documents relating to or evidencing any investigation by Defendant into Plaintiff's issues identified in <u>REQUEST NO. 2</u> including harassment to Defendant, including but not limited to:

a.      List of witnesses
b.      Written statements of witnesses
c.      Notes of interviews with witnesses
d.      Reports regarding the results of any and all investigations
e.      Correspondence received from or sent to Plaintiff
f.      Correspondence received from or sent to Defendant regarding the  investigation
g.      Correspondence received from or sent to any person
h.      Documents relating to or evidencing discussions between Plaintiff and Defendant
i.      Documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel
j.      Documents received from or sent to any person

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 3:

Defendant objects to this Request because it is vague and unclear insofar as it seeks "[d]ocuments relating to or evidencing any investigation by Defendant into Plaintiff's issues" and "Plaintiff's issues" is not defined. Defendant further objects to this Request insofar as it seeks documents not relevant to Plaintiff's claims under the ADEA.
Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. If any of these documents are withheld as privileged, please identify each of them.

## Specific deficiencies:

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived.  Furthermore, "Plaintiff's issues" clearly identified in Request No. 2.

Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 4:

Documents which support, evidence, relate to, or otherwise reflect any action taken by Defendant in response to Plaintiff's internal issues identified in <u>Request  No. 2</u>.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 4:

Defendant objects to this Request because it is vague and unclear insofar as it seeks documents

relating to "Plaintiff's internal issues" and "Plaintiff's internal issues" is not defined. Defendant further objects to this Request insofar as it seeks documents not relevant to Plaintiff's claims under the ADEA. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant refers to Plaintiff to the documents produced in response to Request No. 3.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Furthermore, "Plaintiff's issues" clearly identified in Request No. 2.

Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 5:

The complete personnel file of Plaintiff, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time. Indicate time each record was entered into the personnel file.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 5:

Defendant objects to this Request because it is overbroad insofar as it seeks "the complete personnel file of Plaintiff", which includes documents not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request as unduly burdensome in that it requests Defendant to "indicate time each record was entered into the personnel file". Defendant further objects to this Request in that Plaintiff previously requested and received a complete copy of her personnel file. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Furthermore, "Plaintiff's issues" clearly identified in Request No. 2.

Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 6:

Documents not included in Plaintiff's personnel file which support, evidence, relate or otherwise pertain to Plaintiff's employment with Defendant, including, but not limited to, documents relating to or reflecting job performance, awards to Plaintiff, or discipline of Plaintiff.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 6:**

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents that "pertain to Plaintiff's employment", which includes documents not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived.  Please provide complete Responses to the Request for Production.

**REQUEST FOR DOCUMENTS NO. 7(a):**

The complete personnel file of Tom Quinlan, Sumit Nagpal, Rosy Leo, Adrian Byng-Clarke, Neal Armstrong, Susan Fahlbeck, Cassandra Boell, Henry Wasserman, Darcy Adams, Smitha Rao, Isabelle Pallanca, Todd Storch, Salem Madani, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of personnel file for the period of 2016 to present.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 7(a):**

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in that it seeks documents containing confidential and personal protective information regarding individuals other than Plaintiff. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant has reviewed the personnel files for Tom Quinlan, Adrian Byng-Clarke, Neal Armstrong, Susan Fahlbeck and Todd Storch, *i.e.*, the individuals referenced in Plaintiff's Complaint which Plaintiff alleged had a bearing on her ADEA claims. Defendant's review of the relevant personnel files determined that none of the personnel files contained any responsive, non-privileged documents relevant to Plaintiff's claims under the ADEA.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived.  Please provide complete Responses to the Request for Production.

**REQUEST FOR DOCUMENTS NO. 8:**

Documents not included in Tom Quinlan, Sumit Nagpal, Rosy Leo, Adrian Byng-Clarke, Neal Armstrong, Susan Fahlbeck, Cassandra Boell, Henry Wasserman, Darcy Adams, Smitha Rao, Isabelle Pallanca, Todd Storch, Salem Madani personnel file which support, evidence, relate or otherwise pertain to named person's employment with Defendant, including, but not limited to, documents relating to or reflecting job performance, awards, or discipline of Defendant for the period of 2016 to present.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 8:**

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in that it seeks documents containing confidential and personal protective information regarding individuals other than Plaintiff. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant is not in possession, custody or control of any responsive, non-privileged documents relevant to Plaintiff's claims under the ADEA.


**Specific deficiencies:**

As discussed in COMMON DEFICIENCIES, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.


**REQUEST FOR DOCUMENTS NO. 7 (b)**

Documents that reflect the job duties, responsibilities, compensation and benefits of the position held by the following individuals Tom Quinlan, Sumit Nagpal, Rosy Leo, Adrian Byng-Clarke, Todd Storch, Darcy Adams, Smitha Rao, and Salem Madani for the period of 2016 to present including but not limited:

  a.   Timeline of employment;
  b.   Job Offers;
  c.   Job descriptions and changes to job descriptions;
  d.   Pay stubs and W-2 forms;
  e.   Stock option received;
  f.   Promotions/demotions received;
  g.   Reprimands, write-ups, discipline.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 7(b):**

Defendant objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA.

Defendant further objects to this Request in that it is duplicative of documents requested in Request No. 7 above. Defendant further objects to this Request in that it seeks documents containing confidential and personal protective information regarding individuals other than Plaintiff.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Defendant reference to Request No. 7 is inappropriate since it did not produce any documents in its response. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 8(a):

Documents relating to or evidencing Plaintiff's complaint of impropriety committed by former CEO Sumit Nagpal and his team including meeting notes, memoranda, financial statements and correspondence between anyone concerning these improprieties.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 8(a):

Defendant objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 9:

Documents relating to or evidencing any investigation by Defendant into Plaintiff's internal complaint of improprieties committed by Sumit Nagpal and his team, including but not limited to:
a)      List of witnesses
b)      Written statements of witnesses
c)      Notes of interviews with witnesses
d)      Reports regarding the results of any and all investigations
e)      Correspondence received from or sent to Plaintiff
f)      Correspondence received from or sent to Defendant
g)      Correspondence received from or sent to any person
h)      Documents relating to or evidencing discussions between Plaintiff and Defendant
i)      Documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel

j)      Documents received from or sent to any person internally and externally

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 9:

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome insofar and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA.

## Specific deficiencies:

As discussed in COMMON DEFICIENCIES, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 11:

Documents which support, evidence, relate to, or otherwise reflect any action taken by Defendant in response to Plaintiffs internal complaint of impropriety committed by Sumit Nagpal and his team including e-mails, notes, memoranda or other correspondence to Defendant's employees, clients, Board of Directors and investors.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 11:

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA.

## Specific deficiencies:

As discussed in COMMON DEFICIENCIES, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 12:

Documents that reflect Plaintiff's complaint of retaliation against her committed by former CEO Sumit Nagpal and his team including meeting notes, memoranda, and correspondence between anyone concerning this retaliation.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 12:

Defendant objects to this Request to the extent that it seeks information protected by the

attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 13:

Documents that reflect the decision to terminate employees following the investigation of the improprieties committed by Sumit Nagpal including the list of employees and separation agreements each received. Include all correspondence, e-mails, notes, memoranda or other correspondence to Defendant's employees, clients, Board of Directors and investors.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 13:

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in that it seeks confidential and personal protective information regarding individuals other than Plaintiff.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 14:

Documents which support, evidence, relate to, or otherwise reflect any action taken by Defendant in response to Plaintiff's internal complaint of retaliation committed by Sumit Nagpal and his team including e-mails, notes, memoranda or other correspondence to Defendant's employees, clients, Board of Directors and investors.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 14:

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning third parties that are not relevant to Plaintiff's

claims under the ADEA.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 15:

Documents that reflect performance appraisals, reviews, meeting notes, memoranda, and correspondence between anyone concerning Plaintiff's performance of duties of her position.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 15:

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents "between anyone concerning Plaintiff's performance of duties of her position", which includes documents not relevant to Plaintiff's claims under the ADEA. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request Nos. 5 and 6.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 16:

Documents that reflect Defendant's financial state, including all reports, analysis, filings, compilations, spreadsheets, charts, projections, or other documents reflecting funding of the Defendant and its expenditures, between the fiscal years of 2016 through present.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 16:

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning Defendant's financial state that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request because it seeks confidential and proprietary information regarding Defendant's business. Defendant also objects to this Request to the extent it seeks documents that predates Plaintiff's employment with Defendant. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control, pertaining to the relation between Defendant's financial state and Plaintiff's termination.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 17:

Documents constituting communications between any employees of Defendant and anyone else concerning the Defendant's funding, budget or fiscal expenditures between January 2016 and present.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 17:

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning Defendant's financial state that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request because it seeks confidential and proprietary information regarding Defendant's business. Defendant further objects to this Request to the extent it seeks documents for a time period that predates Plaintiff's employment with Defendant.
Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control pertaining to the relation between Defendant's funding, budget or fiscal expenditures and Plaintiff's termination. In addition, Defendant directs Plaintiff to the documents it produces in response to Request No. 16.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 18:

Documents that Defendant contends support the purported need in January 2018 to reduce the workforce.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 18:

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents that reflect "…the purported need in January 2018 to reduce the workforce", which includes documents not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client

privilege, the work product doctrine, and/or any other applicable privilege and protection. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request No. 16.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 19:

Documents concerning the termination of Ms. Vaks' employment, including notes, memoranda, correspondence between anyone concerning the termination.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 19:

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this request as overbroad and unduly burdensome in that it seeks correspondence "between anyone" concerning the termination. Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request Nos. 5, 6, and 16.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 20:

Documents concerning the decision by Defendant to create and fill the position of the VP of Engineering and the ability to fund his salary.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 20:

Defendant objects to this Request as vague and unclear in that Plaintiff has not identified who is

being referred to in connection with the request for documents concerning the decision to "fund his salary". Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA.

Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## **AMENDED REQUEST FOR DOCUMENTS NO. 21:**

Documents concerning the decision by Defendant to create the position of the Agile Transformation specialist and the ability to fund the salary. This request concerns Defendant's funding of the "Agile Specialist" or "Agile Manager" post [Plaintiff's] termination.

## **RESPONSE TO AMENDED REQUEST FOR DOCUMENTS NO. 21:**

Defendant objects to this Request on the grounds that it seeks documents not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent it seeks confidential and proprietary information regarding Defendant's business. Subject to and without waiving these specific objections or the General Objections, which are incorporated herein by reference, Plaintiff never held the position of Agile Specialist or Agile Manager, nor did Defendant ever maintain a position entitled Agile Specialist or Agile Manager, and thus Defendant is not in possession, custody or control of any responsive, non-privileged documents.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Furthermore, the Defendant's answer is evasive and obstructive since the Request did not ask whether Plaintiff has held the position of Agile Specialist or Agile Manager nor did she asked if Defendant ever maintain a position entitled Agile Specialist or Agile Manager. Please provide documents related to the decision to advertised or hire an Agile Specialist. State clearly if Defendant has never attempted to hire or advertise the position of the Agile Specialist before or after Plaintiff's termination or does not have any documents.

## REQUEST FOR DOCUMENTS NO. 22:

Documents concerning advertisement, notes, internal and external communications, emails and any other documents preceding to the hiring of Mr. Storch.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 22:

Defendant objects to this Request as overbroad, unduly burdensome, vague and unclear in that Defendant cannot determine what is meant by "…documents preceding to the hiring of Mr. Storch". Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request No. 20.

### Specific deficiencies:

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 23:

Documents concerning all applicants for the position of VP of Engineering that was ultimately filled by Todd Storch, including interview notes, memoranda and any correspondence concerning all applicants, and all communication between anyone concerning all applicants.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 23:

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks "…any correspondence concerning all applicants, and all communications between anyone concerning all applicants". Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection.
Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request No. 20.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 25:

Documents concerning specific job titles and /or job functions with respect to the hierarchy of Defendants org charts and changing to org charts between 2016 and present, and all communication between anyone concerning these changes. Specifically include org chart for the following dates: 11/21/2016, 03/01/2017, 06/15/2017, 07/31/2018, 09/01/2017, 11/15/2017, 12/15/2017, 01/15/2018 and 03/01/2018.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 25:

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning "…all communication between anyone concrerning these changes" and further because Plaintiff has not identified what "changes" she is referring to. Defendant further objects to this Request in that it seeks documents that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in so far as it seeks Defendant's organizational charts in effect prior to Plaintiff's employment with Defendant. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 26:

Documents which support, evidence, relate to, or otherwise reflect the performance of the Quality Assurance Group and each member of the Group obtained and compiled from the Jira Database pertaining to the number of issues entered, resolved monthly for the year of 2017 in relation to the total number of issues entered and resolved by the entire engineering team.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 26:

Defendant objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning the performance of the Quality Assurance Group which are not relevant to Plaintiff's claims under the ADEA.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 27:

Documents related to all changes in the Quality Insurance Group between 2016 and present:

a.  Org chart: Manager, list of employees, position, timeline in each position;
b.  Timeline of employment, changes in employment status, reason for changes, timeline, decision maker of changes.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 27:

Defendant objects to this Request in that it does not have a "Quality Insurance Group". Assuming that Plaintiff intended to write "Quality Assurance Group", Defendant objects to this Request because it is overbroad and unduly burdensome and it seeks documents concerning the performance of the Quality Assurance Group which are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request in that it seeks confidential and personal protective information regarding individuals other than Plaintiff.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, <u>*all*</u> of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## REQUEST FOR DOCUMENTS NO. 28:

All communication between anyone about Ms. Vaks including but not limited to emails, personal phones, memorandums and Slack.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 28:

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks "[a]ll communication between anyone about Ms. Vaks…" without reference to time or scope. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant objects to this Request insofar as it seeks documents that are not relevant to Plaintiff's claims under the ADEA.

Subject to and without waiving these specific objections or the foregoing General Objections,

which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to the documents it produces in response to Request Nos. 5 and 6.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

**REQUEST FOR DOCUMENTS NO. 29:**

Documents which support or evidence employee benefits which Defendant provided to Plaintiff during her employment with you, including but not limited to, a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, PTO, investment plans, medical and dental insurance, retirement benefits, and life insurance.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 29:**

Defendant objects to this Request as vague and unclear as it seeks documents which "…support or evidence employee benefits…" provided to Plaintiff. Defendant further objects to this Request because it seeks documents not relevant to Plaintiff's claims under the ADEA.
Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. Additionally, Defendant directs Plaintiff to documents it produces in response to Request No. 1.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

**REQUEST FOR DOCUMENTS NO. 30:**

Documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, grievances, charges, claims and/or report, formal or informal, written or verbal by any of Defendant's current or former employees about misconduct, harassment, discrimination, hostile environment and/or retaliation or any other employment related claims made between 2016 to the present.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 30:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Defendant further objects to this Request insofar as it seeks documents containing confidential and personal protective information regarding individuals other than Plaintiff. Defendant further objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning complaints about "…any…misconduct, harassment, discrimination, hostile environment and/or retaliation…" that are not relevant to Plaintiff's claims under the ADEA.
Subject to and without waiving these specific objections or the foregoing General Objections, with the exception of Plaintiff's complaint, Defendant is unaware of any complaints made regarding age discrimination and therefore no responsive documents exist outside the commencement of this litigation.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

**REQUEST FOR DOCUMENTS NO. 31:**

Documents support, evidence, relate or otherwise pertain to Plaintiff's job duties and responsibilities during her employment with Defendant.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 31:**

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning "Plaintiff's job duties and responsibilities during her employment…" that are not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and protection. Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant directs Plaintiff to documents produced in response to Requests Nos. 5 and 6.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

**REQUEST FOR DOCUMENTS NO. 32:**

Documents support, evidence, relate or otherwise pertain to statistical data of former and current employees, including name, age, gender, job title, start date, end date (if applies), current salary, last pay increase, bonus target and most recent payout, stock options award and eligibility for any other compensation plan employed between 2016 and current.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 32:**

Defendant objects to this Request as vague and unclear in that Plaintiff has not defined what is meant by the phrase "statistical data". Defendant further objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents concerning all current or former employees employed between 2016 and current. Defendant further objects to this Request because it is asking Defendant to create records illustrating "statistical data" that are not maintained by Defendant in the regular course of business. Defendant further objects to this Request in that it seeks documents regarding employees that worked for Defendant prior to the time Plaintiff commenced her employment with Defendant. Defendant further objects to this Request in that it seeks confidential and personal protective information regarding individuals other than Plaintiff and otherwise seeks documents not relevant to Plaintiff's claims under the ADEA.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

**REQUEST FOR DOCUMENTS NO. 34:**

Documents support, evidence, relate or otherwise pertain to any disciplinary action for any employee during 2016 to present.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 34:**

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents for "any disciplinary action for any employee during 2016 to the present." Defendant further objects to this Request because it seeks documents regarding disciplinary action that took place prior to Plaintiff's employment with Defendant. Defendant further objects to this Request because it seeks confidential and personal protective information regarding individuals other than Plaintiff and otherwise seeks documents not relevant to Plaintiff's claims under the ADEA.
Subject to and without waiving these specific objections or the foregoing General Objections, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## **REQUEST FOR DOCUMENTS NO. 38**:

Documents which support, evidence, relate or otherwise pertain Defendant's defenses and/or affirmative defenses.

## **RESPONSE TO REQUEST FOR DOCUMENTS NO. 38**:

Defendant objects to this Request as premature in that discovery is in its incipient stages and Defendant has not yet obtained all evidence regarding the facts and circumstances surrounding Plaintiff's allegations.
Subject to and without waiving these specific objections or the foregoing General Objections, which are incorporated herein by reference, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

## **REQUEST FOR DOCUMENTS NO. 39**:

Documents which support, evidence, relate or otherwise pertain to Defendant's impeachment of Plaintiff.

## **RESPONSE TO REQUEST FOR DOCUMENTS NO. 39**:

Defendant objects to this Request as premature. Plaintiff has yet to provide discovery responses or testimony in this litigation and thus Defendant cannot properly respond to this Request at this time.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

**REQUEST FOR DOCUMENTS NO. 41:**

Documents representing any of complaints, write-ups, grievances or any other reporting submitted by anyone against Plaintiff during her employment.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 41:**

Defendant objects to this Request because it is overbroad and unduly burdensome insofar as it seeks documents "representing any of complaints …" that are not relevant to Plaintiff's claims under the ADEA. Subject to and without waiving these specific objections or the foregoing General Objections, Defendant will produce and/or make available for inspection responsive and non-privileged documents within its possession, custody, or control. In addition, Defendant directs Plaintiff to documents produced in response to Request No. 6.

**Specific deficiencies:**

As discussed in <u>COMMON DEFICIENCIES</u>, *all* of the objections in Defendant's Responses here are groundless and, therefore, invalid or waived. Please provide complete Responses to the Request for Production.

Dated: 31 August, 2019

Respectfully submitted,
Rimma Vaks
/s/ Rimma Vaks*, Pro Se,*
103 Puritan Lane,
Swampscott, MA 01907
Rimma.Vaks@verizon.net
781-581-6994