UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

_____

RIMMA VAKS                                             I
Plaintiff,                                                     I
                                                                 I
v.                                                              I              Civil Action
                                                                 I              1:18-cv-12571-LTS
TOM QUINLAN, DORIAN LEBLANC and   I              JURY TRIAL DEMAND
LUMIRADX                                              I
                    Defendants                        I
_____I

## **LETTER to DEFENDANT LUMIRADX, INC.'S regarding its RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

It has been more than three months than I requested the Production of Documents.

I am now convinced that Defendant is employing a tactic of delaying and stonewalling Plaintiff's discovery requests in order to hide information and hinder the litigation.

After delaying for 2 months without any justification, you finally produced so called "confidential data", "metadata" and "Privilege Log".

While you asked the Court for the protective order to produce financial and personal data, you produced none of those. All you did is put "confidential" label on previously produced documents. While your production contains some of the documents multiple times, you provided **no** information related to Defendant's financial health – the Defendant's stated reason for Plaintiff's termination; no responses related to the investigation of complaints, no information related to Plaintiff's disparate treatment and no information regarding Plaintiff's termination. Consequently, the Second set of requests- "confidential" data- provided no additional information to the First Request for Production information. This is unacceptable.

Furthermore, your metadata sheet is also inadequate. It's incomplete, non-searchable, not chronological – other words not acceptable! I will reiterate once again. Stating that pdf files are pdf file does not constitutes metadata. Plaintiff's Request for Production did not specify format for production of documents, therefore, you must produce and, you agreed to, that all documents per Fed. R. Civ. P. ("Rule") 34(b)(2)(E)(ii) "if no production format is specified, ESI should be produced "in a form or forms in which it is ordinarily maintained ...". I requested multiple times, but you bluntly refused stating that "It is not our practice to produce documents in native format, as documents in native format can be modified and cannot be Bates-stamped or marked as Confidential". "Native" format is the form in which the ESI is ordinarily maintained, as provided by the Federal Rules. The burden of showing how data was maintained is on Defendant. The response for production should comply with Federal Rules not your practice. I have not agreed to your format of production and consistently asked you to comply with the Rule and produce documents in "native format". It is apparent now, that Defendant is hiding some relevant information and has a good reason to spend

1

thousands of dollars to convert all documents first to TIFF format, then to PDF format and then to provide useless inadequate metadata. Once again, per Federal Rules of Civil Procedures you must produce all documents "in a form or forms in which it is ordinarily maintained".

Furthermore, not only you unjustifiably delayed producing privilege log for more than 2 months, but the one you finally produced was defective and completely inadequate. First of all, as I mentioned before, Defendant violated FED. R. CIV. P. 34(b)(2)(C) which states that: "An objection must state whether any responsive materials are being withheld on the basis of that objection." While Defendant asserted 29 times attorney-client and 26 time work-product privileges, not a single objection described what documents were withheld due to the objection.  Secondly, your privilege log plainly violates Rule 26(b)(5)(A) since it failed to provide even the minimal information plaintiffs and the court would need "to assess the claim" of privilege. For example, the logs did not indicate whether either the sender or recipient was an attorney or a client. They did not indicate what the subject of the communication was. Incredibly, there are no descriptions of any document. The description of the document needs to contain sufficient facts to demonstrate why that document is privileged. There was no identification what privilege is being asserted for each document you objected to and ensure that the document description adequately conveys why the document is protected by that privilege. If a document is being withheld under the attorney-client privilege, the description should contain language indicating that legal advice was requested or provided. A general, conclusory assertion that some documents are privileged, without providing the details that enable a litigation opponent to assess the merits of privilege, does not comply with Rule 26(b)(5).

Because neither the documents nor a privilege log were properly produced all privileges associated with the documents should be deemed waived.

Please provide complete and compliant with the FRCP discovery responses by Friday September 20, 2019. I am available to confer with you at your convenience.

Dated: 16 September, 2019

Respectfully submitted,
Rimma Vaks
/s/ Rimma Vaks, *Pro Se*,
103 Puritan Lane,
Swampscott, MA 01907
Rimma.Vaks@verizon.net
781-581-6994