UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIMMA VAKS,<br><br>           Plaintiff,<br><br>v.<br><br>TOM QUINLAN, DORIAN LEBLANC and LUMIRADX<br><br>           Defendants. | Civil Action No. 1:18-cv-12571-LTS |

**DEFENDANT LUMIRADX, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FRCP 30(b)(1) NOTICE OF DEPOSITION TO TOM QUINLAN**

Pursuant to Federal Rules of Civil Procedure 30(b)(1), Defendant LumiraDx, Inc. ("LumiraDx" or "Defendant") hereby objects and responds to Plaintiff Rimma Vaks' ("Plaintiff") Notices of Deposition to Tom Quinlan dated November 5, 2019[1/]:

**RESPONSES AND OBJECTIONS**

**REQUEST FOR DOCUMENTS NO. 1:**

All documents, communications, electronically stored information including emails, any type of text messaging and voice recordings stored on personal and corporate electronic devices including, but not limited to phones, iPads, tablets, computers and any other device between Tom Quinlan and Dorian LeBlanc between September 1, 2017 and January 4, 2018 directly or indirectly related to Plaintiff.

---

[1/]    Plaintiff served a substantively identical Rule 30(b)(1) notice on October 18, 2019 for Mr. Quinlan's deposition but expressly told counsel for Defendant on November 7, 2019 that this notice was superseded by the November 5, 2019 Rule 30(b)(1) notice.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 1:**

Defendant objects to this Request on the following grounds: The deposition notice states that it is pursuant to FRCP 30(b)(1) governing depositions by oral examination. Rule 30(b)(2), which governs the production of documents in connection with a 30(b)(1) notice states, "[i]f a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to **a party deponent** may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." (emphasis added). Mr. Quinlan is an officer of LumiraDx and is therefore a party deponent. As such, the document requests annexed to the Notice are construed as a Rule 34 request to produce documents. The deadline for Plaintiff to serve Rule 34 requests to produce documents was August 30, 2019 pursuant to the Court's Scheduling Order, and the Court prohibited Plaintiff's belated service of a Second Set of Document Requests in its Order dated October 18, 2019. This Request, therefore, is untimely and LumiraDx is not obligated to respond. Defendant further objects to this Request because it seeks documents not relevant to Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA"). Defendant further objects to this Request because it is overly broad, unduly burdensome and seeks documents previously requested by Plaintiff.

Subject to and notwithstanding the aforementioned objections, this Request is duplicative of prior Request Nos. 19 and 28 in Plaintiff's First Request for Production of Documents and Plaintiff is referred to Defendant's responses thereto, as well as the documents previously produced by Defendant at Bates Nos. LumiraDx_0000167, LumiraDx_0000363-365, LumiraDx_0000496-500, LumiraDx_0000502-516.

**REQUEST FOR DOCUMENTS NO. 2:**

All documents, communications, electronically stored information including any type of text messaging and voice recordings stored on personal and corporate electronic devices including, but not limited to phones, iPads, tablets, computers and any other device between Tom Quinlan and Veronique Ameye between September 1, 2018 and January 4, 2018 directly or indirectly related to Plaintiff.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 2:**

Defendant objects to this Request on the following grounds: The deposition notice states that it is pursuant to FRCP 30(b)(1) governing depositions by oral examination.  Rule 30(b)(2), which governs the production of documents in connection with a 30(b)(1) notice states, "[i]f a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment.  The notice to **a party deponent** may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." (emphasis added).  Mr. Quinlan is an officer of LumiraDx and is therefore a party deponent. As such, the document requests annexed to the Notice are construed as a Rule 34 request to produce documents.   The deadline for Plaintiff to serve Rule 34 requests to produce documents was August 30, 2019, per the Court's Scheduling Order, and the Court prohibited Plaintiff's belated service of a Second Set of Document Requests in its Order dated October 18, 2019. As such, this Request is untimely and LumiraDx is not obligated to respond. Defendant further objects to this Request because it seeks documents not relevant to Plaintiff's claims under the ADEA.  Defendant further objects to this Request because it is overly broad, unduly burdensome and seeks documents previously requested by Plaintiff.

3

Subject to and notwithstanding the aforementioned objections, to the best of its knowledge, Defendant is not in possession of any relevant documents responsive to this Request.

**REQUEST FOR DOCUMENTS NO. 3:**

All documents, communications, electronically stored information including any type of text messaging and voice recordings stored on personal and corporate electronic devices including, but not limited to phones, iPads, tablets, computers and any other device between Dorian LeBlanc and Veronique Ameye between September 1, 2017 and January 4, 2018 directly or indirectly related to Plaintiff.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 3:**

Defendant objects to this Request on the following grounds: The deposition notice states that it is pursuant to FRCP 30(b)(1) governing depositions by oral examination. Rule 30(b)(2), which governs the production of documents in connection with a 30(b)(1) notice states, "[i]f a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to **a party deponent** may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." (emphasis added). Mr. Quinlan is an officer of LumiraDx and is therefore a party deponent. As such, the document requests annexed to the Notice are construed as a Rule 34 request to produce documents. The deadline for Plaintiff to serve Rule 34 requests to produce documents was August 30, 2019, per the Court's Scheduling Order, and the Court prohibited Plaintiff's belated service of a Second Set of Document Requests in its Order dated October 18, 2019. As such, this Request is untimely and LumiraDx is not obligated to respond. Defendant further objects to this Request because it seeks documents not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request because it seeks documents

4

protected by the attorney-client privilege. Defendant further objects to this Request because it is overly broad, unduly burdensome and seeks documents previously requested by Plaintiff. Defendant further objects to this Request because Mr. Quinlan would not be in possession of documents between Dorian LeBlanc and Veronique Ameye

Subject to and notwithstanding the aforementioned objections, this Request is duplicative of prior Request Nos. 19 and 28 in Plaintiff's First Request for Production of Documents and Plaintiff is referred to Defendant's responses thereto, as well as documents referenced in the privilege log produced by Defendant.

**REQUEST FOR DOCUMENTS NO. 4:**

All documents, communications, electronically stored information including any type of text messaging and voice recordings stored on personal and corporate electronic devices including, but not limited to phones, iPads, tablets, computers and any other device between Dorian LeBlanc, Tom Quinlan and Veronique Ameye with TriNet between October 27, 2017 and January 4, 2018 directly or indirectly related to Plaintiff.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 4:**

Defendant objects to this Request on the following grounds: The deposition notice states that it is pursuant to FRCP 30(b)(1) governing depositions by oral examination. Rule 30(b)(2), which governs the production of documents in connection with a 30(b)(1) notice states, "[i]f a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to **a party deponent** may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." (emphasis added). Mr. Quinlan is an officer of LumiraDx and is therefore a party deponent. As such, the document requests annexed to the Notice are construed

as a Rule 34 request to produce documents. The deadline for Plaintiff to serve Rule 34 requests to produce documents was August 30, 2019 per the Court's Scheduling Order, and the Court prohibited Plaintiff's belated service of a Second Set of Document Requests in its Order dated October 18, 2019. As such, this Request is untimely and LumiraDx is not obligated to respond. Defendant further objects to this Request because it seeks documents not relevant to Plaintiff's claims under the ADEA. Defendant further objects to this Request because it is overly broad, unduly burdensome and seeks documents previously requested by Plaintiff.

Subject to and notwithstanding the aforementioned objections, to the best of its knowledge, Defendant is not in possession of any relevant documents responsive to this Request.

**REQUEST FOR DOCUMENTS NO. 5:**

All documents, communications, electronically stored information including any type of text messaging and voice recordings stored on personal and corporate electronic devices including, but not limited to phones, iPads, tablets, computers and any other device between Dorian LeBlanc and Veronique Ameye between September 1, 2017 and January 4, 2018 directly or indirectly related to Plaintiff.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 5:**

This Request is duplicative of Request No. 3 above and Plaintiff is referred to Defendant's response thereto.

                                                                        Respectfully submitted,
                                                                        LUMIRADX, INC.
                                                                        By its Attorneys,

                                                                        /s/ Gauri P. Punjabi
                                                                        Gauri P. Punjabi (BBO #675781)
                                                                        Jennifer R. Budoff (admitted *Pro Hac Vice*)
                                                                        Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
                                                                        One Financial Center
                                                                        Boston, MA 02111
                                                                        Tel: (617) 542-6000
                                                                        Fax: (617) 542-2241
                                                                        GPPunjabi@mintz.com
Dated: November 18, 2019                           JRBudoff@mintz.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2019, I caused a true copy of the above document to be served upon the Plaintiff Rimma Vaks via PDF electronic mail and U.S. First Class Mail as follows:

>Rimma Vaks, *Pro Se*
>103 Puritan Lane
>Swampscott, MA 01907
>(781) 581-6994
>urmonkey@verizon.net
>Rimma.Vaks@verizon.net

/s/ Gauri P. Punjabi
Gauri P. Punjabi