UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RIMMA VAKS | I | |
|     Plaintiff, | I | |
| | I | |
| v. | I | Civil Action |
| | I | 1:18-cv-12571-LTS |
| TOM QUINLAN, DORIAN LEBLANC and LUMIRADX | I | JURY TRIAL DEMAND |
| | I | |
|     Defendants | I | |
| | I | |

## EXHIBIT A - PLAINTIFF'S TO THE MOTION TO COMPEL DISCOVERY VIOLATION OF DEPOSITION UNDER RULE 30(B)(6)

### 1. BACKGROUND

On November 5, 2019, Plaintiff served Notice of Deposition pursuant to Fed.R.Civ.P. 30(b)(6) on LumiraDX and 30(b)(1) on managing agents Tom Quinlan and Dorian LeBlanc.

On November 11, 2019, Defendant designated Dorian LeBlanc to represent Defendant under Rule 30(b)(6). The Notice 30(b)(6) set forth 4 specific and detailed topics with which the deponent was to be familiar (Attachment 1). However, without filing Motion for Protective Order and in spite of Plaintiff's objections, Defendant arbitrarily selected 3 limited topics it wished to testify. The Court permitted these topics:

(1) "Defendant will testify as to its response to Plaintiff's Interrogatory Nos. 10, and 12, and the documents produced at Bates no. LumiraDx_0000494-500 and LumiraDx_0000502-515 in response to Plaintiff's Document Request Nos. 16, 18, and 19, which relate to the financial reasons that contributed to the Defendant's decision to terminate Plaintiff's employment";

(2) "Defendant will testify about its Code of Conduct, the decision to terminate Plaintiff's employment, and the decision to hire Todd Storch as the VP of Engineering";

(3) "Defendant will testify that Plaintiff's termination was not discussed at any LumiraDx Board meeting, nor did her termination require Board discussion or approval".

The Rule 30(b)(6) deposition was conducted on November 25, 2019.

1

## 2. LEGAL STANDARD

FRCP 30 governs depositions by oral examination and sets forth a detailed protocol governing the conduct of parties, counsel, and deponents at depositions. The rule provides that "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence." FRCP 30(c)(1). This means that attorneys are immediately bound by operation of law to depose witnesses "as they would at trial" without judicial assistance, oversight, or intervention.

Federal Rule of Civil Procedure 30(b)(6) permits a party to notice the deposition of an organization and specify "the matters on which examination is requested." FRCP 30(b)(6)". In response to the notice, the organization must designate one or more individuals to testify on its behalf, who must have knowledge of the subjects described in the deposition notice. "A Rule 30(b)(6) designee must be able to testify on behalf of an organization `about information known or reasonably available to the organization." _Baker v. St. Paul Travelers Ins. Co.,_ 670 F.3d 119, 124 (1st Cir. 2012). These designated corporate deponents must be prepared to give complete, knowledgeable, and binding answers. _U.S. v. Massachusetts Indus. Finance Agency,_ 162 F.R.D. 410 (D. Mass. 1995). See also, _Briddell v. St. Gobain Abrasives, Inc_., 233 F.R.D. 57, 59 (D. Mass. 2005) ("This type of thorough review and preparation is required given Rule 30(b)(6)'s mandate that a designee be prepared so that they can "answer fully, completely, and unevasively."). The fact that an organization no longer has a person with knowledge on the designated topics does not relieve the organization of the duty to prepare a Rule 30(b)(6) designee. The corporation must still prepare the designee to testify on matters that are reasonably available, whether from documents, past employees, or other sources. _Brazos River Auth. v. GE Ionics, Inc._, 469 F.3d 416, 433 (5th Cir. 2006), see also _U.S. v. Taylor, 166 F.R.D._ 356, aff'd, 166 F.R.D. 367.

The rule permits objections by counsel: "An objection, at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." FRCP 30(c)(2).

If counsel for a deponent believes that a question is improper, the FRCP 30(c)(2) gives him three choices: 1) she may object to the question and allow the deposition to proceed while preserving the objection; 2) she may instruct the witness not to answer to preserve a privilege or enforce a

court-ordered limitation; or 3) she may suspend the proceedings and bring a motion to terminate or limit the deposition if it is being conducted in <u>bad faith or in order to unreasonably annoy, embarrass, or oppress the deponent or a party</u>, see FRCP 30(d)(3)(A). The Rule FRCP 30(c)(2) speaks in **absolute terms.** Under Rule 30, a deponent is not allowed to interpose objections himself. <u>GMAC Bank</u>, 248 F.R.D. at 191, see also, *Van Stelton v. Van Stelton*, No. C11-4045-MWB, at *1 (N.D. Iowa 2013) ("The fact that DeKoter, rather than his counsel, was the participant making objections and declaring a refusal to answer questions does not excuse the blatant misconduct"). Also, Rule 30 does not allow a deponent to provide evasive or uncooperative answers. "A party seeking discovery may move for an order compelling an answer" if "a deponent fails to answer a question asked under Rule 30 or 31" or "a party fails to answer an interrogatory submitted under Rule 33" Fed. R. Civ. P. 37(a)(3)(B)(i), (iii). For this purpose, "an evasive or incomplete . . . answer . . . must be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(4). <u>McGahey v. Federal National Mortgage Association</u>, D. Me. 2018. If "a deponent fails to answer a question asked under Rule 30," or provides an answer that is "evasive or incomplete," then a motion to compel the deposition testimony may be filed. FRCP 37(a)(3)(B)(i), (a)(4). Additionally, Rule 30 bars a witness or its counsel from intentionally prolonging a deposition to further burden the litigation.

"If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FRCP 37(a)(5)(A). If a person's conduct is so egregious that it "impedes, delays, or frustrates the fair examination of the deponent," the Court may impose an additional "appropriate sanction" on that person, "including the reasonable expenses and attorney's fees incurred by any party." FRCP 30(d)(2).

    2. **LEGAL ARGUMENT**

**2.1. Topic 1 - hiring Todd Storch**

    **2.1.1.** **Defendant failed to prepare the deposition on the topic and provided evasive, incomplete and uncooperative answers to the topic.**

Plaintiff asked deponent questions related to the job description of the position Mr. Storch was hired. Defendant was not prepared to answer those questions and defiantly admitted so. Plaintiff

3

also asked questions related to the timeline Defendant began looking for that position and salary requirements for the position. Defendant provided evasive or no answer (Attachment H). Considering that Defendant by itself selected only two limited topics (the third topic is not a topic, but a Defendant's own statement) the lack of the Defendant's preparation is unaccusable.

### 2.1.2. Defendant's counsel interrupted deposition and instructed deponent not to answer absent of a protective order

Plaintiff further asked questions related to the compensation Mt. Storch received at the hiring. Defendant's counsel instructed deponent not to answer this question based on the imaginary Court's order. However, the only protective order issued by the Court was the order protecting confidentiality of personal and financial information (Docket #45, 49). Defendant did not seek for a protective order to limit the scope of the Rule 30(b)(6) deposition. To the extent that Defendant relied on the Court's ruling (Docket #60) denying Plaintiff's Motion for Leave to file the Second Request for Production, the Court specifically ruled on issue of proportionality, not on relevance of the Plaintiff's Request. The information sought by Plaintiff was relevant to her discrimination claim as she alleged that Mr. Storch was hired to replace her, but also because his compensation exceeded her compensation at the time of her termination (Plaintiffs Second Amended Complaint ¶¶65, 68). Mr. Storch's compensation is also relevant to calculation of damages. Absent of protective order or privilege Defendant's counsel instruction not to answer Plaintiff's question was improper and is sanctionable under the Rule 30(d)(2) (Attachment I). "A party is permitted to instruct a deponent not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)," id., on the ground that the deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party," _Gulbankian v. MW Manufacturers. Inc.,_ D. Mass 2013. As in this case, "[t]here is no evidence that plaintiffs conducted the deposition in bad faith or in an inappropriate manner. Accordingly, defense counsel's instructions not to answer were improper, and a protective order is not warranted in this case." Fed. R. Civ. P. 30(d)(3). Defendant does not claim its objections were intended to preserve privilege or to enforce a court order". _Id_.

### 3.1. Topic 2 –Plaintiff's Termination, workplace investigation
#### Failure to answer and providing intentionally evasive answers

Plaintiff posed several questions regarding her termination and "workplace" investigation. Deponent, LeBlanc, repeatedly violated the procedural rules governing the deposition. Instead of

allowing his counsel to make objections, Deponent impeded the deposition by improperly interposing his own "speaking objections", delayed the proceedings by providing unnecessarily protracted answers. Further, in the absence of any objection from counsel or instruction not to answer, deponent improperly refused to answer questions and, when he did answer questions, provided intentionally uncooperative and long-winded answers to straightforward questions. Defendant's counsel instead of restraining the deponent from disrupting deposition encouraged him to continue his frivolous objections to "work product" and not answering proper questions (Attachment M).