# Rimma Vaks

| | |
|---|---|
| **From:** | Budoff, Jennifer <JRBudoff@mintz.com> |
| **Sent:** | Thursday, July 18, 2019 4:11 PM |
| **To:** | Rimma Vaks |
| **Cc:** | Punjabi, Gauri |
| **Subject:** | RE: Vaks v. LumiraDx, Inc. - Revised Protective Order |

Dear Ms. Vaks,

1. Based on your email, it was apparent that you still do not understand our need for a protective order.  Accordingly, as you saw, we filed a motion with the court seeking entry of the protective order and will await the court's ruling on this issue.

2. Regardless of your theories of liability under the ADEA, all of your claims pertain to the ADEA.  We disagree that all of your requests are relevant to the ADEA claim.  It is your burden to explain why the requests we have objected to have any bearing on your claim.  Should you decide to move to compel, the burden will also be on you in a motion to articulate this point.  Simply stating that these requests are "directly connected to these claims" without identifying what requests you are talking about or how or why they are connected is not sufficient.

With regards to your request for an index, the federal rules state that "a party must produce documents as they are kept in the usual course of business **or** must organize and label them to correspond to the categories in the request".  We have satisfied our responsibility by producing documents as they were kept in the usual course of business.  Nevertheless, we are looking into what it will entail to provide you with an index and will get back to you on this request.

Lastly, as we have discussed, we cannot produce any further documents until the judge issues a decision on our motion for protective order.  At that time, we will supplement our response and produce any relevant, responsive documents consistent with our obligations under the discovery rules.

3. As stated previously, we are not producing documents in native format.  However, we will accommodate your request for searchable PDFs and will provide them to you under separate cover.

Thanks,
Jennifer

**Jennifer Budoff**
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
701 Pennsylvania Ave., NW, Suite 900, Washington, DC 20004
+1.202.434.7381
JRBudoff@mintz.com | Mintz.com



**From:** Rimma Vaks <urmonkey@verizon.net>
**Sent:** Wednesday, July 17, 2019 1:34 PM
**To:** Budoff, Jennifer <JRBudoff@mintz.com>
**Cc:** Punjabi, Gauri <GPPunjabi@mintz.com>
**Subject:** RE: Vaks v. LumiraDx, Inc. - Revised Protective Order

Dear Jennifer,

1. I am not sure if I agree with your statement that GDRP protects personal information of LumiraDX employees. This is why I cannot agree with its inclusion to your Proposed Protective Order. Further, while I agreed to file a stipulated Protective Order, I believe that it is up to Defendant to provide "good cause" for it.
2. Furthermore, as we discussed during our conversation, the "sole remaining claims under the ADEA" consists of 3 components: discrimination, hostile environment and retaliation.
Information I requested directly connected to these claims. Defendant provided no explanation how Plaintiff's requests are not relevant to ADEA claims. Also, you did not address issues of indexing Requests, lists of withheld documents due to your objections, privilege log, and the time of expecting producing of the requested documents.  Some of your documents missing dates they were originated and transmitted.
3. For my convenience please provide documents in native format that I can search not just view.

Thanks for your cooperation,
Rimma Vaks


**From:** Budoff, Jennifer [mailto:JRBudoff@mintz.com]
**Sent:** Monday, July 15, 2019 6:20 PM
**To:** Rimma Vaks <urmonkey@verizon.net>
**Cc:** Punjabi, Gauri <GPPunjabi@mintz.com>
**Subject:** RE: Vaks v. LumiraDx, Inc. - Revised Protective Order

Ms. Vaks,

This email is in response to your email from July 14th, as well as your email below from today, July 15th

1. Protective Order:
As stated previously, the purpose of the protective order is not to delay or "stonewall" you in discovery.  In no way does the protective order seek to withhold responsive documents.  The protective order is necessary to allow LumiraDx to produce documents in a manner that complies with the GDPR regulations.  Thus, your statement that you will only agree to the confidentiality order with respect to non-public financial data does not protect our client from violating GDPR regulations.  Furthermore, you have not provided any good faith reason for why you will not consent to the proposed protective order.  We have revised the protective order as much as possible to address your concerns, but cannot make any further edits without jeopardizing our client's ability to comply with the GDPR.  Since you will not provide your consent, we will have to move forward with filing a motion with the court seeking entry of the protective order.

2. Responses to Requests for Production of Documents:
Our responses and objections to your First Set of Document Requests fully complied with our obligations under FRCP Rules 26 and 34.  Pursuant to FRCP Rule 34, "Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and proportional to the needs of the case". (emphasis added).   We specifically objected to providing documents which have no relevance to your sole remaining claims under the ADEA, and you have provided no basis for claiming otherwise.  These documents are therefore outside the scope of Rule 34.  Should you wish to provide a basis as to why the limited document requests we have objected to have relevance to your ADEA claim, we will be happy to review and consider your position.

As we noted previously, we are unable to produce additional documents until the protective order is in place.  Once the protective order is in place, we will produce, consistent with the Rules, nonprivileged documents that are relevant to your ADEA claims.

3. Request for production of native documents:
We provided documents to you in PDF format for your convenience and ease of accessibility.  It is not our practice to produce documents in native format, as documents in native format can be modified and cannot be Bates-stamped or marked as Confidential.  Alternatively, we can provide you with the industry-standard substitute for a native production that will allow for proper labelling and tracking of produced documents.  This substitute will consist of: (1) PDFs or TIFF images of each document that will allow for viewing, (2) a text file overlay that will allow for searching, and (3) a metadata file that will allow you to see the available relevant metadata fields for documents produced.

Lastly, please ensure that all correspondence going forward is sent to myself as well as Gauri Punjabi, cc'd here.

Thank you,
Jennifer

**Jennifer Budoff**
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
701 Pennsylvania Ave., NW, Suite 900, Washington, DC 20004
+1.202.434.7381
JRBudoff@mintz.com | Mintz.com



**From:** Rimma Vaks <urmonkey@verizon.net>
**Sent:** Monday, July 15, 2019 8:21 AM
**To:** Budoff, Jennifer <JRBudoff@mintz.com>
**Subject:** RE: Vaks v. LumiraDx, Inc. - Revised Protective Order

Dear Jennifer,

In addition, to below conversation, please provide all documents in native format.

Thanks,
Rimma Vaks

**From:** Rimma Vaks [mailto:urmonkey@verizon.net]
**Sent:** Sunday, July 14, 2019 8:11 AM
**To:** 'Budoff, Jennifer' <JRBudoff@mintz.com>
**Subject:** RE: Vaks v. LumiraDx, Inc. - Revised Protective Order

Dear Jennifer,

I cannot not agree to your revised proposal. As I indicated during our conference, I consider that the delayed Proposed Protective Order is designed to stonewall and obstruct the discovery process.
Once again, in good faith, I would agree to the confidentiality protection of the sensitive non-public financial data.

Furthermore, in good faith, to avoid filing a Motion to Compel, I encourage you to amend/supplement Defendants' responses to the Request for Production that would comply with Rules 26 and 34. Specifically, but not limited to, please provide the scope of objectionable request (if in part), list of documents withheld due to objections and the reason objections were applied, the time non-objectionable portion will be produced, the dates on which each such document was prepared and/or modified, the name(s) of the person(s) having present possession, custody, or control of such document(s) and the place where it stored.  Also, please index or reference the produced documents to the Requests of Production.

Best regards,
Rimma Vaks


**From:** Budoff, Jennifer [mailto:JRBudoff@mintz.com]
**Sent:** Friday, July 12, 2019 3:50 PM
**To:** Rimma Vaks <urmonkey@verizon.net>
**Cc:** Punjabi, Gauri <GPPunjabi@mintz.com>
**Subject:** RE: Vaks v. LumiraDx, Inc. - Revised Protective Order

Ms. Vaks,

Thank you for your response and for taking the time to reconsider your position on the proposed Joint Protective Order. The Global Data Privacy Regulation ("GDPR") is applicable when data is stored in Europe, regardless of where the individuals to whom the information relates are located.  LumiraDx, Inc.'s relevant electronic data is stored on a server in the UK.  Thus, although relevant data is contained in the electronic files of its employees located in the U.S., because that data is stored in Europe, the data is subject to the requirements of the GDPR.  LumiraDx's compliance with the GDPR requires that it ensure appropriate protection of personal data including designating such data as confidential to limit its use and dissemination to this matter only.  "Personal data" under the GDPR is interpreted extremely broadly and includes corporate email addresses, employee names, addresses, telephone numbers, etc., all of which appear frequently on relevant correspondence.  LumiraDx cannot satisfy its legal requirements by removing "all references" to personal data from relevant documents as doing so will significantly delay our ability to provide documents and render the documents unintelligible.  As a result, the joint protective order is necessary to ensure all parties and the Court perform consistently with the obligations of the GDPR.

Based on the above, please let us know if you are willing to agree to the revised proposal or if there is specific language that continues to cause concern.  If not, we will plan to approach the Court with a unilateral request to enter the Protective Order as currently drafted as LumiraDx cannot produce to you the bulk of the relevant information without the Protective Order in place.

Lastly, we will be producing documents to you later this afternoon under separate cover.

Thanks,
Jennifer


**From:** Rimma Vaks <urmonkey@verizon.net>
**Sent:** Friday, July 12, 2019 11:41 AM
**To:** Budoff, Jennifer <JRBudoff@mintz.com>
**Subject:** RE: Vaks v. LumiraDx, Inc. - Revised Protective Order

Hi Jennifer,

I have reviewed your proposal and would be willing to agree to it if you remove all references to personal data since I am not asking for any personal data of EU citizens.
Basically, as far as I am concerned, the only confidentiality should be applied to the LumiraDX's non-public financial data which I would agree to.
Please, let me know if it makes sense to you.

Best regards,
Rimma Vaks

---

**From:** Budoff, Jennifer [mailto:JRBudoff@mintz.com]
**Sent:** Thursday, July 11, 2019 8:41 AM
**To:** rimma.vaks@verizon.net; Rimma Vaks <urmonkey@verizon.net>
**Cc:** Punjabi, Gauri <GPPunjabi@mintz.com>
**Subject:** Vaks v. LumiraDx, Inc. - Revised Protective Order

Good morning Ms. Vaks,

Per our discussion yesterday, please see attached revised Protective Order along with a redline showing the substantial changes we have made.

In an effort to address your concerns, we have limited the materials subject to a Confidential Information designation to include only: confidential business information, non-public financial data and relevant personal data subject to the GDPR. The purpose of the Protective Order is to ensure the confidentiality of these confidential and/or proprietary document as well as to ensure the protection of personal data subject to GDPR.

Please note that this does not impact our obligations to produce any documents, it only permits us (as well as you) to designate the documents as Confidential Information if the document falls into one of the above categories.

Please let us know if you have any questions or comments on the revised document.

Thanks,
Jennifer


**Jennifer Budoff**
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
701 Pennsylvania Ave., NW, Suite 900, Washington, DC 20004
+1.202.434.7381
JRBudoff@mintz.com | Mintz.com



STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at [DirectorofIT@Mintz.com](mailto:DirectorofIT@Mintz.com), and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.