UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RIMMA VAKS | I | |
| Plaintiff, | I | |
| | I | |
| v. | I | Civil Action |
| | I | 1:18-cv-12571-LTS |
| TOM QUINLAN, DORIAN LEBLANC and | I | JURY TRIAL DEMAND |
| LUMIRADX | I | |
| Defendants | I | |
| | I | |

## DEFENDANT LUMIRADX'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 36 and Local Rule 36.1, Defendant LumiraDx, Inc. ("LumiraDx" or "Defendant"), by and through its attorneys, hereby answers Plaintiff Rimma Vaks' ("Plaintiff") Requests for Admission ("Requests") served September 30, 2019 as follows:

### GENERAL OBJECTIONS

Defendant makes the following general objections ("General Objections") to the Requests and incorporates them into its response to each and every Request (each a "Response"), whether or not specifically stated in any individual Response.

1.     Defendant objects to the Requests to the extent they seek to impose obligations or duties on Defendant beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

2.     Defendant objects to the Requests insofar as Defendant has not yet completed discovery or preparation for trial. Defendant's answers as set forth herein are based upon information presently known to it. Consistent with Fed. R. Civ. P. 26(e), Defendant reserves the right to rely on facts, documents, or other evidence which may develop or come to its attention subsequent hereto. In addition, Defendant's answers to the Requests are set forth without prejudice

to its rights to assert additional objections or a supplemental answer should it discover additional information or grounds for objection. Defendant reserves the right to supplement and amend these answers prior to trial.

3.    Defendant objects to the Requests to the extent that they seek information that is already in Plaintiff's possession, custody, or control.

4.    These Responses are being provided without waiver or limitation of Defendant's right to object on grounds of competence, relevance, privilege, admissibility, or any other ground to the use of any information provided or referred to in these Responses at trial in this or in any other action. Counsel for Defendant is prepared to discuss the objections presented herein with Plaintiff to attempt to resolve any disputes which may arise, without the need for the Court's intervention.

### RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Plaintiff was hired to manage Agile Process in HealthIT of LumiraDx.

**RESPONSE NO. 1:**

Defendant objects to this Request as vague and ambiguous, as Plaintiff has not defined "Agile Process", nor is "Agile" considered a "process". Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that from the time Plaintiff was hired in 2016 to now LumiraDx has been using Agile Process for developing software projects.

**RESPONSE NO. 2:**

Defendant objects to this Request as outside the scope of FRCP 26. FRCP Rule 36 permits

a party to serve a Request as to the truth of any matters within the scope of Rule 26(b)(1).  Whether or not Defendant has been using "Agile Process" for developing software projects is not relevant to Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA"), nor has Plaintiff alleged otherwise.  As such, this Request is outside the scope of Rule 26(b)(1).  Defendant further objects to this Request as vague and ambiguous, as Plaintiff has not defined "Agile Process", nor is "Agile" considered a "process".

**REQUEST FOR ADMISSION NO. 3:**

Admit that Plaintiff managed software development releases using Agile/Scrum process.

**RESPONSE NO. 3:**

Defendant objects to this Request as vague and ambiguous, as Plaintiff has not defined "Agile/Scrum Process", nor is "Agile" considered a "process".  Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Plaintiff was responsible for organizing and facilitating development team's internal agile/scrum meetings.

**RESPONSE NO. 4:**

Defendant objects to this Request as vague and ambiguous, as Plaintiff has not defined "internal agile/scrum meetings".  Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that during her employment with LumiraDx Plaintiff had led and managed IOS, API, WEB and QA groups.

**RESPONSE NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Plaintiff was responsible for software development team's internal development processes.

**RESPONSE NO. 6:**

Defendant objects to this Request as vague and ambiguous, as Plaintiff has not defined "internal development processes". Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Plaintiff organized and facilitated cross-teams Agile/Scrum meetings for HealthIT.

**RESPONSE NO. 7:**

Defendant objects to this Request as vague and ambiguous, as Plaintiff has not defined "cross-teams Agile/Scrum meetings". Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Plaintiff was responsible for evaluating her direct reports' performance.

**RESPONSE NO. 8:**

Defendant admits that Plaintiff was responsible for completing performance evaluations for her direct reports.

**REQUEST FOR ADMISSION NO. 9:**

Admit that LumiraDx's employees were required to immediately report adverse events relating to LumiraDx products.

**RESPONSE NO. 9:**

Defendant objects to this Request as outside the scope of FRCP 26.  FRCP Rule 36 permits a party to serve a Request as to the truth of any matters within the scope of Rule 26(b)(1).  Whether or not LumiraDx employees were required to "immediately report adverse events relating to LumiraDx products" is not relevant to Plaintiff's claims under the ADEA, nor has Plaintiff alleged otherwise.  As such, this Request is outside the scope of Rule 26(b)(1).

**REQUEST FOR ADMISSION NO. 10:**

Admit that LumiraDx's employees have a responsibility to notify appropriate people when they become aware of wrongdoing or potential wrongdoing.

**RESPONSE NO. 10:**

Defendant admits that Section 9.3 of its Code of Conduct, which was produced as document Bates No. LumiraDx_0000116-130, states that "[A]ll LumiraDx employees have a responsibility to notify the appropriate persons where they become aware of wrongdoing or potential wrongdoing."

**REQUEST FOR ADMISSION NO. 11:**

Admit that LumiraDX employees were required to speak up when any quality issues were identified.

**RESPONSE NO. 11:**

Defendant objects to this Request as outside the scope of FRCP 26.  FRCP Rule 36 permits a party to serve a Request as to the truth of any matters within the scope of Rule 26(b)(1).  Whether or not LumiraDx employees were required to "speak up" when "quality issues were identified" is not relevant to Plaintiff's claims under the ADEA, nor has Plaintiff alleged otherwise.  As such, this Request is outside the scope of Rule 26(b)(1).

**REQUEST FOR ADMISSION NO. 12:**

Admit that Sumit Nagpal resigned on about September 29, 2017.

**RESPONSE NO. 12:**

Defendant objects to this Request as outside the scope of FRCP 26.  FRCP Rule 36 permits a party to serve a Request as to the truth of any matters within the scope of Rule 26(b)(1).  A Request regarding the resignation date of Sumit Nagpal is not relevant to Plaintiff's claims under the ADEA, nor has Plaintiff alleged otherwise.  As such, this Request is outside the scope of Rule 26(b)(1).

**REQUEST FOR ADMISSION NO. 13:**

Admit that at the end of October 2017, HealthIT team successfully delivered to Virgincare, LumiraDX's client, the key milestone release v5.6.

**RESPONSE NO. 13:**

Defendant objects to this Request as outside the scope of FRCP 26.  FRCP Rule 36 permits a party to serve a Request as to the truth of any matters within the scope of Rule 26(b)(1).  Whether or not the "HealthIT team successfully delivered to Virgincare…the key milestone release v5.6" is not relevant to Plaintiff's claims under the ADEA, nor has Plaintiff alleged otherwise.  As such, this Request is outside the scope of Rule 26(b)(1).

**REQUEST FOR ADMISSION NO. 14:**

Admit that Plaintiff led the development team at the end of October 2017.

**RESPONSE NO. 14:**

Defendant objects to this Request as vague and ambiguous, as Plaintiff has not defined "development team".  Subject to and without waiving the foregoing objection, this Request is

denied.

**REQUEST FOR ADMISSION NO. 15:**

    Admit that in her email of October 27, 2017, Plaintiff raised her concerns pertaining to the quality of the software releases to LumiraDx's clients.

**RESPONSE NO. 15:**

    Plaintiff's October 27, 2017 email was produced by Defendant as document Bates No. LumiraDx_0000170, and the document speaks for itself.  Since the email does not state that Plaintiff was raising concerns pertaining to the quality of the software releases to LumiraDx's clients, the Request is denied.

**REQUEST FOR ADMISSION NO. 16:**

    Admit that LumiraDX was closed for Holiday Break from 12/22/2017 – 1/1/2018.

**RESPONSE NO. 16:**

    Defendant objects to this Request as outside the scope of FRCP 26.  FRCP Rule 36 permits a party to serve a Request as to the truth of any matters within the scope of Rule 26(b)(1).  Whether or not Defendant's offices were closed for any particular time is not relevant to Plaintiff's claims under the ADEA, nor has Plaintiff alleged otherwise.  As such, this Request is outside the scope of Rule 26(b)(1).

**REQUEST FOR ADMISSION NO. 17:**

    Admit that Cassandra Boell was demoted from the position of QA manager in March 2017.

**RESPONSE NO. 17:**

    Defendant objects to this Request as outside the scope of FRCP 26.  FRCP Rule 36 permits a party to serve a Request as to the truth of any matters within the scope of Rule 26(b)(1).  Whether or not Ms. Boell received a demotion is not relevant to Plaintiff's claims under the ADEA, nor has

Plaintiff alleged otherwise.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Susan Fahlbeck was hired to replace Cassandra Boell as a QA manager in March 2017.

**RESPONSE NO. 18:**

Defendant objects to this Request as outside the scope of FRCP 26.  FRCP Rule 36 permits a party to serve a Request as to the truth of any matters within the scope of Rule 26(b)(1). Questions regarding the decision to hire Ms. Fahlbeck are not relevant to Plaintiff's claims under the ADEA, nor has Plaintiff alleged otherwise.  As such, this Request is outside the scope of Rule 26(b)(1).

**REQUEST FOR ADMISSION NO. 19:**

Admit that Defendant received harassment complaints from LumiraDX's employees against Cassandra Boell.

**RESPONSE NO. 19:**

Defendant admits that Plaintiff submitted a written complaint regarding Ms. Boell's allegedly unprofessional interactions with Plaintiff, and that such written complaint was produced by Defendant as document Bates No. LumiraDx_0000439.  The document speaks for itself. Plaintiff did not allege in her email that Ms. Boell was "harassing" her.  Defendant denies that it received harassment complaints from any other employees regarding Ms. Boell.

Respectfully submitted,

LUMIRADX, INC.

By its attorneys,

/s/ Gauri P. Punjabi
Gauri P. Punjabi (BBO #675781)
Jennifer Budoff (admitted *Pro Hac Vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY &
POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Phone: (617) 542-6000
Fax: (617) 542-2241
GPPunjabi@mintz.com
Dated: October 30, 2019                    JRBudoff@mintz.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2019, the within document was served via PDF Email and U.S. First Class Mail on Plaintiff as follows:

Rimma Vaks, *Pro Se*
103 Puritan Lane
Swampscott, MA 01907
(781) 581-6994
urmonkey@verizon.net
Rimma.Vaks@verizon.net


/s/ Gauri P. Punjabi
Gauri P. Punjabi