UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| RIMMA VAKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 18-12571-LTS |
| | ) | |
| TOM QUINLAN, DORIAN LEBLANC, | ) | |
| and LUMIRADX | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTION TO COMPEL AND FOR SANCTIONS (DOC. NO. 69)

February 24, 2020

SOROKIN, J.

Pro se Plaintiff Rimma Vax filed a Motion to Compel and for Sanctions. Doc. No. 69. She accuses defendants and their attorneys of: (1) "obstructing" a deposition; (2) "relentless refusal to produce documents"; and (3) "defiantly [and] in bad faith violat[ing] every Federal Rule of Civil Procedure related to discovery[.]" Doc. No. 70 at 1-2.

These are serious accusations made in writing. They are without basis. Previously, on October 18, 2019, after reviewing a previous discovery issue and largely denying a motion for leave filed by Plaintiff to serve additional discovery requests, this Court "note[d] that there is no basis to infer improper discovery practices by defendant or anything other than reasonable forthright practices by [defense] counsel." Doc. No. 60. Indeed, to date, Plaintiff—rather than Defendants—has not conformed to the governing rules. She filed late discovery requests, Doc. No. 56, which the Court ultimately found were almost entirely overbroad, unreasonable, and not proportional to the case. Doc. No. 60. She induced the Court to issue an order by making a

material misrepresentation: in writing, she represented that defense counsel had assented to an extension of the governing schedule which, the Court later learned, defense counsel had not. Doc No. 53.

Vaks' most recent filing establishes a pattern of misconduct and disregard of the governing rules. On July 17, 2019, Defendants filed a motion for a protective order, Doc. No. 46, motivated in part by issues of data privacy arising under European law, given that many of the documents in this case are stored on a server in Great Britain. Ms. Vaks opposed the motion. Doc. No. 48. In her opposition, she accused Defendants of seeking the protective order "in order to obstruct the [p]roduction of [d]ocuments." Id. at 3. The Court allowed Defendants' motion and specifically noted in its order that "Plaintiff may challenge any designation of confidentiality made by the defendant under the protective order." Doc. No. 49. Vaks has never challenged any confidentiality designations. However, in her pending Motion, she submitted documents produced by Defendants plainly designated as confidential. See, e.g., Doc. No. 70-1 at 2. This is in direct violation of the protective order. Once Defendants designated a document as confidential, Vaks had two choices: She could challenge that designation first in discussion with counsel, and then, if dissatisfied, by motion to the Court. Local Rule 37.1; Doc. No. 46-1 ¶ 6. This she never did. Thus, the protective order required she file the confidential documents under seal and seek permission for a filing under seal. Doc. No. 49.

Filing confidential documents on the public docket in direct violation of the protective order is not the only violation of rules Vaks committed in her motion. Under the Local Rules of this Court, memoranda in support of a motion are limited to twenty pages. Local Rule 7.1. The Local Rules also require that discovery motions include the text of both the request and response. Local Rule 37.1. Vaks filed a twenty-page memo that did <u>not</u> set forth the text of the relevant

requests and responses. Doc. No. 70. In direct evasion of the twenty page rule, she filed as exhibits a 23-page document listing interrogatory requests, responses, and her argument as to each in support of her motion to compel, Doc. No. 70-2, an equivalent document regarding document requests, Doc. No. 70-3, and another as to a different set of document requests, Doc. No. 70-4.

Pro se parties are entitled to a liberal construction of the rules, see Haines v. Kerner, 404 U.S. 519, 520 (1972); however, they are not entitled to carte blanche. Vaks is an educated and intelligent person. Her filings are carefully constructed, replete with citations to and analysis of case law. These filings read like the work of a person versed in the relevant law. In these circumstances, Vaks' repeated misconduct and disregard of the governing rules warrants sanctions, for her behavior unfairly penalizes Defendants and unreasonably taxes judicial resources.

Accordingly, the Court STRIKES Doc. Nos. 70-2, 70-3, and 70-4. These documents were filed to evade the page limitations in the Local Rules. Had Vaks sought leave to make a filing the length of these three documents, as well as filing a memo, the Court would deny that request. This is so because it is an unreasonably long filing not warranted under the circumstances. The Court makes this ruling after having reviewed these documents.

In addition, henceforth, if Vaks wishes to file a motion in this case, she must file a motion for leave to file the motion without any supporting memorandum. Such a motion for leave shall be limited to five pages, and within those five pages Vaks may explain what motion she wishes to file and why. Prior to filing such a motion for leave, Vaks shall have conferred with Defendants regarding the motion she wishes to file and shall state their position on the motion she seeks to file—that is, whether Defendants assent, oppose, or have no position on the motion.

Defendants are not required to respond to a motion for leave to file unless ordered to do so by the Court. There is one exception to this requirement: If Vaks elects to file a cross-motion for summary judgment, she may do so without leave of Court, provided she otherwise complies with the rules governing such filings, including the Court's Standing Order on summary judgment motions, which is available on the Court's web page.

The Court now turns to the merits of Vaks' motion to compel and for sanctions. Essentially, she makes five claims.

First, she complains about the format of the documents produced electronically by defendants. Doc. No. 70 at 6. This challenge is without merit. Defendants produced the metadata both for documents and emails. As to emails, they searched their servers, and produced the relevant emails with attachments and metadata. Doc. No. 73 at 14. This is a permissible practice.

Second, Vaks complains that Defendants advanced improper general objections. Not so. Defendants augmented their "general" objections with specific objections.

Third, nothing before the Court, contrary to Vaks' arguments, suggests that Defendants withheld responsive non-privileged documents. Defendants produced multiple privilege logs. Doc. Nos. 73-19, 73-21, 73-31. These comply with the Federal Rules of Civil Procedure, as they include the necessary components. See Echavarria v. Roach, No. 16-CV-11118-ADB, 2018 WL 6788525, at *2 (D. Mass. Dec. 26, 2018) ("A party that withholds otherwise responsive documents under a claim of privilege must expressly assert the privilege claimed and produce a privilege log that 'describe[s] the nature of the documents, communications, or tangible things not produced or disclosed' and provides enough information for 'other parties to assess the claim.'") (quoting Fed. R. Civ. P. 26(b)(5)(A)). As to the so-called suppressed documents, in

many cases, Vaks simply misunderstands. She asserts Defense counsel "admitted the existence of resignation letters," which Vaks states "Defendant claimed was one of the reasons for Plaintiff's termination." Doc. No. 70 at 8. Vaks offers no citation for this alleged admission. Cf. Local Rule 7.1. In fact, Defense counsel said that Vaks' work resulted in complaints from and the resignation of work colleagues. Doc. No. 73 at 16 (citing Doc. No. 70-5 (response to Interrogatory No. 23)). This is not an admission of the existence of <u>resignation letters</u> stating that Vaks was the reason for the resignation.

<u>Fourth</u>, Vaks claims that certain documents withheld by Defendants pursuant to the work product privilege doctrine are not, in fact, privileged. Doc. No. 70 at 13. This argument similarly fails. As Defendants note, the documents prepared by Dorian LeBlanc were created at the direction of LumiraDx's general counsel, Veronique Ameye, so that she could provide legal advice. In these circumstances, such documents are properly withheld. <u>See</u> <u>Mississippi Pub. Employees' Ret. Sys. v. Bos. Sci. Corp.</u>, 649 F.3d 5, 31 (1st Cir. 2011) (holding that a "general counsel did not manufacture privilege but rather protected it when [certain] communications were made for the purpose of providing requested legal advice").

<u>Fifth</u>, there is no basis to reopen the now-completed Rule 30(b)(6) deposition, as Vaks now urges. Doc. No. 70-16. Indeed, Vaks has not demonstrated in any way that Mr. LeBlanc did not adequately answer questions during his deposition. Moreover, she did not, in any of the parties' communications after Mr. LeBlanc's deposition, claim that the deposition was deficient.

One more issue bears comment. Vaks requests sanctions. None are merited here. Whatever the merits of Vaks' claims—a matter upon which the Court has no view—defense counsel has discharged her discovery obligations well. She has made reasonable accommodations for a pro se party, as she must, while pressing her client's positions firmly—all

while under repeated attack. There is no basis whatsoever for the imposition of sanctions, nor even an arguable basis to request sanctions.

For the foregoing reasons, the Motion to Compel and for Sanctions (Doc. No. 69) is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge