UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RIMMA VAKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 18-12571-LTS |
| | ) | |
| LUMIRADX, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON MOTION FOR DISQUALIFICATION (DOC. NO. 81)

March 26, 2020

SOROKIN, J.

Pro se plaintiff Rimma Vaks has moved for disqualification or recusal of the undersigned pursuant to 28 U.S.C. §§ 144 and 455.  Doc. No. 81.  In her motion and the accompanying affidavit, Vaks asserts that the undersigned has "manifested personal and extrajudicial bias and prejudice" that "is unambiguous on the face of the record."  Id. at 4; accord Doc. No. 81-1 ¶¶ 3-4.  After careful consideration of Vaks's arguments and the governing legal principles, her motion for disqualification is DENIED.

A party may seek disqualification of a judge under 28 U.S.C. §§ 144 and 455 on two grounds: 1) if "the judge may have a personal bias or prejudice concerning a party," or 2) if "the judge's impartiality may reasonably be questioned."  United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983).  Section 144 addresses only the first of these grounds, providing that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such a proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144.  Section 455 addresses both grounds for disqualification or recusal, providing:

> (a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455(a), (b)(1).

When a motion to disqualify is filed pursuant to § 144, the presiding judge is "not required to immediately recuse himself."  Kelley, 712 F.2d at 889.  He first "<u>must</u> pass upon the legal sufficiency of the affidavit" setting forth the factual basis for the party's assertion of personal bias, though he must do so without "pass[ing] on the truth of the matters asserted" therein.  Id. (emphasis added).

"[T]he test of the legal sufficiency of a motion for disqualification is the same under both statutes."  Id.  The First Circuit has articulated the standard for determining whether alleged bias requires disqualification of a judge as follows:  "The proper test . . . is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion . . . , but rather in the mind of the reasonable man."  United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976); accord In re Boston's Children First, 244 F.3d 164, 167 n.7 (1st Cir. 2001).  In applying that test, the law is clear that "a judge's prior adverse ruling against a party does not create a reasonable doubt about the judge's impartiality so as to require recusal."  Kelley, 712 F.2d at 890; see In re Boston's Children First, 244 F.3d at 167 n.7 (noting that this is so "even when the judicial rulings in question are erroneous").

Indeed, the Supreme Court has emphasized this point:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . Not establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration— remain immune.

Liteky v. United States, 510 U.S. 540, 555-56 (1994).  A "trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal."  In re United States, 441 F.3d 44, 67 (1st Cir. 2006).

The undersigned has reviewed Vaks's motion and affidavit, assumed all of the facts she alleges are true, considered the foregoing legal principles, and weighed the relevant events objectively to determine the legal sufficiency of Vaks's assertion of bias.[1]  See Kelley, 712 F.2d at 889.  Vaks grounds her claim of bias entirely on rulings the undersigned made in the course of these proceedings and remarks the undersigned made either in explaining those rulings or during hearings related to them.[2]  See generally Doc. No. 81 (asserting "the Judge committed several factual and legal errors throughout this lawsuit" and listing rulings and/or remarks during

---

[1] I also have examined my own feelings and find that I have no concerns about my ability to proceed fairly and impartially in this case.

[2] In her affidavit, Vaks states: "Not a single ruling or decision was made in Plaintiff's favor." Doc. No. 81-1 ¶ 4.  For purposes of the present analysis, the Court treats that statement as true, even though the docket proves otherwise.  E.g., Doc. No. 13 (allowing Vaks to file documents electronically); Doc. No. 20 (allowing her to file a surreply brief); Doc. No. 25 (denying the motion to dismiss her ADEA claims); Doc. No. 38 (allowing her to file a reply brief); Doc. No. 40 (allowing in part her motion to amend); Doc. No. 56 (finding good cause to consider allowing additional discovery and setting a process by which she could propose further requests); Doc. No. 75 (allowing her to file a reply brief, and allowing additional pages in the brief).

hearings on the defendants' motion to dismiss, Vaks's motion to file an amended complaint, the amended complaint ultimately filed, the defendants' motion for a protective order pertaining to confidential information produced in discovery, Vaks's motion to extend discovery deadlines, litigation arising from Vaks's deposition notices for corporate representatives and from her eventual deposition of one such representative, and Vaks's motion to compel and for sanctions); Doc. No. 81-1 (same).  As explained above, binding decisions of the Supreme Court and the First Circuit hold that such rulings and remarks are insufficient to ground a colorable claim of bias or partiality.[3]

Accordingly, the Motion to Disqualify (Doc. No. 81) is DENIED.[4]  The existing summary judgment schedule stands, with any opening motion and supporting memorandum due April 1, 2020, and any opposition due thirty days thereafter.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[3] To the extent the present motion seeks reconsideration of the prior rulings challenged therein, that request is DENIED.

[4] In its February 24, 2020 Order denying Vaks's motion to compel and for sanctions, the Court required Vaks to obtain permission before filing any further motions in this case, with one exception not relevant here.  Doc. No. 80 at 3-4.  Vaks did not seek such permission before filing her motion to disqualify.  That, however, does not form a basis for the Court's denial of the present motion, as the Court would have granted Vaks leave to file the motion if she had requested it.