UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| RIMMA VAKS, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 18-12571-LTS |
| LUMIRADX, INC., | ) |
| Defendant. | ) |

ORDER ON THE PARTIES' MOTIONS TO STRIKE (DOCS. NO. 92, 104)

December 11, 2020

SOROKIN, J.

This employment discrimination case follows the January 4, 2018 termination of pro se Plaintiff Rimma Vaks from her employment at Defendant LumiraDx, Inc. Before the Court are Vaks's Motion to Strike Defendant's Affirmative Defenses and Evidence and Enter Sanctions (Doc. No. 92)[1] and LumiraDx's Motion to Strike Plaintiff's May 11, 2020 Filing in Opposition to Summary Judgment for Failure to Comply with this Court's May 6, 2020 Order and Request for Costs and Fees (Doc. No. 104). LumiraDx's Motion for Summary Judgment is resolved in a separate Memorandum and Order also issuing today. Doc. No. 124. Argument was heard on both motions to strike on December 1, 2020. For the reasons which follow, Vaks's Motion to Strike (Doc. No. 92) is DENIED and LumiraDx is awarded reasonable costs and fees associated with preparing its opposition. LumiraDx has fourteen days to submit its fee request after which Vaks shall have fourteen days to respond. LumiraDx's Motion to Strike (Doc. No. 104) is DENIED.

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the pages numbers in the ECF header.

I.     VAKS'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND EVIDENCE AND ENTER SANCTIONS (DOC. NO. 92)

In her Motion to Strike, Vaks claims that LumiraDx engaged in a "massive scheme of fraud on the [C]ourt characterized by perjury, falsification of documents and spoliation of evidence." Doc. No. 92 at 2. She urges the Court to strike certain affirmative defenses raised by LumiraDx, remove from the record all reference to Vaks's negative performance reviews and complaints from her colleagues, and declare inadmissible a PowerPoint presentation produced by LumiraDx during the course of discovery.

    A.     Background

This is not the first time Vaks has leveled accusations of misconduct against LumiraDx and its counsel. In a prior motion, Vaks accused LumiraDx's attorneys of (1) "obstructing" a deposition; (2) "relentless refusal to produce documents"; and (3) "defiantly [and] in bad faith violat[ing] every Federal Rule of Civil Procedure related to discovery[.]" Doc. No. 70 at 1–2. The Court carefully reviewed Vaks's allegations, concluding: "These are serious accusations made in writing. They are without basis." Doc. No. 80 at 1.

Similar accusations permeate Vaks's filings in opposition to LumiraDx's Motion for Summary Judgment. There, as here, she accuses LumiraDx and its counsel of "perjury," "fraud on the court," and of using "fabricated evidence." Doc. No. 101 at 13; *see also* Doc. No. 124 at 5 n.5 (noting eight separate accusations of perjury in Vaks's responses to LumiraDx's Statement of Undisputed Facts alone). As noted in the Memorandum and Order resolving that motion: "None of Vaks's accusations have merit." *Id.* ("Despite her obvious intelligence, Vaks does not seem to grasp that reasonable people can disagree over the meaning of facts and caselaw without one party to the dispute having committed perjury.").

For all of her allegations against LumiraDx, it has been Vaks's conduct that has been far from exemplary. Indeed, Vaks has skirted the outer limits of honesty on more than one occasion. *See* Doc. No. 53 (Vaks making materially false representation to induce a court order); Doc. No. 124 at 16–17 (noting contradicting statements made by Vaks); *id.* at 17 n.10 (describing Vaks's argument as a "gross distortion of the record"); *id.* at 21 n.12 (noting Vaks's statement appeared to be contradicted by the record). What's more, as explained in the Memorandum and Order entering summary judgment on Vaks's claims:

> Vaks engaged in a pattern of misconduct as the case proceeded through discovery. She filed late discovery requests which the Court found were largely overbroad, unreasonable, and not proportional to the case. Doc. No. 60. . . . She violated a protective order by filing certain confidential documents on the public docket. Doc. No. 70-1 at 2. And she has repeatedly circumvented local rules limiting the length of a party's filings, imposing unwarranted burdens both on LumiraDx and on the Court. *See* Doc. No. 80 at 2–3.

Doc. No. 124 at 4–5; *see also id.* at 5 n.4 (offering examples of Vaks's creative attempts to elide the rules governing the length of a party's briefs).

On February 24, 2020, the Court imposed limited sanctions on Vaks. Doc. No. 80 at 3. Specifically, Vaks was ordered to seek the Court's approval, in the form of a short request for leave to file, before filing any future motions. *Id.* In crafting the Sanctions Order, the Court recognized that Vaks is a pro se litigant and entitled to a certain degree of leeway, but also noted that she is an educated person and that her repeated misconduct was prejudicing LumiraDx. *Id.*

On March 24, 2020, Vaks violated this Order by filing her first motion without leave. Doc. No. 81. In resolving that motion on its merits, the Court noted Vaks had failed to abide by the Sanctions Order but imposed no further sanctions. Doc. No. 82 at 4 n.4. On May 3, 2020, Vaks filed the present motion. Doc. No. 92. Once again, Vaks failed to seek the Court's leave before filing her motion.

B.  Enforcement of February 24th Sanctions Order and LumiraDx's Request for Fees and Costs

The Court STRIKES Vaks's Motion to Strike (Doc. No. 92) as it was filed in violation of the February 24th Sanctions Order. For the reasons given below, the Court also ALLOWS LumiraDx's request that it be awarded reasonable costs and fees associated with opposing Vaks's Motion to Strike. LumiraDx shall file its request for fees within fourteen days of the date of this Order, after which Vaks shall have fourteen days to respond. In her response, Vaks should address the amount of fees sought by LumiraDx, not to the Court's ruling that some award of fees is appropriate. Vaks objections to the award of fees are preserved.

A federal court has the "inherent power to 'sanction . . . litigation abuses which threaten to impugn the district court's integrity or disrupt its efficient management of [case] proceedings.'" *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 426 (1st Cir. 2015) (alterations in original) (quoting *United States v. Kouri–Perez*, 187 F.3d 1, 7 (1st Cir. 1999)).[2] Among these powers is the ability to shift the cost of misconduct by assessing attorneys' fees. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (noting "[t]here are ample grounds for recognizing . . . that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees" (alterations in original) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980)). Because of its potency, "a court's inherent power to shift attorneys' fees 'should be used sparingly and reserved for egregious circumstances.'" *Whitney Bros. Co. v. Sprafkin*, 60 F.3d 8, 13 (1st Cir. 1995) (quoting *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 3 (1st Cir. 1993)). Examples of such "egregious circumstances" include "willful disobedience of a

---

[2] The Court relies upon its inherent powers in crafting this Sanctions Order because no Federal Rule of Civil Procedure appears to be "on all fours." *United States v. One 1987 BMW 325*, 985 F.2d 655, 661 (1st Cir. 1993); *cf.* Fed. R. Civ. P. 11(b) (not reaching violation of a court order).

4

court order." *Chambers*, 501 U.S. at 45 (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967)).

The Court finds that Vaks's violation of the February 24th Sanctions Order was willful. She was provided with notice of the Order through the Court's electronic-filing system. Doc. No. 80. She has referenced the Order in a prior motion. Doc. No. 81 at 7 (quoting relevant portions of the February 24th Sanctions Order). And when she last violated this Order, the Court called that violation to her attention. Doc. No. 82 at 4 n.4.

Vak's disregard for the February 24th Sanctions Order continues a pattern of misconduct which has needlessly inflated the cost of this litigation. As documented in that Order, Vaks: (1) misled the Court on a material fact, (2) circumvented local rules limiting the length of parties' briefs, (3) filed late and unreasonable discovery requests, (4) filed confidential documents to the public docket, and (5) baselessly leveled accusations of misconduct against LumiraDx and its counsel. Doc. No. 80. Each of these actions imposed unwarranted expenses on LumiraDx.

The February 24th Sanctions Order was not intended to be punitive. It aimed to protect LumiraDx from further unnecessary burdens while still allowing Vaks to litigate her case. Unfortunately, the Order appears to have had no effect on Vaks's behavior. She has continued to file motions directly to the docket, to raise baseless accusations of misconduct, and to circumvent (and violate) local rules governing the length of a party's filings. *See* Doc. No. 124 at 5 nn. 4–5. As discussed below, she also willfully violated a separate Order from this Court in the course of opposing LumiraDx's motion for summary judgment.

The Court concludes that the appropriate sanction for Vaks's violation of the February 24th Sanctions Order is to grant LumiraDx its request for the expenses incurred in opposing her

Motion to Strike.[3] Such a sanction both "vindicates judicial authority without resort to the more drastic sanctions available for contempt of court and makes the [opposing] party whole for expenses caused by his opponent's obstinacy." *Hutto v. Finney*, 437 U.S. 678, 690 (1978). The Court makes this decision after consideration of Vaks's history of misconduct, her repeated violation of the February 24th Sanctions Order, the fact LumiraDx only incurred these expenses because Vaks violated a court order, and the lack of merit to Vaks's Motion to Strike, as detailed below.

Courts are naturally hesitant to impose monetary sanctions on pro se litigants (even those, such as Vaks, who have a high level of education and prior litigation experience). But Courts will impose such sanctions where necessary. *See Pellegrini v. Analog Devices*, No. Civ.A. 02-11562-RWZ, 2006 WL 83472, at *2 (D. Mass. Jan. 11, 2006) (assessing attorneys' fees against pro se litigant); *Garrison v. Merced*, No. CIV. A. 89-13-MC, 1989 WL 90438, at *2 (D. Mass. July 31, 1989) (same). Vaks's disregard for the Court's February 24th Sanctions Order has continued the harm which the Order was intended to guard against and demonstrated that lesser sanctions will not suffice.

      C.    <u>The Merits of Vaks's Motion to Strike</u>

Even if the Court were to consider Vaks's Motion to Strike on the merits, the Court would deny it. First, Vaks argues LumiraDx should be estopped from offering her negative performance reviews and complaints about her from her colleagues into evidence. As grounds, she points to representations made by LumiraDx to the Office of the Attorney General of Massachusetts that its decision to terminate her was not based on her colleagues' complaints. Doc. No. 92 at 6–9. As explained in the accompanying Memorandum and Order, there is no

---

[3] Nothing in this decision alters the February 24th Sanctions Order, which remains in effect.

contradiction between LumiraDx's representations to the OAG and their arguments before this Court. Doc. No. 124 at 10–12. Judicial estoppel is therefore inappropriate.

Second, Vaks challenges the authenticity of a number of the documents provided by LumiraDx during discovery, alleging that these documents' metadata conflicts with various representations made by LumiraDx regarding the date on which the documents were created. Doc. No. 92 at 10–11. But Vaks misunderstands the metadata; as explained by LumiraDx, the "Sort/Date Time" column that Vaks points to does not list the date on which the document was created but rather the date on which it was last edited. Doc. No. 105 at 13–15. The mere fact some of documents were edited after their purported creation date is explainable without resort to theories of fraud. The record simply does not support the bulk of Vaks's claims. Vaks has, however, identified one instance in which a document's metadata appears truly inconsistent. That document is discussed further in the accompanying Memorandum and Order. Doc. No. 124 at 21 n.13.

Third, Vaks argues that a PowerPoint presentation LumiraDx offers as a contemporaneous record of its downsizing decision should be struck as "unauthenticated inadmissible hearsay." Doc. No. 92 at 10. She argues the document is unaccompanied by the necessary declarations to authenticate it and bring it within an applicable exception to the rule against hearsay. *See id.*; *but see* Doc. No. 87 ¶ 11 (attesting to document's authenticity). Vaks may be correct, but that only gets her so far. At summary judgment, a court may consider evidence unless it "**cannot** be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added); *see Int'l Shipping Agency, Inc. v. Union de Trabajadores de Muelles Local 1740*, No. 12-cv-1996-SCC, 2015 WL 5022794, at *2 (D.P.R. Aug. 21, 2015) (explaining "the objection contemplated by the amended Rule is not that the material 'has not'

7

been submitted in admissible form, but that it 'cannot' be." (quoting *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 10-cv-1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011)). Vaks has given no reason why the document could not be admissible at trial. After reviewing the record as it currently stands, the Court concludes LumiraDx could provide the necessary documentation or testimony to authenticate the document and bring it within the business-records exception to the rule against hearsay. *See* Fed. R. Evid. 803(6).

Fourth, Vaks accuses LumiraDx of failing to fully answer various discovery requests. Doc. No. 92 at 12–13 & n.8. These objections are untimely, any disputes regarding the sufficiency of LumiraDx's discovery answers should have been raised long ago. *See* Doc. No. 36 at 2 (requiring, unless good cause is shown, parties to file "motions to compel . . . and similar motions . . . **no later than seven days after the close of fact discovery**" (emphasis in original)). While the timing deadline permits a late filing for "good cause," Vaks has not made this showing.

Fifth, Vaks argues that two of LumiraDx's exhibits should be struck because they were labeled as confidential (by LumiraDx) and nonetheless posted to the public docket. Doc. No. 92 at 15. But the Protective Order governing these materials does not prohibit parties from submitting their own evidence to the public docket. *See* Doc No. 46-1 at 7 (proposed protective order); Doc. No. 49 (endorsing proposed protective order).

Sixth, Vaks alleges LumiraDx and its employees committed "perjury and fraud on the Court," Doc. No. 92 at 13, pointing to alleged inconsistencies over: (1) whether certain functions were moved overseas, *id.* at 10; (2) whether Neil Armstrong resigned his position as QA manager, *id.* at 15, and; (3) whether and when the position of Vice President of Engineering was created, *id.* at 14. As to the first, Vaks conflates functions with jobs. As to the second, Vaks

8

conflates resignation as a manager with resignation from the company. As to the third, Vaks conflates a promotion with the creation of a new position. None of these alleged inconsistencies support Vaks's claims of perjury.

Finally, Vaks argues sanctions are warranted because LumiraDx's "MSJ is based on false facts and scandalous and defaming accusations made in the public record." Doc. No. 92 at 9. The Court disagrees. Vaks has failed to show any grounds for sanctioning LumiraDx.

II. <u>LumiraDx's Motion to Strike Plaintiff's May 11, 2020 Filing in Opposition to Summary Judgment for Failure to Comply with this Court's May 6, 2020 Order and Request for Costs and Fees (Doc. No. 104)</u>

LumiraDx seeks to strike Vaks's Third Opposition to LumiraDx's Motion for Summary Judgment. Doc. No. 104. Because the citations in Vaks's Second Opposition did not line up with forty-six exhibits she filed in support, the Court ordered Vaks to refile her Opposition "in a corrected form that as far as reasonably possible and in good-faith and without making any substantive changes or additions, remedies the issues with her exhibits and citations." Doc. No. 99. LumiraDx claims Vaks violated this Order by making "changes to the substance of her Opposition, including the Memorandum, Affidavit and responses to LumiraDx's Statement of Undisputed Material Facts." Doc. No. 104 at 3. LumiraDx also seeks fees and costs associated with preparing this Motion. *Id.* at 1.

The Court undertook a careful line by line comparison of Vaks's filings and, based on this review, has concluded that: (1) Vaks's changes to her affidavit comply with the prohibition on substantive changes; (2) Vaks's changes to her Third Opposition substantially comply, *but see* Doc. No. 104-1 (additional fact inserted); *id.* at 15 (additional elaboration of argument), and; (3) Vaks's edits to the Statement of Undisputed Materials Facts do not comply with the Court's Order—Vaks has inserted numerous substantive changes.

9

Nonetheless, the "underlying philosophy of the [Federal Rules of Civil Procedure] is that issues be submitted to the courts on their merits." *Burke v. Fire Underwriters Ass'n*, 21 F.R.D. 583, 584 (W.D. Mo. 1958). Vaks's failure to fully comply with this Order is of less significance than some of Vaks's other violations. Indeed, perhaps this explains why LumiraDx's Motion to Strike works to highlight Vaks's other misconduct. *See id.* at 6–7. The Court recognizes that Vaks's late-filed edits gave her extra time to craft arguments, but LumiraDx had a full opportunity to respond in its reply as well as at the hearing. Given the totality of circumstances, LumiraDx's Motion to Strike (Doc. No. 104) is DENIED.

III. CONCLUSION

For the foregoing reasons, Vaks's Motion to Strike (Doc. No. 92) is DENIED and LumiraDx is awarded reasonable costs and fees associated with preparing its opposition to that motion. LumiraDx has fourteen days to submit its fee request after which Vaks shall have fourteen days to respond. LumiraDx's Motion to Strike (Doc. No. 104) is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge