UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RIMMA VAKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 18-12571-LTS |
| | ) | |
| LUMIRADX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANT LUMIRADX, INC.'S REQUEST FOR FEES (DOC. NO. 127)

February 4, 2021

SOROKIN, J.

In a prior Order (Doc. No. 125), the Court allowed Defendant LumiraDx's request for attorneys' fees and costs incurred in opposing Plaintiff Rimma Vaks's Motion to Strike. Before the Court is LumiraDx's Request for Fees, which seeks reimbursement for $15,516.90 in fees, an amount which Vaks argues is excessive. For the reasons which follow, the Court ALLOWS IN PART and DENIES IN PART LumiraDx's request (Doc. No. 127). LumiraDx is awarded $14,075.10 in attorneys' fees.

I.  LEGAL STANDARDS

The Court shall use the loadstar method to assess the reasonableness of LumiraDx's request, pursuant to which the number of hours productively spent by LumiraDx's counsel is multiplied by a reasonable hourly rate. See Galanis v. Szulik, Doc. No. 30, Civ. No. 11-10122-NMG (D. Mass. appeal dismissed Oct. 17, 2012) (adopting this approach to assess the reasonableness of fees awarded under court's inherent powers). Fee petitions are scrutinized by the Court to ensure that the award is fair in proportion to the work performed and result

achieved. Hours found to be "excessive, redundant, or otherwise unnecessary" are excluded from the fee calculation. Janney Montgomery Scott LLC v. Tobin, 692 F. Supp. 2d 192, 196 (D. Mass. 2010). It is likewise within the Court's discretion to reduce a party's proposed fee award if it is found to be "disproportionate to the result obtained." Joyce v. Town of Dennis, 802 F. Supp. 2d 285, 289 (D. Mass. 2011) vacated and remanded on other grounds, 730 F.3d 12 (1st Cir. 2013).

II.   DISCUSSION

LumiraDx seeks $15,516.90 in attorneys' fees it accrued in responding to Vaks's Motion to Strike. Doc. No. 127. Leone-Quick is a member with Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., the firm which has represented LumiraDx in this litigation. Doc. No. 128 ¶¶ 1–3. As the member supervising this litigation at Mintz, Leone-Quick has submitted various documents supporting LumiraDx's fee request, including: (1) internal timekeeping records detailing the hours spent responding to Vaks's Motion to Strike, Doc. Nos. 128-1 & 128-2; (2) a supporting affidavit explaining the hourly rates usually billed for the services of each of the professionals involved, Doc. No. 128; and (3) a "peer report" indicating that the hourly rates Mintz charged in this case are comparable to the rates charged by other, similar law firms in the area, Doc. No.s 128-3 & 128-4. LumiraDx is not seeking costs and has disclosed that counsel provided it with a 10% discount on its legal fees, which it has applied to its fee request. Doc. No. 128 ¶ 15.

Vaks raises several objections to LumiraDx's fee request. Before turning to those objections, the Court notes this fee request is different from those where a prevailing party seeks to recover its fees under a statutory fee-shifting provision. Here, the Court awarded fees as a sanction for Vaks's repeated misconduct. The Court's intent, in part, was to make LumiraDx "whole for expenses caused by [its] opponent's obstinacy." Hutto v. Finney, 437 U.S. 678, 690 (1978). A reduction in LumiraDx's fee award is not costless—to the extent these fees are not

assessed against Vaks than they must be borne by LumiraDx, the blameless party. These considerations inform the Court's discussion of Vaks's objections.

First, Vaks argues LumiraDx's request includes several time entries which are not fairly attributed to its Opposition to Vaks's Motion to Strike. See Doc. No. 128-1. She is correct. Certain hours included in the request relate to a letter LumiraDx filed with the Court on May 5, 2020, Doc. No. 97, rather than to LumiraDx's Opposition. The Court's sanctions order only awarded LumiraDx "reasonable costs and fees associated with preparing its opposition." Doc. No. 125 at 1. Accordingly, the Court DENIES LumiraDx's request as to the hours worked by Budoff on May 3rd and by Wright on May 5th. Because Leone-Quick's May 5th time entry does not distinguish between the time he spent on the letter and the time he spent on the Opposition, Doc. No. 128-2 at 1, the Court shall reduce his time entry for that date by 50%. See Norkunas v. HPT Cambridge, LLC, 969 F. Supp. 2d 184, 197 (D. Mass. 2013) (reducing hours by half when unable to determine what amount of billing period was recoverable).

Second, Vaks asserts Leone-Quick's efforts in this litigation were duplicative of Budoff's own work and that all of his hours should be struck. She is wrong. It is certainly true Budoff, an associate at Mintz, took ownership of the drafting process and may well have been more familiar with the case than Leone-Quick. But it was appropriate (and likely more cost effective) for Leone-Quick to delegate this work to Budoff while still remaining involved in a supervisory capacity. For the same reason, the Court rejects Vaks's objections to the time Budoff billed for supervising still more junior professionals at Mintz. On this record, there is no duplication. The Court reduces Leone-Quick's May 15th time entry by one hour as it strays into the excessive and otherwise finds that counsel spent an appropriate number of hours responding to Vaks's long and complicated Motion.

Third, Vaks claims the hourly rates charged by Mintz are unreasonable. The Court is confident LumiraDx would agree that the cost of this litigation has been unreasonable—but much of the blame for this lies with Vaks and not with the rates charged by LumiraDx's counsel. Mintz's rates are consistent with, even slightly below, the rates of its peer firms and, from the undersigned's own experience in the Boston legal community and participation in settlement conferences, they are commensurate with the prevailing hourly rate for "lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). Rather, it is Vaks's own misconduct which has unreasonably inflated the complexity of this litigation (and thus its cost for LumiraDx). Vaks knew who represented her opponent. She has sat across the table from LumiraDx's attorneys since this case began in 2018 and must have been aware of their firm's reputation and, in general, the cost of their services. For years, the Court has warned Vaks that her misconduct was unnecessarily multiplying LumiraDx's legal bills. She chose to ignore those warnings. Now she faces just a small fraction of the costs that her willfulness has imposed on LumiraDx. It is too late for Vaks to complain about whom LumiraDx chose to represent it in this litigation.

Fourth, Vaks argues LumiraDx's recovery should be discounted because LumiraDx benefitted from its Opposition, introducing arguments which the Court referred to in its decision on LumiraDx's Motion for Summary Judgment. But Vaks misunderstands. Her Motion to Strike went to the core of LumiraDx's Motion for Summary Judgment. To resolve that Motion, the Court was forced to grapple with the arguments introduced by Vaks in her Motion to Strike. The fact it referred to LumiraDx's Opposition in doing so should not be surprising and is no cause for reducing LumiraDx's recovery.

Finally, Vaks claims LumiraDx's hours should be reduced because its attorneys engaged in block billing. The Court disagrees, counsel have provided a detailed and comprehensive account of the hours they spent responding to her motion.

LumiraDx requested $15,516.90 in fees. The Court DENIES the request with respect to Budoff's May 3rd time entry ($303.75), Wright's May 5th time entry ($37.80), half of Leone-Quick's May 5th time entry ($366.75), and one hour of Leone-Quick's May 15th time entry ($733.50). The Court ALLOWS the request in all other respects.

III.  CONCLUSION

For the foregoing reasons, the Court ALLOWS IN PART and DENIES IN PART LumiraDx's Request for Fees (Doc. No 127). LumiraDx is awarded $14,075.10 in attorneys' fees.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge